IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Bahia Amawi, § | | |
|     *Plaintiff,* § | | |
| § | | |
| v. § | Civil Action No. 1:18-CV-1091-RP | |
| § | | |
| Pflugerville Independent School District; and § | | |
| Ken Paxton, in his official capacity as § | | |
| Attorney General of Texas § | | |
|     *Defendants.* § | | |

**DEFENDANT KEN PAXTON'S MOTION TO CONSOLIDATE**

After Texas enacted House Bill 89, codified at Texas Government Code §§ 2270.001 *et seq.* and 808.001 *et seq.*, which prohibits governmental entities from entering into contracts with businesses that boycott Israel, five individuals filed two separate lawsuits alleging that Chapter 2270 violated their respective First and Fourteenth Amendment rights. These two cases raise nearly identical factual and legal issues, and, in the interests of judicial economy and efficiency for the parties, should be consolidated.

On December 16, 2018, Plaintiff Bahia Amawi filed her lawsuit against Texas Attorney General Ken Paxton, in his official capacity, and the Pflugerville Independent School District. *See Bahia Amawi v. Pflugerville Indep. School Dist. et al*, No. 1:18-CV-1091, Doc. No. 1 ¶ 9 (Dec. 16, 2018) (W.D. Tex., Austin Division) ("*Amawi*") (listing causes of action under the First and Fourteenth Amendments). Two days later, Plaintiffs John Pluecker, Obinna Dennar, Zachary Abdelhadi, and George Hale filed a separate lawsuit against Texas Attorney General Ken Paxton, in his official capacity; the Board of Regents of the University of Houston System, in the name of the University of Houston; the Trustees of the Klein Independent School District, in the name of the Klein Independent School District; the Trustees of the Lewisville Independent School District, in the name of the Lewisville Independent School District; and the Board of Regents of the Texas A&M University

System, in the name of Texas A&M University Commerce, in their official capacities. *See John Pluecker et al. v. Ken Paxton, Texas Attorney General et al.*, No. 1:18-cv-01100, Doc. No. 1 ¶¶ 8, 18–22  (Dec. 18, 2018) (W.D. Tex., Austin Division) ("*Pluecker*") (listing causes of action under the First and Fourteenth Amendments). Both cases are currently pending before U.S. District Court Judge Pitman.

In addition, the plaintiffs in both *Amawi* and *Pluecker* have moved for a preliminary injunction to prevent the application and enforcement of the Texas law prohibiting governmental entities from contracting with businesses who boycott Israel. *See See Bahia Amawi v. Pflugerville Indep. School Dist. et al*, No. 1:18-CV-1091, Doc. 8 (Dec. 21, 2018) (W.D. Tex., Austin Division); *see See John Pluecker et al. v. Ken Paxton, Texas Attorney General et al.*, No. 1:18-cv-01100, Doc. 13-2 (Jan. 4, 2019) (W.D. Tex., Austin Division). Both motions rely on alleged violations of the plaintiffs' First and Fourteenth Amendment rights. Because of the substantial overlap and the nearly identical procedural posture that both cases are in, General Paxton asks this Court to consolidate the *Pluecker* case with the *Amawi* case.

## ARGUMENT

Federal Rule of Civil Procedure 42(a)(2) permits the Court to consolidate actions that involve a common question of law or fact. "Trial judges are urged to make good use of Rule 42(a)," *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966), "to expedite trial and eliminate unnecessary repetition and confusion," *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) (citing *In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977)).

"Actions that involve the same parties are apt candidates for consolidation." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (citing Charles Alan Wright, et al., 9A Fed. Prac. & Proc Civ. § 2384 (3d ed. 2017)). But "[i]dentity of the parties is not a prerequisite. To the contrary, cases may be consolidated even where certain defendants are named in only one of the Complaints or where . . . the plaintiffs are different but are asserting identical questions of law." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011); *see also Utah v.*

*U.S. Dep't of Interior*, 45 F. Supp. 2d 1279, 1281 (D. Utah 1999) (ordering consolidation of cases brought by different plaintiffs against the same defendant because they presented the same issues of law and fact). "Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment." *Miller*, 729 F.2d at 1036.

