IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Bahia Amawi, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Civil Action No. 1:18-CV-1091-RP |
| § | | |
| Pflugerville Independent School District; and § | | *consolidated with:* |
| Ken Paxton, in his official capacity as § | | |
| Attorney General of Texas, § | | Civil Action No. 1:18-CV-1100-RP |
| *Defendants.* § | | |

**DEFENDANT BOARD OF REGENTS OF THE UNIVERSITY OF HOUSTON SYSTEM AND BOARD OF REGENTS OF THE TEXAS A&M UNIVERSITY SYSTEM'S MOTION TO DISMISS AND RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Defendants Board of Regents of the University of Houston System and the Board of Regents of the Texas A&M University System (collectively, University System Defendants) respectfully file this Motion to Dismiss and Response to Pluecker Plaintiffs' Motion for Preliminary Injunction. The University System Defendants are not proper parties. They have immunity from suit, which Section 1983 does not abrogate; they did not enter into the contracts at issue with Plaintiffs John Pluecker and George Hale, respectively; and finally, they do not have oversight over and were not required to approve those contracts. As a result, these defendants should be dismissed from the case, and no preliminary injunction should be entered against them.

**BACKGROUND**

In 2017, the Legislature passed, and the Governor signed, House Bill 89, which prohibits companies who contract with the State from economic boycotts of Israel. *See* TEX. GOV'T CODE § 2270.001 *et seq*. House Bill 89 makes clear that "companies" include sole proprietors like Plaintiffs John Pluecker and George Hale.

Plaintiff George Hale is "a radio reporter for KETR, the NPR station for northeast Texas, which is licensed to Texas A&M University–Commerce ('TAMUC')." Dec. of George Hale ¶ 3. He

contracts with TAMUC and is the radio station's lead reporter for an "investigative radio series and podcast." *Id.* Hale said that he "previously boycotted consumer goods offered by businesses supporting Israel's occupation of the Palestinian territories." *Id.* at ¶ 9. However, he asserts that he discontinued this boycott "when [he] was forced to sign a No Boycott of Israel certification" in order to continue working on the podcast series. *Id.* at ¶¶ 10–11. Hale said that he did not wish to sign the certification, but he did so to continue working despite his objections. *Id.* at ¶ 18.

Plaintiff John Pluecker is "a freelance writer, artist, interpreter, translator, and co-founder of an interpretation collaborative called Antena." Dec. of John Pluecker ¶ 3. In March 2018, Pluecker agreed to translate an art essay for the Blaffer Art Museum at the University of Houston (UH) in exchange for $1,500.00. *Id.* at ¶ 10. Because he had previously done work for UH, Pluecker began working on the translation before reviewing the UH contract, and upon review, he refused to sign the contract and forfeited payment because the contract required a certification that he does not boycott Israel and will not do so during the life of the contract. *Id.* at ¶ 10–13. Specifically, he refused to sign the contract "because [he] believed it violated [his] free speech rights," and Pluecker "did not want to forfeit [his] participation in a BDS boycott campaign." *Id.* at ¶ 14. In a second instance, Pluecker refused to sign another contract with the certification provision and forwent an opportunity to be a guest speaker at UH, which would have provided him a fee of $250. *Id.* at ¶¶ 15–17.

Plaintiffs contend that these contracts impair their First Amendment rights, and seek an injunction against enforcement of House Bill 89. *See* Doc. 1 ¶ 3, Doc. 13-3 at 35.

## MOTION TO DISMISS

A complaint must be dismissed if the court lacks subject-matter jurisdiction over the plaintiff's claim, Fed. R. Civ. P. 12(b)(1), or if the plaintiff fails to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6). Where a party moves to dismiss for lack of subject-matter

jurisdiction in addition to non-jurisdictional grounds, courts should first consider the jurisdictional attack before addressing any attack on the merits. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: "(1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record;" or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). The burden of proof rests on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161.

A motion for dismissal under Rule 12(b)(6) challenges the plaintiff's right to relief based on the facts he alleged in his complaint. *Crow v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the Court must accept all factual allegations as true, the Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.

Plaintiffs' claims against the UH Board of Regents and the A&M Board of Regents should be dismissed for the following reasons: (1) the UH Board of Regents and the A&M Board of Regents both have immunity from suit under the Eleventh Amendment; and (2) Plaintiffs fail to state a claim for which relief can be granted against the UH Board of Regents or the A&M Board of Regents.

**A.**     **Plaintiffs' claims should be dismissed for lack of subject-matter jurisdiction.**

Eleventh Amendment immunity is a jurisdictional bar to suit. *See United States v. Tex. Tech. Univ.*, 171 F.3d 279, 285 (5th Cir. 1999) (citing U.S. CONST. amend. XI). "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another

state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State's immunity from suit extends to claims for both money damages and equitable relief. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (the "State cannot be sued directly in its own name regardless of the relief sought").

