IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Bahia Amawi, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Civil Action No. 1:18-CV-1091-RP |
| § | | |
| Pflugerville Independent School District; and § | | *consolidated with:* |
| Ken Paxton, in his official capacity as § | | |
| Attorney General of Texas, § | | Civil Action No. 1:18-CV-1100-RP |
| *Defendants.* § | | |

**DEFENDANT BOARD OF REGENTS OF THE UNIVERSITY OF HOUSTON SYSTEM AND BOARD OF REGENTS OF THE TEXAS A&M UNIVERSITY SYSTEM'S REPLY IN SUPPORT OF MOTION TO DISMISS AND RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pluecker Plaintiffs have sued the wrong defendants. The Boards of Regents of the University of Houston System and the Texas A&M System, as entities, are state agencies entitled to sovereign immunity. The Boards also had nothing to do with the contracts that gave rise to this case. And Pluecker Plaintiffs seek relief—enjoining Chapter 2270 of the Texas Government Code—that the Boards cannot offer. For these reasons, the Boards should be dismissed.

**A.     Pluecker Plaintiffs sued the Boards, which retain immunity.**

In their response brief, Pluecker Plaintiffs contend that they have sued "the members of the respective Board of Regents, in their official capacities." Response at 4. Their complaint, however, states just the opposite. In their complaint, Pluecker Plaintiffs assert that they are suing "[t]he Board of Regents [of the University of Houston System] . . . in *its* official capacity." Compl. ¶ 19 (emphasis added); *see also id.* ¶ 22 (suing "[t]he Board of Regents [of Texas A&M System] . . . in *its* official capacity." (emphasis added)). Because they have explicitly identified the Boards as the entities subject to this lawsuit, Pluecker Plaintiffs' argument that they have named the *members* of the Boards is unpersuasive. Pluecker Plaintiffs could have done so, as they did with the trustees of the Lewisville

and Klein school districts. *See id.* ¶¶ 20–21 (naming the trustees "in *their* official capacities" (emphasis added)). They elected not to.

This, in turn, leaves the question of whether the Boards are state agencies entitled to sovereign immunity. Both Boards are arms of the state and subject to state control; the members of both Boards, for instance, are appointed by the Governor with the consent of the Senate. *See* TEX. EDUC. CODE § 85.11 (Texas A&M System); TEX. EDUC. CODE § 111.12 (University of Houston System). The Fifth Circuit has explained that an action against the board of a university system (in that case, the board of the University of Texas System) "as an entity would be barred by the eleventh amendment" because the board is an agency of the State of Texas. *See Olivier v. Univ. of Tex. Sys.*, 988 F.2d 1209, 1993 WL 81990, at *1 (5th Cir. Mar. 9, 1993); *see also United Carolina Bank v. Bd. of Regents of Stephen F. Austin State Univ.*, 665 F.2d 553, 556–61 (5th Cir. 1982) (concluding that board of regents of Stephen F. Austin State University is an arm of state and noting that the board members are appointed by the governor with consent of the Senate); *Slade v. Tex. S. Univ. Bd. of Regents*, 232 S.W.3d 395, 398 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("As an arm of the State, Texas Southern's Board of Regents is entitled to sovereign immunity."). The provisions of the Education Code cited above show that the Fifth Circuit's reasoning in *Olivier* should extend to the Boards of the Texas A&M System and the University of Houston System. Pluecker Plaintiffs have still not identified a valid abrogation or waiver of immunity for the Boards. The claims asserted against the Boards should thus be dismissed.

**B.    Pluecker Plaintiffs do not have live claims with the Boards.**

It is undisputed that the John Pluecker and George Hale contracted and negotiated with the University of Houston and Texas A&M Commerce, respectively. Doc. 13-8 at 15 (contract between University of Houston and John Pluecker); Doc. 13-7 at 30 (contract between Texas A&M University-Commerce and George Hale). Pluecker Plaintiffs do not plausibly dispute that the Boards of Regents

of both Systems delegated authority to the respective local institutions to enter into those contracts. *See* Response at 7 (asserting that the Boards are "proper defendants, even if they did not have any personal involvement in the contracts involving Plaintiffs Pluecker and Hale."). These concessions alone should end the inquiry of whether the Boards are proper parties. Although Pluecker Plaintiffs assert that the anti-boycott contractual clause is "a requirement that is system-wide and enforced by the respective boards," *id.* at 6, this allegation is not contained anywhere in the Pluecker Plaintiffs' complaint. In any event, that new allegation demonstrates again that Pluecker Plaintiffs' true dispute is with Chapter 2270, a law passed by the Texas Legislature, rather than a policy put into place by the Boards. The relief Pluecker Plaintiffs recently confirmed that they are seeking also demonstrates this point. In their motion for preliminary injunction, Pluecker Plaintiffs ask the Court to enjoin Chapter 2270 in all its applications. Doc. 40 at 25. The Boards have no authority to administer Chapter 2270—they simply must comply with it. The Boards are not proper parties.

## CONCLUSION

Because the Board of Regents of the University of Houston System and the Board of Regents of the Texas A&M University System have been sued but are immune from suit and were not involved in the contracts at issue here, they should be dismissed from the case.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

AMANDA J. COCHRAN-MCCALL
Chief for General Litigation Division

*/s/ Michael R. Abrams*
MICHAEL R. ABRAMS
Texas Bar No. 24087072
Assistant Attorney General
RANDALL W. MILLER
Texas Bar No. 24092838
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Michael.Abrams@oag.texas.gov
Randall.Miller@oag.texas.gov

**Counsel for University System Defendants**

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of the foregoing document was served upon Plaintiffs' counsel of record through the Court's electronic filing system on February 5, 2019.

               /s/ *Michael R. Abrams*
               MICHAEL R. ABRAMS