UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Bahia Amawi,** | § | |
| | § | |
| **Plaintiff** | § | **Case No. 1:18-cv-1091-RP** |
| | § | |
| **v.** | § | *consolidated with:* |
| | § | |
| **Pflugerville Independent School District;** | § | **Case No. 1:18-cv-1100-RP** |
| **and Ken Paxton, in his official capacity** | § | |
| **as Attorney General of Texas,** | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANTS LEWISVILLE ISD AND KLEIN ISD'S MOTION TO HAVE THEIR
MOTIONS TO DISMISS-RELATED FILINGS SERVE AS THEIR RESPONSES TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Lewisville Independent School District and Klein Independent

School District ("Defendants") and file their Motion to Have Their Motions to Dismiss-Related

Filings Serve as Their Responses to Plaintiffs' Motion for Preliminary Injunction in the above-

referenced case, and would respectfully show unto the Court the following:

**I.**
**BACKGROUND**

1.      On January 7, 2019, Plaintiffs filed their Motion for Preliminary Injunction and

Memorandum in Support of Preliminary Injunction.  Dkt. 14, 14-1 (and their supporting

documents) (No. 1:18-cv-01100-RP).

2.      On Friday January 18, 2019, Defendants executed waivers of service and served

them on Plaintiffs.  Dkt. 27, 28.

3.      Defendants, in good faith and with good cause, sought an extension of time before

the deadline for their Responses to Plaintiffs' Motion for Preliminary Injunction was due.  Dkt.

**Defendants KISD and LISD's Motion Regarding**
**Response to Motion for Preliminary Injunction**
29057/601159/fjv

Page **1** of 5

32.

4.      On Wednesday, January 30, 2019, the Court denied Defendants' Motion for Extension of time and stated that Defendants' response was due five days earlier, on or before January 25, 2019.  Dkt. 41.

5.      On February 1, 2019, well prior to their answer deadline, Defendants filed their Motions to Dismiss seeking dismissal based on, inter alia, Plaintiffs' Abdelhadi and Dennar's lack of standing against Defendants, their failure to plead a policy, custom or practice against LISD and KISD, and because their conduct is not expressive conduct under the First Amendment.

6.      On February 7, 2019, LISD and KISD filed their Motion for Leave to File Responses to Plaintiffs' Motion for Preliminary Injunction and in Excess of 10 Pages.  Dkt. 46.

7.      On February 8, 2019, Plaintiffs Abdelhadi and Dennar filed their Omnibus Response to LISD and KISD's Motions to Dismiss.  Dkt. 49.

8.      On February 13, 2019, the Court denied LISD and KISD's Motion for Leave. Dkt. 50.  The Court noted that Defendants' arguments in their proffered Responses to Plaintiffs' Motions for Preliminary Injunction were duplicative of Defendants' arguments in their Motions to Dismiss.  Dkt. 50.

9.      On February 15, 2019, KISD and LISD filed their Reply to Plaintiffs' Omnibus Response to LISD and KISD's Motions to Dismiss.  Dkt. 51.

10.     As of the filing of this Motion, the Court has not scheduled a hearing on Plaintiffs' Motions for Preliminary Injunction.

## II.
## ARGUMENTS & AUTHORITIES

The Court should consider LISD and KISD's Motion to Dismiss-related filings [Dkts. 43,

**Defendants KISD and LISD's Motion Regarding**                    Page **2** of 5
**Response to Motion for Preliminary Injunction**
29057/601159/fjv

43-1, 44, 44-1, 51] as their responses to Plaintiffs' Motion for Preliminary Injunction for several reasons.

First, the Motions to Dismiss filings raise jurisdictional issues concerning Plaintiffs' lack of standing, and, therefore, this Court's lack of subject matter jurisdiction. Jurisdictional claims cannot be waived and may be raised at any time in litigation. *Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011). Indeed, the Court "must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). The Court cannot impose an injunction against Defendants if Plaintiffs lack standing. *Legacy Cmty. Health Servs. v. Smith*, 881 F.3d 358, 366 (5th Cir. 2018); *Bennett v. Spear*, 520 U.S. 154, 167-68, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997) (quoting *Lujan*, 504 U.S. at 561).

Second, considering the Motion to Dismiss-related filings as the Districts' responses to Plaintiffs' Motion for Preliminary Injunction, will not burden the Court with new, additional arguments. All the Motions to Dismiss-related filings have already been filed and are complete. Granting the instant motion would not require *any* additional action by the Court, except entering an order acknowledging that it will consider the Motions to Dismiss-related filings for purposes of deciding whether Plaintiffs are entitled to a preliminary injunction against LISD and KISD.

Third, Plaintiffs have already responded to Defendants' Motion to Dismiss. Dkt. 49. No Plaintiff, including Plaintiff Amawi, will be prejudiced in any way, nor need they take any additional action. Indeed, as all the briefing has been filed, granting the instant Motion will not affect in any way the scheduling of a hearing on Plaintiffs' Motion for Preliminary Injunction.

Fourth, this litigation raises issues of first impression in the Fifth Circuit and Defendants, and as a matter of fundamental fairness and due process, should be allowed to defend themselves

**Defendants KISD and LISD's Motion Regarding**
**Response to Motion for Preliminary Injunction**
29057/601159/fjv

Page **3** of 5

from the imposition of the extraordinary relief of injunction.

WHEREFORE, PREMISES CONSIDERED, Defendants Lewisville Independent School District and Klein Independent School District respectfully request that the Court grant the instant Motion and consider their Motions to Dismiss-related filings [Dkts. 43, 43-1, 44, 44-1, 51] as their responses to Plaintiffs' Motion for Preliminary Injunction, and for such other and further relief, general or special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,


   /s/ Thomas P. Brandt

THOMAS P. BRANDT
  State Bar No. 02883500
  tbrandt@fhmbk.com
FRANCISCO J. VALENZUELA
  State Bar No. 24056464
  fvalenzuela@fhmbk.com
LAURA O'LEARY
  State Bar No. 24072262
  loleary@fhmbk.com
CAROLINE SILEO
  State Bar No. 24091651
  csileo@fhmbk.com


## CERTIFICATE OF CONFERENCE

On February 15, 2019, I conferred with Mr. Abrams (counsel for Defendants Paxton, the Board of Regents of the UH System, and the Board of Regents of Texas A&M System). Mr. Abrams indicated that his Defendants are unopposed to this motion.

On February 15, 2019, I conferred with Carolyn Homer (Amawi Plaintiff's counsel) about the merits of the motion. Ms. Homer indicated that Plaintiff is opposed: "You've lost this issue twice. We oppose."

On February 15, 2019, I conferred with Thomas Buser-Clancy (Pluecker Plaintiffs' counsel) about the merits of the motion. Mr. Buser-Clancy indicated that Plaintiffs are opposed.

**Defendants KISD and LISD's Motion Regarding**
**Response to Motion for Preliminary Injunction**
29057/601159/fjv

Page **4** of 5

/s/ Francisco J. Valenzuela
**FRANCISCO J. VALENZUELA**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's electronic filing system on February 15, 2019.

/s/ Thomas P. Brandt
**THOMAS P. BRANDT**

**Defendants KISD and LISD's Motion Regarding**                                    Page **5** of **5**
**Response to Motion for Preliminary Injunction**
29057/601159/fjv