**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| Amawi, | ) | Civil Action No.: 1:18-CV-1091-RP |
| *Plaintiff,* | ) | [Lead Case] |
| | ) | |
| v. | ) | |
| | ) | |
| Pflugerville I.S.D., et al., | ) | |
| *Defendants,* | ) | |
| | ) | |
| Pluecker, et al., | ) | Civil Action No. 1:18-CV-1100-RP |
| *Plaintiff,* | ) | [Consolidated Case] |
| | ) | |
| v. | ) | |
| | ) | |
| Paxton, et al., | ) | |
| *Defendants.* | ) | |

***PLUECKER* PLAINTIFFS AND *AMAWI* PLAINTIFF'S JOINT OPPOSITION TO**
**DEFENDANTS LEWISVILLE ISD'S AND KLEIN ISD'S MOTION TO CONTINUE**
**THE MARCH 29, 2019 HEARING**

The *Pluecker* Plaintiffs and the *Amawi* Plaintiff oppose the motion filed by Defendants

Lewisville ISD and Klein ISD ("School District Defendants") to continue the motions hearing

set for March 29, 2019 for nearly two months. The School District Defendants, who have made

numerous attempts to delay these proceedings, have not identified an adequate basis to continue

the motions hearing—especially considering the straightforward First Amendment violations that

are at issue. Their motion should be denied.

This case involves ongoing First Amendment violations that have prevented Amawi from

being able to work in her position as a speech language pathologist for almost the entire 2018-

2019 school year. Relatedly, three *Pluecker* Plaintiffs are experiencing an ongoing inability to

enter into contracts with Defendant state entities. Briefing on Plaintiffs' motions for a

1

preliminary injunction has been complete for nearly two months; briefing on the related motions to dismiss is likewise complete. The School District Defendants' proposal would delay resolution until at least May 28 – a mere two days before the school year ends, thus preventing Amawi from returning to work until fall. Rather than delay, this matter is ripe for resolution now.

The School District Defendants present the passage and enactment of H.B. 793 and S.B. 491, proposed legislation which *might* limit the reach of the current anti-boycott law, as a *fait accompli*. They assert that "H.B. 793 and S.B. 491 are highly likely to pass" and "it is highly likely that the Texas Legislature will approve, and Governor Abbott will sign, in the very near future, legislation that would moot this lawsuit." Dkt. 65 at 2, 4. But no evidence is offered to support these conclusory assertions. The likelihood that any bills will pass (or that they will pass in their current form) is mere speculation.

The March 29 motions hearing was scheduled a month ago. The proposed S.B. 491 has been sitting untouched in committee since February 14. The proposed H.B. 793 amendment to the anti-boycott law was filed on January 11 and passed out of committee on March 6. It has not yet been calendared for a vote before the whole Texas House. From there it would still need to be considered in the Texas Senate, and signed by a Governor who has tweeted that "Texas stands with Israel. Period." Even if the proposed amendments were to pass, they may not take effect until September 2019. Further, the text of the bills is not final. They may be subject to amendments that would continue to subject Plaintiffs to a No Boycott of Israel certification.

School District Defendants give no good reason why they seek an extension now, at this late stage, on an emergency and expedited basis. This Court should not grant a continuance on the basis of School District Defendants' speculative assertions, particularly in light of the fact

that the motions under consideration are fully briefed, and School District Defendants waited until a week before the scheduled hearing to make this request.

The School District Defendants' reliance on *Veasey v. Abbott*, 888 F.3d. 792 (5th Cir. 2018), is unavailing. There, the Fifth Circuit observed that, "[o]rdinarily, a lawsuit challenging a statute would become moot by the legislature's enactment of a superseding law." *Id.* at 799. But this is not a case where a superseding law has been enacted. All that has occurred is the introduction of two bills—it is pure speculation as to what may occur over the course of the legislative session.

The Constitutional avoidance doctrine cited by the School District Defendants is designed to allow courts to resolve decisions on non-constitutional grounds when they can, in order to avoid constitutional questions. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 446 (1988). But the doctrine still requires the case to "be decided." The doctrine does not suggest that courts allow irreparable First Amendment violations to continue indefinitely due to the possibility that perhaps the Government might later voluntarily cease violating those rights. That would be a Constitutional abstention doctrine, or perhaps a Constitution dereliction doctrine. These doctrines do not exist.

Moreover, even *if* the proposed amendments to the anti-boycott law were enacted without textual alteration, they do not repeal the law. The amendments do not address the constitutional principle at issue. Instead, if enacted, the amended Anti-BDS Law would merely narrow the irreparable constitutional harm to a smaller range of victims. The amendments would do nothing to prevent Texas federal courts from ultimately considering the merits of the anti-boycott law's First Amendment defects.

Plaintiffs, and all government contractors affected by the Act, continue to suffer lost income and opportunities, and other injuries due to violations of their First Amendment rights. Each day that goes by is another day that Plaintiffs cannot work or enter into contracts with State entities. The School District Defendants' request for a two month extension is therefore unreasonable. Any inconvenience that the parties and judicial economy may theoretically suffer if H.B. 793 and S.B. 491 are ultimately enacted does not outweigh Plaintiffs' real and continuing injuries.

The School District Defendants have filed numerous motions for extensions of time or to file responses late. The Court has denied each of these motions and it should deny the motion to continue here. The School District Defendants' fail to identify an adequate basis for granting the relief sought.

## Conclusion

For these reasons, Plaintiffs request that this Court deny the School District Defendants' Motion to Continue.

Respectfully submitted,

*/s/ Edgar Saldivar*
Edgar Saldivar, TX Bar No. 24038188
Thomas Buser-Clancy, TX Bar No. 24078344
Andre Segura, TX Bar No. 24107112**
Adriana Piñon, TX Bar No. 24089768
ACLU Foundation of Texas, Inc.
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 325-7011
Fax: (713) 942-8966
esaldivar@aclutx.org
tbuser-clancy@aclutx.org
asegura@aclutx.org
apinon@aclutx.org

4

Brian Hauss**
Vera Eidelman**
American Civil Liberties Union Foundation
Speech, Privacy & Technology Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Fax: (212) 549-2654
bhauss@aclu.org
veidelman@aclu.org

Kevin Dubose*
Alexander, Dubose, Jefferson & Townsend
1844 Harvard Street
Houston, TX 77008
Telephone: (713) 522-2358
Fax: (713) 522-4553
kdubose@adjtlaw.com

ATTORNEYS FOR *PLUECKER* PLAINTIFFS

*/s/ Lena F. Masri*
Lena F. Masri (D.C. Bar No. 1000019) **
Gadeir I. Abbas (VA Bar No. 81161) ** α
Carolyn M. Homer (D.C. Bar No. 1049145) **
CAIR Legal Defense Fund
453 New Jersey Ave., SE
Washington, DC 20003
Phone: (202) 742-6420
Fax: (202) 488-0833
lmasri@cair.com
gabbas@cair.com
chomer@cair.com

John T. Floyd (TX Bar No. 00790700)
Christopher M. Choate (TX Bar No. 24045655)
JOHN T. FLOYD LAW FIRM
4900 Woodway Dr., Ste. 725
Houston, TX 77056
Phone: (713) 224-0101
Fax: (713) 237-1511
jfloyd@johntfloyd.com
choate@johntfloyd.com

ATTORNEYS FOR PLAINTIFF BAHIA AMAWI

5

\* Applications for admission are forthcoming/pending
\*\* Admitted *pro hac vice*
*α* Licensed in VA, not in D.C.
   Practice limited to federal matters