IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BAHIA AMAWI, | § § § § | |
| Plaintiff, | § | |
| v. | § § | 1:18-CV-1091-RP |
| PFLUGERVILLE INDEPENDENT | § § | |
| SCHOOL DISTRICT, et al., | § § | *Consolidated with:* 1:18-CV-1100-RP |
| Defendants. | § | |

**ORDER**

Before the Court is a motion to continue by Defendants Trustees of the Klein Independent School District and Trustees of the Lewisville Independent School District ("Defendants"), (Dkt. 65), and responsive briefing, (Dkts. 71, 72). Having reviewed the parties' submissions, the record, and applicable law, the Court will deny the motion.

Defendants request that the hearing in this matter set for March 29, 2019, be continued to May 28, 2019, because, Defendants aver, current legislation pending in the Texas Legislature will render this litigation moot. (Mot., Dkt. 65, at 2, 4). Plaintiffs in this case are sole proprietors. The pending legislation, as currently written, will amend Chapter 2270 of the Texas Government Code (the "Act") to exclude sole proprietors from the Act's requirements. (*Id.* at 3). Plaintiffs argue that the text of the proposed bills is not final and that whether the bills would moot this case is "mere speculation." (Resp., Dkt. 71, at 2). Meanwhile, Plaintiffs "continue to suffer lost income and opportunities" because "[e]ach day that goes by is another day that Plaintiffs cannot work or enter into contracts with State entities." (*Id.* at 4). Thus, "[a]ny inconvenience that the parties and judicial economy may theoretically suffer if [the proposed bills] are ultimately enacted does not outweigh Plaintiffs' real and continuing injuries." (*Id.*).

The Court agrees with Plaintiffs. Defendants assert that the proposed bills are "popular" and therefore likely to pass, (Reply, Dkt. 72, at 2), but this optimism is speculation. It is unclear whether the bills will pass, and if they do, what final form they will take. And, even if they will pass, the Fifth Circuit has recognized that "the loss of First Amendment freedoms *for even minimal periods of time* constitutes irreparable injury." *Texas for Free Enter. v. Texas Ethics Comm'n*, 732 F.3d 535, 539 (5th Cir. 2013) (emphasis added). The fact that legislation may moot a First Amendment challenge does not negate the real harms a plaintiff allegedly experiences now. To conclude otherwise would allow the Government to allegedly violate constitutional rights indefinitely on the promise that they may pass legislation ceasing their violation of those rights. Particularly where First Amendment violations are alleged, this result is impermissible. *See Zwickler v. Koota*, 389 U.S. 241, 252 (1967) (prolonged resolution of a facial First Amendment challenge "might itself effect the impermissible chilling of the very constitutional right" sought to be protected).

Accordingly, **IT IS ORDERED** that Defendants' Motion to Continue the hearing set for March 29, 2019, (Dkt.65), is **DENIED**.

**SIGNED** on March 26, 2019.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE