UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BAHIA AMAWI, *et al.,*<br><br>             Plaintiffs,<br><br>      vs.<br><br>PFLUGERVILLE INDEPENDENT SCHOOL<br>DISTRICT, *et al.,*<br><br>             Defendants. | Case No. 1:18-cv-01091-RP<br>Case No. 1:18-cv-01100-RP |

## *AMAWI* PLAINTIFF AND *PLUECKER* PLAINTIFFS' JOINT OPPOSITION TO MOTION FOR STAY PENDING APPEAL

The *Amawi* Plaintiff and the *Pluecker* Plaintiffs oppose the Attorney General's Motion for Stay Pending Appeal. Dkt. 83. This Court, in a comprehensive, 56-page Order (Dkt. 82), concluded that H.B. 89, the Texas Anti-BDS Act, is unconstitutional. The Court held that *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982), and not *Rumsfeld v. FAIR*, 547 U.S. 47 (2006), governs this case. Dkt. 82 at 23-26. Because the law punishes protected speech, the Anti-BDS Act could be upheld only if narrowly tailored to serve a compelling state interest. *Id.* at 26-32. The Court held that the Anti-BDS Act *neither* serves a compelling state interest *nor* is narrowly tailored, and thus is unconstitutional. *Id.* at 32-36 and 36-37. The Court separately concluded the Texas Anti-BDS Act violates other First Amendment doctrines. The statute imposes an unconstitutional condition on government contracts, *id.* at 38-40, unconstitutionally compels speech, *id.* at 40-43,

and is unconstitutionally vague, *id.* at 43-46.   Each of the Texas Anti-BDS Act's First Amendment infirmities independently justifies the Preliminary Injunction.

The Attorney General seeks a stay pending appeal.   Dkt. 83. A stay pending appeal is "not a matter of right," but "an exercise of judicial discretion," and the party seeking the stay "bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). Judicial analysis of a motion to stay pending appeal tracks the same factors as a preliminary injunction itself.   *See id.* at 434 ("There is a substantial overlap between these and the factors governing preliminary injunctions."); *Illusions-Dallas Private Club v. Steen*, 04-cv-201, 2008 WL 2490457, at *1 (N.D. Tex. June 20, 2008) ("same factors are applicable") (citing *Restaurant Associates. v. Fort Worth*, 259 F.Supp.2d 559, 560 (N.D. Tex. 2003)).   In light of the Court's thorough preliminary injunction analysis, the Attorney General cannot justify a stay pending appeal.

The Attorney General does not make any new argument or point out any issue, fact, or principle the Court overlooked. Dkt. 83 at 2-5. Repetition of already-rejected arguments is insufficient for a stay pending appeal. *See Kahara Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 264 F. Supp. 2d 484, 487 (S.D. Tex. 2002) (rejecting motion to stay preliminary injunction when it was functional equivalent of a motion for reconsideration, raising the same arguments that had already been considered and rejected).   The Attorney General is not seeking reconsideration of any portion of the Court's opinion, but rather seeks a

stay on the basis that this Court's 56-page opinion was entirely wrong.  Dkt. 83 at 2. The Court should reject this effort.

With respect to the merits, the Attorney General largely repeats the same arguments raised in his briefing.  He argues that under *Rumsfeld v. FAIR,* 547 U.S. 47 (2006), boycotts are not protected speech, but, as this Court has already held, *FAIR* is inapposite. *NAACP v. Claiborne Hardware Co.,* 458 U.S. 886 (1982), which explicitly concerned political consumer boycotts, governs this case, and *Claiborne* holds that political consumer boycotts are protected speech under the First Amendment.[1]  Dkt. 83 at 2-3; *but see* Dkt. 82 at 23-26.  The Attorney General also disputes that the Act is viewpoint and content discriminatory or compels speech, but relies on the same flawed assertion that the Act does not prohibit speech.  Dkt. 83 at 3; *but see* Dkt. 82 at 29-32.

The Attorney General repeats the failed argument that the Act is a national origin discrimination measure, Dkt. 83 at 3-4. But, as this Court held, the plain text of the statute does not prohibit discrimination on the basis of Israeli national origin or any other protected characteristic, Dkt. 82 at 32-33. It instead prohibits boycotts of the nation of Israel or any company that does business in Israel for any reason, including political disagreement with those companies or Israel. *Id.* The Attorney General's assertion (Dkt. 83 at 4) that because Israel is populated largely by

---

[1] The Attorney General argues that the plaintiffs in *FAIR* characterized their actions as a boycott and cited to *Claiborne*, but that does not disturb the fact that the Supreme Court *did not* characterize the action before it as one of a boycott and did not cite to much less overrule *Claiborne*.

Israelis, boycotting the nation of Israel is necessarily national origin discrimination has no basis in the law or logic.

The Attorney General also argues for the first time that *United States v. O'Brien,* 391 U.S. 367, 384 (1968), and not the modified *Pickering v. Bd. of Edu.*, 391 U.S. 593, 568 (1969), analysis should apply here.  Dkt. 83 at 4-5. As an initial matter, by waiting until the Motion to Stay to make this argument, the Attorney General has waived it. *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009); *Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007). Further, because the Act is directed at punishing disfavored speech, *O'Brien* is inapplicable.  *Texas v. Johnson*, 491 U.S. 397, 407 (1989) ("we have limited the applicability of *O'Brien's* relatively lenient standard to those cases in which the governmental interest is unrelated to the suppression of free expression") (citation and quotation marks omitted). Regardless, the Act also fails the standard articulated in *O'Brien* because the Attorney General cannot show that the Act promotes a substantial government interest or that the purportedly "incidental" restriction on the First Amendment is narrowly tailored in furtherance of such an interest.  391 U.S. at 377.

