UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BAHIA AMAWI,** *et al.,*<br><br>        Plaintiffs,<br><br>vs.<br><br>**PFLUGERVILLE INDEPENDENT SCHOOL DISTRICT**; *et al.*<br><br>        Defendants. | Case No. 1:18-cv-01091-RP<br>Case No. 1:18-cv-01100-RP |

**BAHIA AMAWI'S MOTION FOR PERMANENT INJUNCTION**

Plaintiff Bahia Amawi asks this Court to issue a permanent injunction against the Attorney General under the Court's plenary authority, *see Standard Oil Co. of Tex. v. Lopeno Gas Co.*, 240 F.2d 504, 510 (5th Cir. 1957), or, in the alternative, under Rule 56 of the Federal Rules of Civil Procedure. A proposed order is attached.

The Court has already granted a preliminary injunction. Dkt. 82. The comprehensive, 56-page Order (Dkt. 82) held that Texas's Anti-BDS law was unconstitutional. In its decision, the Court found that, as a matter of law, *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982), and not *Rumsfeld v. FAIR*, 547 U.S. 47 (2006), governed this case. Dkt. 82 at 23-26. It found that, as a law punishing protected speech, the Anti BDS law could only be upheld if narrowly tailored to serve a compelling state interest. *Id.* at 26-32. The Court held that the Anti-BDS Law *neither* served a compelling state interest *nor* was narrowly tailored, and thus was unconstitutional. *Id.* at 32-36 and 36-37.

1

The Court then separately found the Anti-BDS Law acted as an unconstitutional condition for a government contract, *id.* at 38-40, as unconstitutional compelled speech, *id.* at 40-43, and as an unconstitutionally vague law, *id.* at 43-46.

The Court also found that Amawi has "suffered [irreparable] harm by the enforcement of" the Anti-BDS Law "and will continue to suffer harm unless it is enjoined." *Id.* at 46-47. The Court further found the balance of equities "weighs in favor of injunctive relief." *Id.* at 48.  And the Court found that the public interest also "weighs in favor" of an injunction.  *Id.*  "In sum, the Court finds that all four preliminary injunction factors weigh in Plaintiffs' favor." *Id.*

At no point in the Court's decision did it discuss or resolve any factual dispute. Rather, it relied on applicable First Amendment principles, the Anti-BDS Law itself, whose meaning is a question of law, *Kemp v. G.D. Searle & Co.*, 103 F.3d 405, 407 (5th Cir. 1997)), and undisputed facts, *see* Dkt. 82 at 3, 15, 24, 50, and 51. And, at the March 29 hearing on the Preliminary Injunction all parties other than Klein and Lewisville ISD—who are not parties to Amawi's Complaint—agreed that there are no contested issues of fact that are of any moment to the issues that are before the Court." Dkt. 81, Tr. 5:23-24, 6:1-3, 6:15-17, 6:24-25, 7:12-15.  Indeed, counsel for Defendants declined to cross examine Bahia Amawi even though the Court gave them the opportunity to do so.

The only "difference between the standard for a permanent injunction and the standard for a preliminary injunction is that in the former the court determines the plaintiff's success on the merits rather than the plaintiff's likelihood of success on the

merits." *Moore v. City of Van, Texas*, 238 F. Supp. 2d 837, 852 (E.D. Tex. 2003) (citation omitted); *Jabr v. Rapides Par. Sch. Bd. ex rel. Metoyer*, 171 F. Supp. 2d 653, 666 (W.D. La. 2001) (similar). Thus, "the court may grant a permanent injunction without a trial on the merits if there are no material issues of fact and the issues of law have been correctly resolved." *Calmes v. United States*, 926 F. Supp. 582, 591 (N.D. Tex. 1996) (citation omitted); *see also Jabr*, 171 F. Supp. 2d at 666 (permanent injunction, rather than a preliminary one, was appropriate when judgment was on the pleadings). Indeed, a court can even issue a permanent injunction *sua sponte* upon application for a preliminary injunction. *Standard Oil*, 240 F.2d at 510; *see also Minnesota Dep't of Econ. v. Riley,* 107 F.3d 648, 649 (8th Cir.1997) (reviewing district court grant of a preliminary injunction and granting a permanent injunction because all issues were questions of law); *Garcia-Rubiera v. Flores-Galarza*, 516 F. Supp. 2d 180, 198 (D.P.R. 2007) (similar), *rev'd in part on other grounds*, 570 F.3d 443 (1st Cir. 2009*); Clark v. Cohen*, 613 F. Supp. 684, 690 (E.D. Pa. 1985), *aff'd*, 794 F.2d 79 (3d Cir. 1986).

Each of the Texas Anti BDS law's infirmities described above and in the Court's prior Order, standing alone, is enough to justify a permanent injunction. And, as noted above, the Court found each infirmity as a matter of law not conditioned on any factual dispute. There is thus no distinction between Amawi being likely to succeed on the merits and her succeeding on the merits as a matter of law. *Moore v*, 238 F. Supp. 2d at 852; *Jabr*, 171 F. Supp. 2d at 666. The Court should convert the Preliminary Injunction into a Permanent Injunction without further proceedings. *See*

*Howells v. City of New Orleans*, 04-cv-1035, 2004 WL 1857666, at *6 (E.D. La. Aug. 17, 2004) (granting a preliminary injunction and informing the parties that it "will issue a permanent injunction and final judgment within *ten (10) days from entry of this order* unless, within that time frame, the City moves for a trial on the merits and persuades the Court that factual disputes pertinent to the applicable legal framework require resolution via trial.") (emphasis original).

Amawi incorporates by reference the Motions and Replies in support of a Preliminary Injunction filed by her and by the *Pluecker* Plaintiffs, Dkts. 8, 39, 40, and 18-cv-1100 Dkt. 14, as well as the record at the Preliminary Injunction hearing, Dkts. 77 and 81. *See* Fed. R. Civ. P. 65(a)(2) ("Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial.").

Dated: May 7, 2019                              JOHN T. FLOYD LAW FIRM

/s/ John T. Floyd
John T. Floyd (TX Bar No. 00790700)
 jfloyd@johntfloyd.com
Christopher M. Choate (TX Bar No. 24045655)
 choate@johntfloyd.com
4900 Woodway Dr., Ste. 725
Houston, TX 77056
Phone: (713) 224-0101
Fax:   (713) 237-1511

CAIR LEGAL DEFENSE FUND

 /s/ Lena F. Masri
 Lena F. Masri (D.C. Bar No. 1000019)
 lmasri@cair.com
 Gadeir I. Abbas (VA Bar No. 81161) *
 gabbas@cair.com
 Carolyn M. Homer (D.C. Bar No. 1049145)
 chomer@cair.com
 453 New Jersey Ave., SE
 Washington, DC 20003
 Phone: (202) 742-6420
 Fax:  (202) 488-0833

 * Licensed in VA, not in D.C.
  Practice limited to federal matters