IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Bahia Amawi, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Civil Action No. 1:18-CV-1091-RP |
| § | | |
| Pflugerville Independent School District; and § | | *consolidated with:* |
| Ken Paxton, in his official capacity as § | | |
| Attorney General of Texas, § | | Civil Action No. 1:18-CV-1100-RP |
| *Defendants.* § | | |

**DEFENDANT KEN PAXTON'S MOTION TO DISMISS UNDER**
**FEDERAL RULE OF CIVIL PROCEDURE 12(H)(3)**

"[A]ny set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008). As of May 7, 2019, there is no actual controversy between any of the five named plaintiffs in these consolidated cases and any of the named defendants. Plaintiffs are sole proprietors who sought prospective relief to enjoin enforcement of Chapter 2270 of the Texas Government Code. *See* Plaintiff Bahia Amawi's Complaint and Jury Demand, Doc. 1 at 9–10 (listing requests for prospective relief); *Pluecker et al. v. Paxton et al.* ("*Pluecker*"), Case No. 1:18-cv-1100-RP, Pluecker Plaintiffs' Complaint for Declaratory and Injunctive Relief, Doc. 1 at 27–28 (same). The Legislature has amended Chapter 2270 such that it no longer applies to sole proprietors. Plaintiffs' claims for injunctive relief are thus moot, and this case should be dismissed.

**BACKGROUND**

**I.    The Prior Version of Chapter 2270 Applied to Sole Proprietors.**

Under Chapter 2270 of the Texas Government Code, a "governmental entity may not enter into a contract with a company for goods or services unless the contract contains a written verification from the company that it: (1) does not boycott Israel; and (2) will not boycott Israel

during the term of the contract." TEX. GOV'T CODE § 2270.002. By certifying that it does not "boycott Israel," a company verifies that it does not refuse to deal with, terminate business activities with, or take other actions intended to penalize, inflict economic harm on, or limit commercial relations with Israel (or someone doing business with Israel or an Israeli-controlled territory). TEX. GOV'T CODE § 808.001(1). A company may, however, continue to take actions "for ordinary business purposes." *Id.* Under the prior version of Chapter 2270, "companies" included sole proprietors. *See* Doc. 25 at 5 (discussing the language of the then-operative provisions of Chapter 2270 and Chapter 808 of the Texas Government Code).

II.     **The Current Version of Chapter 2270 Does Not Apply to Sole Proprietors.**

On January 11, 2019, Representative Phil King filed H.B. 793 in the Texas House of Representatives, which clarifies that Chapter 2270's certification requirement only applies to contracts between (a) a governmental entity and a company with 10 or more full-time employees; and (2) that have a value of $100,000 or more that is to be paid at least in part from public funds of the governmental entity. *See* Ex. A, Enrolled Version of H.B. No. 793, § 2. Critically, the bill also provides that the term "company" "does not include a sole proprietorship." *Id.* § 1. House Bill 793 passed by a vote of 105-0 in the House of Representatives and a vote of 28-3 in the Senate. *See* Ex. B (vote in House recorded on April 11, 2019); Ex. C (vote in Senate recorded on May 2, 2019). Because it received "a vote of two-thirds of all members elected to each house," it took effect immediately upon Governor Abbott signing the law on May 7, 2019. *See* Texas Legislature Online, HB 793, *available at* https://capitol.texas.gov/BillLookup/History.aspx?LegSess=86R&Bill=HB793.

III.    **Plaintiffs Are All Sole Proprietors.**

All of the Plaintiffs in this case are sole proprietors. *See* Pluecker Plaintiffs' Reply to Paxton's Response to Preliminary Injunction, Doc. 40 at 2 (asserting that Pluecker Plaintiffs are sole proprietors); Plaintiff Bahia Amawi's Memorandum in Support of Plaintiff's Motion for a Preliminary

Injunction, Doc. 8-2 at 4 ("As an independent contractor who receives income in exchange for services, Amawi is by definition a sole proprietor."). And the evidence that Plaintiffs attached to their respective motions for preliminary injunction indicates that the values of their contracts are far less than $100,000. *See* Doc. 8-3 at 9 (stating that the total cost to Pflugerville Independent School District for Amawi's services would be $1,000); *Pluecker*, Doc. 14-4 at 10 (potential fee for Obinna Dennar of up to $150 for judging debate tournament for Klein Independent School District); *Pluecker*, Doc. 14-5 at 12 (contract between George Hale and Texas A&M Commerce not to exceed $4,800); *Pluecker*, Doc. 14-6 at 10, 15, 20 (proposed contracts between University of Houston and John Pluecker for $1,500, $1,500 and $250, respectively). No plaintiff has asserted that the contracts at issue are between a company of 10 or more employees and a governmental entity.

## ARGUMENT

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Article III provides that the judicial power of the United States extends only to "cases and controversies." This requirement "subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990). "[I]t is not enough that a dispute was very much alive when the suit was filed; . . . [t]he parties must continue to have a personal stake in the outcome of the lawsuit." *City of Dallas*, 529 F.3d at 527 (citation and quotation marks omitted).

As the Fifth Circuit has explained, mootness is "the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Id.*

This case is moot. Plaintiffs would not be able to bring suit today against Chapter 2270, because Chapter 2270 no longer applies to them or their contracts with the defendant governmental entities.[1] *See* Ex. A § 1. They therefore no longer have a "personal stake in the outcome of this lawsuit." *City of Dallas*, 529 F.3d at 527. In other words, they would lack standing to sue if they brought a new lawsuit: their disagreements with a law that does not apply to them are insufficient to confer standing. *See, e.g.*, *Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." (citation and quotation marks omitted)).

