**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Bahia Amawi,** | § | |
| | § | |
| **Plaintiff** | § | **Case No. 1:18-cv-1091-RP** |
| | § | |
| **v.** | § | ***consolidated with:*** |
| | § | |
| **Pflugerville Independent School District; and Ken Paxton, in his official capacity as Attorney General of Texas,** | § § § | **Case No. 1:18-cv-1100-RP** |
| | § | |
| **Defendants** | § | |

**DEFENDANTS LEWISVILLE ISD'S AND KLEIN ISD'S RESPONSE TO PLAINTIFF AMAWI'S MOTION FOR PERMANENT INJUNCTION AND BRIEF**

COME NOW Defendant Lewisville Independent School District ("LISD") and Klein Independent School District ("KISD") and file this Response to Plaintiff Amawi's Motion for Permanent Injunction and Brief.

## I.
## SUMMARY

The Court should deny Plaintiff Amawi's Motion for Permanent Injunction because her claims are moot, she lacks standing for the relief she is requesting, and this Court lacks subject matter jurisdiction over this case. For these reasons, Amawi cannot succeed on the merits of her claim, nor meet any of the other required elements for obtaining a permanent injunction.[1]

[1] LISD and KISD file this Response subject to their Motion to Dismiss [Dkt. 95] and the arguments contained therein.

## II.
## TABLE OF CONTENTS

I. SUMMARY .......... I

II. TABLE OF CONTENTS .......... II

III. ARGUMENT AND AUTHORITIES .......... 1

A. The Amended Act Moots Amawi's Claims as it No Longer Applies to Her As A Sole Proprietor. .......... 1

B. The Court Lacks Jurisdiction Over Amawi's Claims Because There is No Case or Controversy, Her Claims are Moot, and She Lacks Standing. .......... 1

1. The Law. .......... 1

2. Amawi's Motion for Permanent Injunction Must be Denied and her Case Dismissed. .......... 2

IV. CONCLUSION .......... 3

## III.
## ARGUMENT AND AUTHORITIES

### A. The Amended Act Moots Amawi's Claims as it No Longer Applies to Her As A Sole Proprietor.

In 2017, the Texas Legislature passed, and Governor Abbott signed into law, Chapter 2270 of the Texas Government Code (hereinafter "the Act"). As originally passed in 2017, the Act regulated companies, including sole proprietorships, that contract with Texas local governments, and it barred those companies from discriminating against Israel and Israeli businesses. Dkt. 8-2, p. 8.

On May 7, 2019, the Act was amended to make clear that regulated companies under the Act "do[] not include a sole proprietorship." Appendix p. 1. The amended Act only applies to business entities, other than sole proprietorships, with more than ten employees and with a value of $100,000. *Id.*

Amawi is a sole proprietor seeking to do business with Pflugerville ISD. Dkt. 8-2, p. 8. For this reason, the Amended Act does not apply to her, and, therefore, it does not require her to certify that she does not boycott Israel and it does not prevent Pflugerville ISD from contracting with her.

### B. The Court Lacks Jurisdiction Over Amawi's Claims Because There is No Case or Controversy, Her Claims are Moot, and She Lacks Standing.

#### 1. The Law.

The Constitution of the United States limits the jurisdiction of federal courts to "Cases" and "Controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). "The core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III" of the Constitution. *Id.* at 560. There must be a case-or-controversy throughout the entirety of the legal proceedings, not just at its inception. *Lewis v. Continental Bank Corp.*, 494 U.S.

472, 477-78 (1990); *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (citations omitted) ("any set of circumstances that eliminates the actual controversy after the commencement of a lawsuit renders that action moot"); *Ctr. for Indiv. Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006) (standing must continue throughout the litigation). Any change that "eliminates actual controversy after the commencement of a lawsuit renders the action moot." *Carmouche*, 449 F.3d at 661.

"'[S]tatutory changes that discontinue a challenged practice are 'usually enough to render a case moot, even if the legislature possesses the power to reenact that statute after the lawsuit is dismissed.''" *Fantasy Ranch Inc. v. City of Arlington, Tex.*, 459 F.3d 546, 564 (5th Cir. 2006) (citation omitted). As this Court had held, "[b]ecause S.B. 416 discontinues the practice challenged by Plaintiff and offers a complete remedy for the injury at issue in this case, the Court concludes that the State's voluntary cessation of the challenged conduct renders Plaintiff's action moot. The Court therefore no longer has jurisdiction over Plaintiff's claims." *Gegenheimer v. Stevenson*, No. 1:16–CV–1270–RP, 2017 WL 2880867, at *2 (W.D. Tex. July 5, 2017) (Pitman, J.) (citing *U.S. v. Lares–Meraz*, 452 F.3d 352, 354–55 (5th Cir. 2006) ("A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.") (quoting *Golding v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999))).[2]

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

**2. Amawi's Motion for Permanent Injunction Must be Denied and her Case Dismissed.**

Amawi is a sole proprietor suing for injunctive and declaratory relief under the prior version of the Act that proscribed Texas governmental entities from contracting with sole

[2] As there is no case or controversy because her claims have become moot, Amawi cannot establish the "irreducible constitutional minimum of standing" enunciated by the U.S. Supreme Court in *Lujan*. See *Lujan*, 504 U.S. at 560-1.

proprietors who boycott Israel. The amended Act no longer proscribes Texas governmental entities from contracting with sole proprietors, including Amawi, based on whether she boycotts Israel. For this reason, the case has become moot, the Court lacks subject matter jurisdiction, her Motion for Permanent Injunction must be denied as she cannot meet any of the required elements for a permanent injunction, and the Court must dismiss Amawi's claims.[3]

## IV.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Lewisville ISD and Klein ISD pray that Plaintiff Amawi's Motion for Permanent Injunction be denied, and for such other relief, both general and special, at law or in equity, to which they are entitled.

Respectfully submitted,

/s/ Thomas P. Brandt
**THOMAS P. BRANDT**
State Bar No. 02883500
tbrandt@fhmbk.com
**FRANCISCO J. VALENZUELA**
State Bar No. 24056464
fvalenzuela@fhmbk.com
**LAURA O'LEARY**
State Bar No. 24072262
loleary@fhmbk.com

**FANNING HARPER MARTINSON BRANDT & KUTCHIN, P.C.**
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

[3] The elements for a permanent injunction are similar to those for a preliminary injunction, except that a plaintiff must establish that she prevails on the merits and not just a substantial likelihood that she will prevail on the merits. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847-48 (5th Cir. 2004) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12 (1987) (other citations omitted)). As Amawi lacks standing, she cannot meet the required elements.

**COUNSEL FOR DEFENDANT LEWISVILLE INDEPENDENT SCHOOL DISTRICT AND KLEIN INDEPENDENT SCHOOL DISTRICT**

**CERTIFICATE OF SERVICE**

This is to certify that on the 20th day of May, 2019, I electronically filed the foregoing document with the clerk of the Court for the United States District Court, Western District of Texas, using the electronic case filing system of the Court, and served this document on all attorneys of record in accordance with Rule 5 of the Federal Rules of Civil Procedure.

/s/ Thomas P. Brandt
**THOMAS P. BRANDT**