UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BAHIA AMAWI**<br><br>    Plaintiff,<br><br>vs.<br><br>**PFLUGERVILLE INDEPENDENT SCHOOL DISTRICT**; and<br><br>**KEN PAXTON**, in his official capacity as Attorney General of Texas,<br><br>    Defendants. | Case No. 1:18-cv-01091-RP<br><br>*consolidated with*<br><br>Case No. 1:18-cv-01100-RP |

### **BAHIA AMAWI'S OPPOSITION TO KEN PAXTON'S MOTION TO DISMISS**

Amawi opposes the Texas Attorney General's Motion to Dismiss (Dkt. 92). The State of Texas continues to unconstitutionally punish speech, and merely exempting Amawi from the law is insufficient to moot the case under the voluntary cessation exception to mootness. Even if the case is otherwise moot, the Court must still maintain jurisdiction over the case in order to award Amawi attorneys' fees as a successful plaintiff.

### ARGUMENT

**I.  Texas's Ongoing Illegal Conduct Prevents it from Mooting this Case**

Texas cannot carry its burden to demonstrate mootness by simply pointing to HB 793. That is because a legislative change does not automatically moot a legislative challenge. This Court must go further and assess the character of Texas's legislative change to determine whether it is a viable basis for a mootness finding.

1

In *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 2889 (1982), the Supreme Court similarly confronted a moving-target legislative body. And there, the Supreme Court commended a lower court for striking down language that "was no longer a part of the ordinance" challenged. *Id.* The Court in *Aladdin's Castle* even made a determination as to whether the legislative change was part of an effort to avoid judicial intervention, concluding that the change at issue was an "obvious response to the state court's judgment." *Id.* at 289. Adjudicating a challenge against a statutory provision no longer affecting the litigant, the Supreme Court was undeterred, declaring that it "must confront the merits." *Id.*

This Court should follow suit. The Attorney General's Motion (Dkt. 92) presents the same situation as *Aladdin's Castle*. The Attorney General's Motion asks the following question: Is a case moot when (1) the Government violates the First Amendment, (2) in a manner which, as the Court already has found, chills speech and causes irreparable injury, and (3) the Government continues the unlawful conduct, but (4) the Government attempts to avoid judicial review by piecemeal exempting small classes of individuals who have expended significant resources challenging the Government's action?

The answer is no. This case is not moot.

Under *Aladdin's Castle*, a defendant must do more than merely repeal objectionable language from a statute to meet its mootness burden. Rather, the Government must show "there is no reasonable expectation that the challenged activity will recur, an inquiry similar to whether a plaintiff lacks standing because

there is no 'credible threat of prosecution.'" *United Food and Commercial Workers International Union, et al. v. IBP, Inc.*, 857 F.2d 422, 429 (8th Cir. 1988) (quoting *Babbitt v. UFW National Union*, 442 U.S. 289, 302 (1979)). As a result, this Court cannot dismiss on mootness because "it is not certain that changes in leadership or philosophy might not result in reinstitution of the [challenged] policy." *Philips v. Pennsylvania Higher Education Assistance Agency*, 657 F.2d 554, 569–70 (3rd Cir. 1981); *see also Cooper v. McBeath*, 11 F.3d 547, 551 (5th Cir. 1994) (no mootness unless "subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur") (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968) (cleaned up)). Voluntary cessation is particularly appropriate when the Government makes a "persistent defense of the constitutionality of the" challenged conduct that has been repealed. *Pro-Life Cougars v. Univ. of Houston*, 259 F. Supp. 2d 575, 581 (S.D. Tex. 2003); *see also Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 903 F.3d 829, 845 (9th Cir. 2018) ("provisions revive some of the challenged aspects of the now-repealed law is prima facie evidence that Nevada has not met its burden of demonstrating mootness"), *reh'g en banc granted and decision pending*, No. 16-15588, 2019 WL 2202983 (9th Cir. May 22, 2019).

As these cases, and *Philips* and *Pro-Life Cougars* in particular, show, *Aladdin's Castle* requires courts to examine whether the Government's unlawful conduct is likely to reoccur, and not just whether the future harm to a particular plaintiff is likely to reoccur. Here, the answer to that can be solved without mind-reading.

