UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Bahia Amawi,** § | | |
| § | | |
| **Plaintiff** § | | Case No. 1:18-cv-1091-RP |
| § | | |
| v. § | | *consolidated with:* |
| § | | |
| **Pflugerville Independent School District;** § | | Case No. 1:18-cv-1100-RP |
| **and Ken Paxton, in his official capacity** § | | |
| **as Attorney General of Texas,** § | | |
| § | | |
| **Defendants** § | | |

## DEFENDANTS LEWISVILLE ISD AND KLEIN ISD'S NOTICE AND OBJECTIONS TO THE PLUECKER PLAINTIFFS' JOINDER IN AMAWI PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Lewisville Independent School District ("LISD") and Klein Independent School District ("KISD") (collectively, "Defendants") and file their Notice and Objections to the Pluecker Plaintiffs' Joinder in Amawi Plaintiff's Motion for Permanent Injunction in the above-referenced case, and would respectfully show unto the Court the following:

## I.
## BACKGROUND

1. On May 7, 2019, Plaintiff Amawi filed her Motion for Permanent Injunction. Dkt. 90. Plaintiffs Abdelhadi and Dennar, the only Plaintiffs asserting claims against Defendants, did not file a motion for permanent injunction.

2. On May 20, 2019, Defendants filed a Response to Plaintiff Amawi's Motion for Permanent Injunction. Dkt. 100. As Plaintiff Amawi is not asserting claims directly against Defendants, Defendants' Response focused on subject matter jurisdiction arguments. Dkt. 100.

Defendants did not present non-subject matter jurisdiction arguments or evidence that they would have presented had Defendants Abdelhadi and Dennar filed a motion for permanent injunction.

3. On August 30, 2019, Defendants and the State Defendants filed their appellate briefs with the Fifth Circuit Court of Appeals, in support of their appeal of this Court's preliminary injunction order. Appendix p. 0001-0128.

4. Subsequently, eight amici filed briefs in the currently pending appeal. Appendix p. 0129-0482

5. On November 6, 2019, the Pluecker Plaintiffs ("Plaintiffs") filed their Notice of Joinder in Amawi Plaintiff's Motion for Permanent Injunction. *See* Dkt. 114.

## II.
## NOTICE

Plaintiff Amawi's Motion for Permanent Injunction seeks an injunction only against Defendant Paxton.[1] Plainitff Amawi does not seek a permanent injunction against KISD or LISD. For this reason, the Pluecker Plainitffs' attempted joinder to Plaintiff Amawi's Motion for Permanent Injunction is not a joinder in any claim for permanent injunction against KISD or LISD. There is no motion for permanent injunction against KISD or LISD. To the extent that the Pluecker Plainitffs' attempted joinder seeks to assert any claims against Defendants KISD or LISD, KISD and LISD assert the following objections.

## III.
## OBJECTIONS

**A.  Plaintiffs' Joinder in Plaintiff Amawi's Motion for Permanent Injunction Improperly and Materially Prejudices Defendants.**

Defendants object to Plaintiffs' joinder in Plaintiff Amawi's Motion for Permanent

---

[1] "Plaintiff Bahia Amawi asks this Court to issue a permanent injunction against the Attorney General under the Court's plenary authority…." Dkt. 90.

Injunction because, should the joinder be permitted, it would improperly and materially prejudice Defendants in several ways.

### 1. Defendants KISD and LISD Are Without a Procedural Means to File a Response

First, because Plaintiffs did not file a motion for permanent injunction themselves, Defendants are without a procedural means to file a response. The Federal Rules of Civil Procedure and this Court's Local Rules envision responses in response to motions. There is no provision for responses in response to notices. The Rules do not provide for such a response, nor due dates, nor page limitations. Plaintiffs' attempt to join Plaintiff Amawi's motion is procedurally irregular and results in Defendants not being provided with a procedure in which to respond.

### 2. Defendants KISD and LISD Are Not Being Given an Opportunity to Present Evidence and Arguments in Opposition to the Possible Entry of a Permanent Injunction Against Them.

Second, Defendants would like to assert arguments and present evidence against the entering of a permanent injunction in favor of Plaintiffs, which Defendants did not present in their Response to Plaintiff Amawi's Motion for Permanent Injunction. Plaintiff Amawi is not suing Defendants, though a permanent injunction would have affected Defendants, so Defendants' Response to Amawi's Motion focused on subject matter jurisdiction arguments applicable to Amawi. On the contrary, Plaintiffs assert claims against Defendants, and Defendants should be allowed, as a matter of fundamental fairness, justice, and due process, to present their arguments and evidence in their response.

### 3. Plaintiffs' Attempted Joinder Vioaltes the First Rule of Civil Procedure Which Requires the Just, Speedy and Inexpensive Determination of Every Action

Third, Plaintiff's attempt to join Plaintiff Amawi's Motion violates Federal Rule of Civil

Procedure 1.  Rule 1 reads,

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

Plaintiff Amawi filed her Motion for Permanent Injunction on May 7, 2019.  Dkt. 90.  Since that time, Defendants and the State Defendants submitted their briefing to the Fifth Circuit on their appeal of this Court's order of April 25, 2019.  Appendix p. 0001-0128.  Since that time also, eight amici have prepared and filed briefs as part of the appeal.  Appendix p. 0129-0482.  During that time, on two occasions, Plaintiffs sought and obtained *unopposed* extensions of time to file their appellate briefs.  Appendix p. 0483-485.  At this late stage, when Defendants, the State Defendants, and eight amici have filed briefs, Plaintiffs seek, through a method not contemplated by the Federal Rules of Procedure or this Court's Local Rules, a permanent injunction.  This attempt to avoid or delay Fifth Circuit review does not result in the "the just, speedy, and inexpensive determination" of this litigation, but instead results in significant inefficiencies now and, possibly, in the future, were this Court to enter a permanent injunction.

    WHEREFORE, PREMISES CONSIDERED, Defendants Lewisville Independent School District and Klein Independent School District object to Plaintiffs Abdelhadi and Dennar's joinder to Plaintiff Amawi's Motion for Permanent Injunction, respectfully request that the Court sustain its objections, and deny Plaintiffs Abdelhadi and Dennar's joinder to Plaintiff Amawi's Motion for Permanent Injunction.

                              Respectfully submitted,

                               /s/ Thomas P. Brandt  
                            **THOMAS P. BRANDT**  
                             State Bar No. 02883500  
                             tbrandt@fhmbk.com

        **FRANCISCO J. VALENZUELA**
         State Bar No. 24056464
         fvalenzuela@fhmbk.com
        **CAROLINE SILEO**
         State Bar No. 24091651
         csileo@fhmbk.com

        **FANNING HARPER MARTINSON**
         **BRANDT & KUTCHIN, P.C.**
        Two Energy Square
        4849 Greenville Ave., Suite 1300
        Dallas, Texas 75206
        (214) 369-1300 (office)
        (214) 987-9649 (telecopier)

        **COUNSEL FOR DEFENDANTS LEWISVILLE INDEPENDENT SCHOOL DISTRICT AND KLEIN INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's electronic filing system on November 12, 2019.

        /s/ Thomas P. Brandt
        **THOMAS P. BRANDT**