The *Amawi* and *Pluecker* cases should be consolidated because the legal issues substantially overlap and consolidation will avoid duplicative litigation. Both cases hinge on the overarching question of whether Chapter 2270 of the Texas Government Code violates the First or Fourteenth Amendments. Answering this question will thus turn on whether Chapter 2270 regulates conduct or speech, *see Rumsfeld v. FAIR*, 547 U.S. 47 (2006), whether plaintiffs have engaged in any protected speech under the First Amendment, *see International Longshoremen's Ass'n v. Allied International, Inc.* 456 U.S. 212 (1982), and whether the multiple interests that the State has in Chapter 2270 are sufficient to withstand constitutional scrutiny, *e.g.*, *Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984). Because the legal issues are essentially identical, it makes little sense to proceed with separate cases to address them.

Moreover, the minor differences between some of the named parties does not diminish the support for consolidation. *See Needbasedapps LLC v. Robbins Research Intern., Inc.*, 926 F. Supp. 2d 907, 913 (W.D. Tex.—San Antonio Division, Feb. 20, 2013) (explaining in the context of the first-to-file rule that "[t]he rule does not require that the claims or even the parties be identical," but the "crucial inquiry' for the court . . . is whether there is 'substantial overlap' between the two actions."). Because the issues in *Amawi* and *Pluecker* overlap and the differences between the named parties are minor and immaterial—indeed, General Paxton is named as a defendant in both cases—the Court should consolidate the cases, making *Amawi* the lead case. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) ("The Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially

similar issues should proceed." (citation, quotation marks and alteration omitted)).

Plaintiffs in both *Amawi* and *Pluecker* recently filed their respective motions for preliminary injunction. *See Amawi*, Doc. 8 (Dec. 21, 2018); *see Pluecker*, Doc. 13-2 (Jan. 4, 2019). General Paxton originally asked for, and was granted, an extension until January 8, 2019, to respond to the *Amawi* plaintiff's motion for preliminary injunction. *See Amawi*, Doc. 13 (Dec. 21, 2018). In light of the new motion filed on Friday afternoon in the *Pluecker* case, Defendant Paxton intends to request a new deadline to file a response to both motions collectively, and will file that motion as promptly as possible.

## CONCLUSION

General Paxton asks this Court to consolidate the *Amawi* and *Pluecker* cases to decide the same legal issues in what is essentially the same case, with slightly different factual circumstances representing the only notable difference among the five plaintiffs. Because the *Amawi* case was first-filed, the interests of justice and judicial economy warrant consolidating *Pluecker* with this case. Therefore, General Paxton respectfully requests that the Court consolidate the *Pluecker* case with this matter, No. 1:18-CV-1091.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

AMANDA J. COCHRAN-MCCALL
Chief for General Litigation Division

s/ *Michael R. Abrams*
MICHAEL R. ABRAMS
Texas Bar No. 24087072
Assistant Attorney General
RANDALL W. MILLER
Texas Bar No. 24092838
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Michael.Abrams@oag.texas.gov
Randall.Miller@oag.texas.gov

**Counsel for Defendant Ken Paxton**

## **CERTIFICATE OF CONFERENCE**

On January 7, 2019, I conferred with counsel for Plaintiff Amawi, who indicated that Plaintiff Amawi is opposed to consolidation and an extension of time and intends to file a response.

I further conferred with counsel for the *Pluecker* plaintiffs, who indicated they are unopposed to the relief requested herein.

/s/ *Michael R. Abrams*
MICHAEL R. ABRAMS

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon Plaintiff Amawi's counsel of record through the Court's electronic filing system on January 7, 2019. I certify that I served counsel of record in the *Pluecker* case via electronic email as follows:

Edgar Saldivar
esaldivar@aclutx.org
Thomas Buser-Clancy
tbuser-clancy@aclutx.org
Andre Segura
asegura@aclutx.org
Adriana Piñon
apinon@aclutx.org

ACLU Foundation of Texas, Inc.
P.O. Box 8306
Houston, TX 77288

/s/ *Michael R. Abrams*
MICHAEL R. ABRAMS