A suit against the State, or its agencies like the UH Board of Regents or the A&M Board of Regents, is barred by sovereign immunity absent clear and unambiguous legislative consent to suit. *See Texas Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224–225 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Sovereign immunity deprives a court of subject-matter jurisdiction. *See Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002) ("Sovereign immunity is jurisdictional."). This immunity extends to various divisions of state government, including universities, the university systems and the board of regents of those systems. *See Slade v. Tex. S. Univ. Bd. of Regents*, 232 S.W.3d 395, 398 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("As an arm of the State, Texas Southern's Board of Regents is entitled to sovereign immunity."); *Shoecraft v. Univ. of Houston-Victoria*, 2006 WL 870432, at *8 (S.D. Tex. Mar. 28, 2006) ("[A]s state agencies, [University of Houston System and University of Houston-Victoria] are agencies of the state. Therefore, as state agencies, [they] are immunized from private suit by the Eleventh Amendment.").

To avoid dismissal based on sovereign immunity, a plaintiff must demonstrate either a valid Congressional abrogation of that immunity or a waiver of immunity by the state. *Univ. of Tex. at El Paso v. Herrera*, 322 S.W.3d 192, 195 (Tex. 2010). Plaintiffs have not done so here, and thus, dismissal is proper. Although Plaintiffs invoke Section 1983 as the vehicle for their constitutional claims, *see* Doc. 1 ¶ 10, case law is clear that a state agency is not a "person" that can be sued under Section 1983. *See, e.g.*, *Jackson v. Texas Southern Univ.*, 997 F. Supp. 2d 613, 623 (S.D. Tex. 2014) ("Moreover, regarding a claim for impeding the right to free expression under the First Amendment and § 1983, a state university is not a 'person' for purposes of § 1983 and therefore not a proper defendant to such a claim." (citation omitted)); *see also Manley v. Texas Southern Univ.*, 107 F. Supp. 3d 712, 719 (S.D. Tex.

2015) (Rosenthal, J.) (quoting *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) for the proposition that "[t]he doctrine of *Ex parte Young*, which ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law, . . . has no application in suits against the States and their agencies, which are barred regardless of the relief sought.").

Because Plaintiffs have not identified a Congressional abrogation or state waiver of the University System Defendants' sovereign immunity, the claims against the University System Defendants must be dismissed.

**B.      Plaintiffs failed to state claim for which relief can be granted.**

Plaintiffs have failed to state a claim for which relief can be granted against the UH Board of Regents or the A&M Board of Regents because both boards are improper parties to this lawsuit. First, the Complaint and surrounding evidence make clear that Pluecker and Hale were contracting with the University of Houston and Texas A&M University-Commerce, respectively, rather than with UH System or Texas A&M System. *See* Doc. 1 ¶ 7; Doc. 13-8 at 15 (contract between University of Houston and John Pluecker); Doc. 13-7 at 30 (contract between Texas A&M University-Commerce and George Hale). The University of Houston is a different entity than the UH Board of Regents,[1] and the A&M System is a statutorily distinct entity from Texas A&M University-Commerce.[2] As a

---

[1] The University of Houston System was established by Texas Education Code § 111.20, whereas the University of Houston was established by Section 111.01 of the Texas Education Code. The University of Houston is defined as "a coeducational institution of higher education located in the city of Houston on state properties hereby designated University of Houston." TEX. EDUC. CODE § 111.01. The University of Houston System on the other hand is "composed of all those institutions and entities presently under the governance, control, jurisdiction, and management of the Board of Regents of the University of Houston." TEX. EDUC. CODE § 111.20.

[2] The Texas A&M University (TAMU) System was created and is governed by the Texas Education Code. By statute, it is defined as an "other agency of higher education." *See* TEX. EDUC. CODE § 61.003(6) (expressly naming TAMU System, as well as other, large university systems). The Texas Education Code further defines "University system" as "the association of one or more public senior colleges or universities . . . under the policy direction of a single governing board." *See id.* § 61.003(10). Distinguishing a university system from a university within that system, the Education Code expressly names TAMUC as a "general academic teaching institution." *See id.* § 61.003(3). By statute, then, TAMU System and TAMUC are different legal entities with different purposes.

result, Plaintiffs sued two state entities that were not parties to any of the contracts that Plaintiffs address in their Complaint.