Finally, the Attorney General argues that the Act is not unconstitutionally vague because the phrase "any action" should be construed to be limited to only economic actions. Dkt. 83 at 5. The Court has already rejected this reading of the Act. Dkt. 82 at 44. Even if the Attorney General's reading was correct, his argument still ignores the "ordinary business purposes" carve out *in combination* with the

clause prohibiting any action intended to inflict economic harm on Israel still renders the statute unconstitutionally vague. Dkt. 82 at 44-46.

In a footnote, the Attorney General separately argues that the Court should have considered whether to sever these clauses from the Act.  Dkt. 83 at 5 n.1. But how does one sever the unconstitutionally vague "ordinary business purposes" exception? If the court severed this exception, it would extend the reach of the Act to whatever conduct the legislature intended to exempt. This rewriting and expanding of the statute cannot be done in the name of severability.  *R.R. Ret. Bd. v. Alton R. Co.*, 295 U.S. 330, 362 (1935). And, in any event, as the Court has held, the entire Act is unconstitutional for all the other reasons discussed above.

The Attorney General's arguments on the remaining factors for a stay fare no better. The Attorney General argues that enjoining a law enacted by the State will cause it irreparable harm, Dkt. 83 at 2, but that is not the case where, as here, the law is unconstitutional.   The State "can never have a legitimate interest in administering [a regulation] in a way that violates federal law." *Planned Parenthood of Gulf Coast, Inc. v. Gee*, 862 F.3d 445, 471 (5th Cir. 2017); *see also* Dkt. 82 at 48 ("the public interest is not served by Texas's continued enforcement of a statute Plaintiffs have shown likely violates the First Amendment"). On the contrary, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion).  The Attorney General's argument that a stay would be in

the public interest because the Act serves the State's interest in preventing discrimination, Dkt. 83 at 2, has also been rejected by this Court, Dkt. 82 at 48.

The only other issue raised by the Attorney General is the revision of the Anti-BDS law, which passed the Senate on May 2, 2019.  Dkt. 83 at 5-6. The government argues that, in light of this amendment, staying the preliminary injunction pending appeal would "prevent confusion in the formation of state contracts in the few weeks prior to the likely mooting of this action."  However, the sole government interest implicated by this argument is the ability to continue to promulgate an unconstitutional law. This is especially true given that the amendment does nothing to cure the law's constitutional defects.  That is not enough to justify a continued violation of Plaintiffs' First Amendment rights. The Attorney General cites no authority for the proposition that the loss of Texas's ability to violate the constitution is cognizable injury to the state.  Moreover, the state offers no argument, much less evidence, to explain how enforcement of the clear terms of the preliminary injunction would cause confusion, nor why such confusion is uniquely caused by an amendment to the Anti-BDS law. In fact, none of this has anything to do with a motion to stay pending appeal.

Dated: May 6, 2019

Respectfully submitted,

**CAIR LEGAL DEFENSE FUND**

*/s/ Lena F. Masri*

Lena F. Masri (D.C. Bar No. 1000019)
  lmasri@cair.com
Gadeir I. Abbas (VA Bar No. 81161)*

**J** gabbas@cair.com
**O**arolyn M. Homer (D.C. Bar No. 1049145)
**H** chomer@cair.com
**N**53 New Jersey Ave., SE
Washington, DC 20003
**T**hone: (202) 742-6420
Fax: (202) 488-0833

**J**
***O** Licensed in VA, not in D.C.*
**O** *Practice limited to federal matters*
**H**

JOHN T. FLOYD LAW FIRM
John T. Floyd (TX Bar No. 00790700)
    jfloyd@johntfloyd.com
Christopher M. Choate (TX Bar No. 24045655)
    choate@johntfloyd.com
4900 Woodway Dr., Ste. 725
Houston, TX 77056
Phone: (713) 224-0101
Fax: (713) 237-1511

ATTORNEYS FOR BAHIA AMAWI

*/s/ Edgar Saldivar*
Edgar Saldivar, TX Bar No. 24038188
Thomas Buser-Clancy, TX Bar No. 24078344
Andre Segura, TX Bar No. 24107112**
Adriana Piñon, TX Bar No. 24089768
ACLU Foundation of Texas, Inc.
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 325-7011
Fax: (713) 942-8966
esaldivar@aclutx.org
tbuser-clancy@aclutx.org
asegura@aclutx.org
apinon@aclutx.org

Brian Hauss**
Vera Eidelman**
American Civil Liberties Union Foundation
Speech, Privacy & Technology Project

125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Fax: (212) 549-2654
bhauss@aclu.org
veidelman@aclu.org

Kevin Dubose**
Alexander, Dubose, Jefferson & Townsend
1844 Harvard Street
Houston, TX 77008
Telephone: (713) 522-2358
Fax: (713) 522-4553
kdubose@adjtlaw.com

* Applications for admission are
forthcoming/pending
**Admitted *pro hac vice*

ATTORNEYS FOR *PLUECKER*
PLAINTIFFS