Moreover, this legislative enactment is exactly the kind of development that the Fifth Circuit has recognized will render a case moot. "[S]tatutory changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." *Fantasy Ranch Inc. v. City of Arlington, Tex.*, 459 F.3d 546, 564 (5th Cir. 2006) (finding that city's amended ordinance addressed all of the issued raised by the pre-amendment complaint, rendering the challenge to the pre-amendment ordinance moot); *Gegenheimer v. Stevenson*, 2017 WL 2880867, at *2 (W.D. Tex. July 5, 2017) ("Because S.B. 416 discontinues the practice challenged by Plaintiff and offers a complete remedy for the injury at issue in this case, the Court

---

[1] Four of the five plaintiffs—Bahia Amawi, John Pluecker, Obinna Dennar, and Zachary Abdelhadi—refused to sign contracts with the certification clause, and now, any future contract they might sign will not contain it (or, at a minimum, will not contain it because of anything having to do with Chapter 2270). Doc. 1 ¶¶ 30–33; *Pluecker*, Doc. 1 ¶¶ 37–42; 55–56; 72–73. George Hale alleged that he signed his contract with Texas A&M Commerce "under protest." *Pluecker*, Doc. 1 ¶ 92. He too lacks standing to seek an injunction prospectively because Chapter 2270 does not apply to him on a going forward basis. *See* Ex. A, *supra*. Moreover, in light of the amendments to Chapter 2270 contained in House Bill 793, Texas A&M Commerce has amended its contract with Hale to remove the certification required under Chapter 2270. *See* Ex. D.

concludes that the State's voluntary cessation of the challenged conduct renders Plaintiff's action moot. The Court therefore no longer has jurisdiction over Plaintiff's claims.").

Because this action is moot based on an intervening change in law, and thus resolved with finality, it follows that the preliminary injunction should be dissolved immediately. *See Staley v. Harris Cnty., Tex.*, 485 F.3d 305, 312 (5th Cir. 2007) (en banc) (explaining that courts must "look at the equities of the individual case."). "[T]he appeal was mooted by actions of the [Texas] legislature, which is not a party to this suit." *Hall v. La.*, 884 F.3d 546, 553 (5th Cir. 2018). Accordingly, "[n]o 'fault' in mooting the appeal is attributable to any of the defendants, even though some of them are officials of the State of [Texas]." *Id.*

Courts have reached this conclusion in multiple cases pertaining to preliminary injunctions in moot cases. *See, e.g.*, *Pro-Life Cougars v. Univ. of Houston*, No. 02-20868, 67 F. App'x 251, at *1 (5th Cir. 2003) ("Where, however, a decision on the merits is rendered during the appeal of a preliminary injunction, the preliminary injunction becomes moot."); *Grano v. Barry*, 733 F.2d 164, 166 (D.C. Cir. 1984) (subsequent legislative developments mooted case and required the court to "dissolve the remaining injunction"); *see also Hijar v. Burrus*, 474 U.S. 1016 (1985) (ordering vacatur of injunction when cause is moot); *Wyoming v. Sierra Club*, 2016 WL 3853806, at *1 (10th Cir. July 13, 2016) (vacating preliminary injunction upon finding that the case became moot); *Save Greers Ferry Lake, Inc. v. Dep't of Def.*, 255 F.3d 498, 502 (8th Cir. 2001) (similar); *Wyatt By & Through Rawlins v. Rogers*, 92 F.3d 1074, 1080 (11th Cir. 1996) (district court "will dissolve the preliminary injunction" when "the need for the preliminary injunction . . . is moot"); *Gilbert v. Nix*, 990 F.2d 1044, 1045 (8th Cir. 1993) (similar); *Ry. Labor Executives' Ass'n v. Pittsburgh & Lake Erie R. Co.*, 884 F.2d 744, 745 (3d Cir. 1989) (similar); *Bass v. Rockefeller*, 464 F.2d 1300 (2d Cir. 1971) (similar).

Indeed, when a subsequent legislative development moots an action, any preliminary injunction enjoining enforcement of an outdated version of the law or rule at issue must be dissolved.

*See, e.g.*, *Dearmore v. City of Garland*, 2005 WL 3276384, at *1 (N.D. Tex. Nov. 30, 2005); *id.* at *1 n.* ("While the court dissolves the preliminary injunction, Plaintiffs shall have the right to seek judicial relief if the removed provision of the Ordinance is reinstated."); *see also Sw. Ctr. for Biological Diversity v. Bartel*, 409 F. App'x 143, 145 (9th Cir. 2011) ("Because the portions of the [regulation] that were the subject of litigation in district court no longer exist, we dismiss the appeal as moot and remand to the district court with instructions to vacate the injunction.").

## CONCLUSION

For the reasons set forth above, General Paxton requests that the Court dismiss Plaintiffs' claims, and that the Court vacate its preliminary injunction (Doc. 82).

    Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

AMANDA J. COCHRAN-MCCALL
Chief for General Litigation Division

*/s/ Michael R. Abrams*
MICHAEL R. ABRAMS
Texas Bar No. 24087072
Assistant Attorney General
RANDALL W. MILLER
Texas Bar No. 24092838
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Michael.Abrams@oag.texas.gov
Randall.Miller@oag.texas.gov

*Counsel for Defendant Ken Paxton*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon Plaintiffs' counsel of record through the Court's electronic filing system on May 8, 2019.

*/s/ Michael R. Abrams*
MICHAEL R. ABRAMS