3

The enactment of HB 793 to amend the Texas Anti-BDS Act neither eliminates the Anti-BDS Act altogether nor ceases Texas's punishment of protected speech. None of the substantive First Amendment-violating language has changed under Texas law; rather, the amendment merely exempts sole proprietors and other small contractors from the compelled speech "No Boycott of Israel" certifications. The Attorney General's unconstitutional free-speech-suppression efforts, the very same ones this Court previously enjoined, continue unabated against others.

The Attorney General's mootness argument is further weakened by the fact that this case involves a challenge to a law that punishes the exercise of free speech rights protected by the First Amendment, chilling those rights. As explained by the Supreme Court, "the First Amendment needs breathing space." *Broadrick v. Oklahoma*, 413 U.S. 601, 611 (1973). Standing may thus arise "not because [the plaintiff's] own rights of free expression are violated, but because of a judicial prediction or assumption that the [challenged statute's] very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Id.* at 612. "[I]n First Amendment cases," the judiciary has "relaxed our rules of standing without regard to the relationship between the litigant and those whose rights he seeks to assert precisely because application of those rules would have an intolerable, inhibitory effect on freedom of speech." *Eisenstadt v. Baird*, 405 U.S. 438, 446 (1972); *see also Grossberg v. Deusebio*, 380 F. Supp. 285, 292 (E.D. Va. 1974) (applying *Eisenstadt* and declining to find a First Amendment challenge moot). Bahia Amawi faced a "No Boycott of Israel" clause that still exists and still chills

speech across Texas; this persistent threat to the First Amendment justifies continuance of the case.

To be sure, sometimes a legislative change does moot a case. Voluntary cessation does not apply to every legislative enactment that affects litigation. But the elements of legislation which courts have found distinguishes other cases from *Aladdin's Castle* are not present here. So, for example, a case is moot when "there is no evidence indicating that the legislation was enacted in order to overturn an unfavorable precedent." *Nat'l Black Police Ass'n v. D.C.*, 108 F.3d 346, 351 (D.C. Cir. 1997); *see also Martin v. Houston,* 226 F. Supp. 3d 1283, 1297 (M.D. Ala. 2016) ("none of the cited opinions confronted a repeal or amendment obtained with the purpose of avoiding an adverse judgment, greatly reducing their persuasive value in this case").

But that is not this case. In contrast to *National Black Police Association*, the evidence that the state legislature here acted solely to avoid the Court's adverse ruling is overwhelming. The Texas Anti-BDS law was passed in 2017 by a legislature of largely the same political makeup, and it was signed by the same governor as today. During that time, Texas affirmatively considered amending the law to exclude sole proprietorships but declined to do so. Including sole proprietorships within the reach of the "No Boycott of Israel" language was intentional, not a mere oversight. Two years later, the legislature passed HB 793, containing the same narrowing amendment it had previously rejected. The amendment cleared the legislature, was signed by the Governor, and took effect in the two weeks immediately following this Court's issuance of a preliminary injunction. *See* "History", Texas Legislature Online,

Texas House Bill 793, https://capitol.texas.gov/BillLookup/History.aspx?LegSess=86R&Bill=HB793. The timing shows the legislative change was nothing more than a strategic way to shield this illegal law from this Court.

Likewise, none of the cases cited by the Attorney General (Dkt. 92 at 4-5), support a finding of mootness here. *Fantasy Ranch Inc. v. Arlington*, 459 F.3d 546, 565 (5th Cir. 2006), found challenges to a pre-amendment ordinance moot because the amendment fixed the constitutional problem to the statute outright, which the Government did not do here.[1] *Gegenheimer v. Stevenson*, 16-cv-1270, 2017 WL 2880867, at *1 (W.D. Tex. July 5, 2017), relying on *Fantasy Ranch*, also found mootness based on the complete discontinuing of the challenged conduct. In *Hall v. Louisiana*, 884 F.3d 546, 553 (5th Cir. 2018), like in *National Black Police Association*, the legislative action mooting the case was completely unrelated to the litigation. And *in Staley v. Harris Cty., Tex.*, 485 F.3d 305, 313 (5th Cir. 2007), the Court only found the appeal moot, leaving in place the Court's permanent injunction, due to the risk of the Government repeating its unlawful conduct.