Second, the contracts at issue would not have needed approval from the board of regents of either system.  With respect to the UH Board of Regents, Board of Regents Policy 55.01.3 allows the Chancellor of UH System to delegate authority to negotiate, execute and administer contracts to University Presidents for contracts that do not require Board approval. *See* Exhibit A at 3. Furthermore, University of Houston System Administrative Memoranda (SAM) 03.A.05, *Contract Administration*, attached as Exhibit B, sets forth delegations and requirements for contracts.  Section 6 of SAM 03.A.05 allows the University President or the President's designee to execute contracts when the total budget will not exceed $300,000. *See* Ex. B at 4. This provision is subject to limited exceptions not applicable to this lawsuit. As the contracts between Pluecker and the University of Houston were for less than $300,000, *see, e.g.*, Doc. 13-2 at 7 (stating that Pluecker's contract for public speaking was for $250), UH Board of Regents' approval was not required.

Similarly, for the A&M Board of Regents, System Policy 25.07.01 provides that "CEOs are hereby delegated the authority to approve and sign contracts of less than $750,000 that are not otherwise reserved for approval by the board, as described in System Policy 25.07, Section 6, and to subdelegate such authority at their discretion." *See* Exhibit C at 1. In turn, System Policy 25.07, Section 2, lists the types of contracts that require board approval. *See* Exhibit D at 1–2. None of those provisions apply to the contract between Texas A&M University-Commerce and Hale.[3]

Finally, Plaintiffs cannot show that the University Defendants are "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). As an institution of higher education

---

[3] University System Defendants have attached these policies as exhibits for the convenience of the Court and the parties, but they are matters of public record and can be considered at the Rule 12 stage. *See Cinel v. Connicle*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also Jathanna v. Spring Branch Independent School Dist.*, 2012 WL 6096675, at *3 n.1 (S.D. Tex. Dec. 7, 2012) (noting that the Court may take judicial notice of policies without converting it to a motion for summary judgment).

established by the Texas Legislature, the University of Houston is obligated to comply with all applicable laws enacted by the Legislature. *See* TEX. EDUC. CODE § 111.02 ("The University of Houston is subject to the obligations and entitled to the benefits of all general laws of Texas applicable to all other state institutions of higher education, except where the general laws are in conflict with this chapter, and in the event of conflict this chapter prevails to the extent of the conflict."); *see also* TEX. GOV'T CODE § 2270.002. As state agencies which are compelled to comply with Texas law, the University System Defendants are improper parties to a lawsuit challenging the constitutionality of the law itself, since the University System Defendants do not have discretion in complying with laws duly enacted by the Legislature and signed into law by the Governor.

Plaintiffs have failed to state a claim for which relief can be granted because neither the UH Board or Regents nor the A&M Board of Regents were parties to the contracts in question and neither approved the contracts in question. Therefore, dismissal of Defendants UH Board of Regents and A&M Board of Regents is proper.

## RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

Incorporating their motion to dismiss, the University System Defendants are not proper parties to this lawsuit, and they would not be proper parties to an injunction. While Plaintiffs seek to enjoin the application and enforcement of House Bill 89, neither the UH Board of Regents nor the A&M Board of Regents are proper parties to enjoin because they did not sign or approve the contracts at issue and an injunction against them will not remedy the alleged injuries Plaintiffs detail in their Complaint and Motion for Preliminary Injunction.

Both University System Defendants are committed to following all applicable laws, including Chapter 2270 of the Texas Government Code, but their duty is just that—to comply with the law, not to enforce it. As such, no injunction should be issued against them to prevent "the enforcement of" Chapter 2270, as Plaintiffs request in their Motion for Preliminary Injunction. *See* Doc. 13-3 at 1.

## CONCLUSION

Because the Board of Regents of the University of Houston System and the Board of Regents of the Texas A&M University System are immune from suit and were not involved in the contracts that gave rise to this lawsuit, they should be dismissed from the case, and no injunction should be issued against them.

      Respectfully submitted.

      KEN PAXTON
      Attorney General of Texas

      JEFFREY C. MATEER
      First Assistant Attorney General

      BRANTLEY STARR
      Deputy First Assistant Attorney General

      DARREN L. MCCARTY
      Deputy Attorney General for Civil Litigation

      AMANDA J. COCHRAN-MCCALL
      Chief for General Litigation Division

      */s/ Michael R. Abrams*
      MICHAEL R. ABRAMS
      Texas Bar No. 24087072
      Assistant Attorney General
      RANDALL W. MILLER
      Texas Bar No. 24092838
      Assistant Attorney General
      Office of the Attorney General
      P.O. Box 12548, Capitol Station
      Austin, Texas 78711-2548
      Phone: 512-463-2120
      Fax: 512-320-0667
      Michael.Abrams@oag.texas.gov
      Randall.Miller@oag.texas.gov

      **Counsel for University System Defendants**

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document was served upon Plaintiff's counsel of record through the Court's electronic filing system on January 15, 2019.

                                                  /s/ *Michael R. Abrams*
                                                  MICHAEL R. ABRAMS