The Attorney General's string cite asserting that the case is moot and that the preliminary injunction should be dissolved misses the point. (Dkt. 92 at 5-6). The viability of an injunction regards the "exercise rather than the existence of judicial power." *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 289, 102 S. Ct.

---

[1] *Fantasy Ranch* found a separate challenge to the post-amendment ordinance moot based on a problematic interplay between the pre and post amendment ordinance because the Government specifically promised not to apply the ordinance in the manner that was challenged. 459 F.3d at 565. This form of mootness is not relevant here.

1070, 1074 (1982). Amawi has a declaratory judgment claim against the Attorney General, which is distinct from her claims for injunctive relief. That declaratory judgment claim does not depend on Amawi showing irreparable harm and otherwise demonstrating a need for injunctive relief. Instead, Amawi has already proven the elements of her declaratory judgment claim based on the legal findings of the Court and the undisputed facts of this case. *See* Dkt. 82.

The Court should not allow the unconstitutional Anti-BDS law to stand while the legislature forces those whose speech it disfavors to play a game of litigation whack-a-mole. The enactment of the HB 793 amendment does nothing to fix the obvious constitutional defects of the law this Court enjoined. Instead, HB 793 is transparent litigation posturing aimed at sidelining this Court so Texas can continue to suppress the exact same speech at issue in this case. Bahia Amawi lost a year of her professional life due to the Government's intransigence. What will the next plaintiff lose? And the plaintiff after that? These are the questions that, under the voluntary cessation exception to mootness, the Court may resolve with a definite judgment of unconstitutionality.

## II. The Court Must Still Award Amawi Attorneys' Fees

In the event the Court sides with the defendants on mootness, it should still not dismiss[2] this case until it grants Amawi fees under 28 U.S.C. § 1988. *See generally Dearmore v. City of Garland,* 519 F.3d 517 (5th Cir. 2008) (plaintiff was prevailing party when government amended statute after grant of preliminary

---

[2] Plaintiff respectfully requests that, if the Court does dismiss, it does so without prejudice and with leave to amend.

injunction). Under *Dearmore,* Amawi is entitled to fees as a prevailing party when she "win[s] a preliminary injunction, (2) based upon an unambiguous indication of probable success on the merits of the plaintiff's claims as opposed to a mere balancing of the equities in favor of the plaintiff, (3) that causes the defendant to moot the action, which prevents the plaintiff from obtaining final relief on the merits." *Id.* at 524. Amawi meets all three prongs here and is entitled to fees. Should this Court otherwise deem this case moot, a fee application will promptly follow.

## CONCLUSION

The Attorney General's Motion to Dismiss (Dkt. 92) should be denied.

Dated: June 3, 2019　　　　　　　　　　**CAIR LEGAL DEFENSE FUND**

　　　　　　　　　　　　　　　　　　/s/ Lena F. Masri
　　　　　　　　　　　　　　　　　　　Lena F. Masri (D.C. Bar No. 1000019)
　　　　　　　　　　　　　　　　　　　　lmasri@cair.com
　　　　　　　　　　　　　　　　　　　Gadeir I. Abbas (VA Bar No. 81161)*
　　　　　　　　　　　　　　　　　　　　gabbas@cair.com
　　　　　　　　　　　　　　　　　　　Carolyn M. Homer (D.C. Bar No. 1049145)
　　　　　　　　　　　　　　　　　　　　chomer@cair.com
　　　　　　　　　　　　　　　　　　　453 New Jersey Ave., SE
　　　　　　　　　　　　　　　　　　　Washington, DC 20003
　　　　　　　　　　　　　　　　　　　Phone: (202) 742-6420
　　　　　　　　　　　　　　　　　　　Fax:　 (202) 488-0833

　　　　　　　　　　　　　　　　　　*\* Licensed in VA, not in D.C.*
　　　　　　　　　　　　　　　　　　　*Practice limited to federal matters*

**JOHN T. FLOYD LAW FIRM**

John T. Floyd (TX Bar No. 00790700)
  jfloyd@johntfloyd.com
Christopher M. Choate
  (TX Bar No. 24045655)
  choate@johntfloyd.com
4900 Woodway Dr., Ste. 725
Houston, TX 77056
Phone: (713) 224-0101
Fax:     (713) 237-1511