# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

May 19, 2020

Ms. Jeannette Clack
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 19-50384    Bahia Amawi v. Pflugerville Indep Sch Dist, et al
                           USDC No. 1:18-CV-1091
                           USDC No. 1:18-CV-1100

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Melissa V. Mattingly, Deputy Clerk
                              504-310-7719

cc w/encl:
    Mr. Michael Abrams
    Mr. Jonathan Backer
    Mr. Mark M. Baker
    Ms. Michal Baum
    Mr. Stephen Blacklocks
    Mr. Thomas Phillip Brandt
    Mr. Thomas Paul Buser-Clancy
    Mr. Adam Howard Charnes
    Mr. Parker Douglas
    Mr. Jethro Eisenstein
    Mr. Drew C. Ensign
    Mr. John Thomas Floyd III
    Mr. Matthew Hamilton Frederick
    Mr. Jay Mark Goldstein

Mr. Marc Greendorfer
Mr. Brian Matthew Hauss
Mr. Kyle Douglas Hawkins
Ms. Ramya Krishnan
Ms. Maria LaHood
Mr. Nathan Lewin
Mr. Jerome M. Marcus
Ms. Lena F. Masri
Ms. Mary B. McCord
Ms. Laura Dahl O'Leary
Mr. Gregory E. Ostfeld
Mr. Kenneth E. Payson
Ms. Adriana Cecilia Pinon
Mr. Edward L. Rothberg
Mr. Jonathan Rotter
Mr. Justin Sadowsky
Mr. Radhika Sainath
Mr. Edgar Saldivar
Mr. Andre Segura
Ms. Caroline Sileo
Mr. Francisco J. Valenzuela
Mr. Eugene Volokh

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50384

United States Court of Appeals
Fifth Circuit
**FILED**
April 27, 2020
Lyle W. Cayce
Clerk

BAHIA AMAWI

      Plaintiff - Appellee

v.

KEN PAXTON, in his official capacity as Attorney General of Texas,

      Defendants - Appellants

-----------------------------------------------------------------------------------------------

JOHN PLUECKER; OBINNA DENNAR; ZACHARY ABDELHADI; GEORGE HALE;

      Plaintiffs - Appellees

v.

BOARD OF REGENTS OF THE UNIVERSITY OF HOUSTON SYSTEM; TRUSTEES OF THE KLEIN INDEPENDENT SCHOOL DISTRICT; TRUSTEES OF THE LEWISVILLE INDEPENDENT SCHOOL DISTRICT; BOARD OF REGENTS OF THE TEXAS A&M UNIVERSITY SYSTEM,

      Defendants - Appellants

Appeals from the United States District Court
for the Western District of Texas

No. 19-50384

Before JOLLY, JONES, and ENGELHARDT, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This appeal touches on the Israeli-Palestinian conflict. In 2017, Texas enacted a law that forbids its governmental entities from contracting with companies who engage in economic boycotts of Israel. The plaintiffs, who support the Palestinian side of the conflict, then brought two separate suits for declaratory and injunctive relief in federal district court, alleging that requiring "No Boycott of Israel" clauses in Texas government contracts violates the First Amendment. After the two suits were consolidated, the district court held that the plaintiffs were likely to succeed on the merits of their claims that the First Amendment prohibited Texas's "No Boycott of Israel" certification requirement. The district court then preliminarily enjoined the enforcement of "No Boycott of Israel" clauses in all contracts with Texas governmental entities. Whether that ruling was correct has been the subject of wide and intense debate, as demonstrated by the fourteen amicus briefs filed in this appeal.

This opinion will not address that debate, however. Instead, we have decided that this appeal is moot because, twelve days after the district court's ruling, Texas enacted final legislation that exempts sole proprietors from the "No Boycott of Israel" certification requirement. The plaintiffs are all sole proprietors. Because they are no longer affected by the legislation, they lack a personal stake in the outcome of this litigation. This case is thus moot, and we VACATE the preliminary injunction order. Further, we REMAND the case to the district court to enter an appropriate judgment dismissing the complaints.

I.

A.

With the following background, we begin our discussion that leads us to vacate and remand. In 2017, Texas enacted House Bill 89 (H.B. 89), which

prohibits the state's governmental entities from contracting with companies that "boycott Israel." H.B. 89 provides:

> A governmental entity may not enter into a contract with a company for goods or services unless the contract contains a written verification from the company that it:
>
> (1) does not boycott Israel; and
>
> (2) will not boycott Israel during the term of the contract.

Tex. Gov't Code § 2271.002(b). At the time of H.B. 89's enactment, Texas defined "company" to include "a for-profit sole proprietorship." Tex. Gov't Code § 808.001(2).

Bahia Amawi, John Pluecker, Zachary Abdelhadi, Obinna Dennar, and George Hale are members of the BDS[1] movement, which is a Palestinian-led movement that seeks to put economic pressure on Israel to change its treatment of Palestinians. As sole proprietors, they allege that they have been adversely affected by H.B. 89. Amawi's experience is representative. Amawi is a speech pathologist who is fluent in English and Arabic. For nine years, Amawi contracted with Pflugerville Independent School District to conduct speech therapy and early childhood evaluations. In September 2018, Pflugerville sent Amawi an addendum to her renewal contract, which required her to affirm that she "(1) [d]oes not currently boycott Israel; and (2) [w]ill not boycott Israel during the term of the contract." Amawi refused to sign the contract addendum, and thus, her speech language pathology services to Pflugerville were terminated. Amawi states that she could not sign the contract addendum in good faith because she is a Muslim of Palestinian origin who "support[s] peaceful efforts to impose economic pressure on Israel, with the goal of making Israel recognize Palestinians' dignity and human rights."

---

[1] BDS is an acronym that derives its name from the organization's objectives: boycotts, divestment, and sanctions.

No. 19-50384

B.

On December 16, 2018, Amawi sued Pflugerville and Texas Attorney General Ken Paxton, alleging that H.B. 89 is unconstitutional because nonviolent boycotts are entitled to protection under the First Amendment. Two days later, Pluecker, Dennar, Abdelhadi, and Hale filed suit against Paxton, The Boards of Regents of the University of Houston and Texas A&M University Systems, and the Trustees of the Lewisville and Klein Independent School Districts, challenging H.B. 89 on First Amendment grounds. Soon after filing suit, both sets of plaintiffs moved to preliminarily enjoin H.B. 89's enforcement and the inclusion of "No Boycott of Israel" certifications in state contracts. The district court then consolidated the two cases, and they remain consolidated on appeal.

Except for Pflugerville, which was unopposed to the proposed injunction,[2] the defendants responded to the motions for preliminary injunction and moved to dismiss the case. On April 25, 2019, the district court denied the motions to dismiss and granted the plaintiffs' motions for preliminary injunction, holding that the plaintiffs were likely to succeed on the merits of their claims that H.B. 89 is an unconstitutional regulation of speech. The district court then entered the following preliminary injunction:

> Defendants, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, are preliminarily **ENJOINED** from enforcing H.B. 89, codified at Tex. Gov. Code § 2270.001 *et seq.*, or any "No Boycott of Israel" clause in any state contract.

On April 29 and May 2, the defendants timely appealed the preliminary injunction order.

---

[2] Amawi has since voluntarily dismissed Pflugerville from this suit, and it is not a party to this appeal.

C.

On May 7, twelve days after the district court's entry of the injunction, Texas Governor Greg Abbott signed House Bill 793 (H.B. 793) into law. As we have noted, H.B. 793 amended H.B. 89's definition of "company" by excluding sole proprietorships from its coverage. *See* Tex. Gov't Code § 2271.001(2). The law further revised H.B. 89 by providing that the anti-boycott certification requirement is now limited to government contracts with "compan[ies] with 10 or more full-time employees" and that "ha[ve] a value of $100,000 or more." Tex. Gov't Code § 2271.002(a).

On May 28, a panel of this court stayed the preliminary injunction. On November 6, the plaintiffs asked this court to allow them to supplement the record on appeal with declarations they filed in the district court after the defendants noticed this appeal. In their motion, the plaintiffs contended that these declarations demonstrate that H.B. 89 is being applied to sole proprietors even after H.B. 793's enactment. On November 18, a member of this court denied the motion. The district court subsequently stayed its proceedings pending this appeal.

II.

Wrestling with the merits of this case can become rather complex. But, as it turns out, this appeal can be decided in a straightforward manner. Our analysis focuses on these essential facts. All plaintiffs are sole proprietors, who were covered under H.B. 89 when the district court entered its preliminary injunction order. *See* Tex. Gov't Code § 808.001(2). Texas has now enacted an amendment to H.B. 89 that completely eliminates sole proprietors from the statute's coverage. *See* Tex. Gov't Code § 2271.001(2). And there is no evidence that the named defendants have attempted to require or enforce "No Boycott of Israel" clauses in contracts with sole proprietors after H.B. 793 was enacted.

In short, H.B. 793's enactment provided the plaintiffs the very relief their lawsuit sought, and even assuming that H.B. 89 is unconstitutional, the defendants can do nothing more to ameliorate their claimed injury. The plaintiffs' complaint with the defendants has been resolved, and in their favor. Consequently, this case is moot; that is to say the parties to this lawsuit have no case or controversy before the court, and the federal courts are empowered only to hear cases and controversies. *See* U.S. CONST. art. III, § 2.

Of course, we recognize that a defendant's voluntary cessation of challenged conduct may fail to render a case moot if the plaintiff's alleged injury may arise again.[3] *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (noting that a defendant's voluntary cessation of challenged conduct renders a case moot only if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur"). Under the circumstances presented here, it is remote, and indeed unrealistically speculative, that these defendants will ever again expose the plaintiffs to the claimed injury that prompted this lawsuit. The very process of the enactment of H.B. 793 by the state legislature and governor, combined with the presumption of good faith that we afford government actors, overcomes concerns of voluntary cessation. *See Fantasy Ranch Inc. v. City of Arlington*, 459 F.3d 546, 564 (5th Cir. 2006); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009).

The plaintiffs have, however, filed declarations in the district court that refer to two school districts—neither of whom are parties in this case—which included "No Boycott of Israel" clauses in contracts with sole proprietors after

---

[3] The defendants argue that the voluntary cessation doctrine is inapplicable because mootness results from the actions of Texas law-making authorities, not from the voluntary cessation of the defendants' requiring the "No Boycott of Israel" clauses. We need not address this argument because, even applying the voluntary cessation doctrine as arising from the defendants' conduct, it has no effect on the outcome of this appeal.

H.B. 793 amended H.B. 89's requirements. As we have earlier noted, a member of this court denied the plaintiffs' request to include these declarations in the record on appeal. But the plaintiffs insist that these declarations are relevant to the question of voluntary cessation, so we will address them. Each of these two incidents occurred in August 2019, approximately three months after H.B. 793's enactment. To the extent that these two school districts continued to apply "No Boycott of Israel" clauses to sole proprietors after H.B. 793's enactment, they acted ultra vires at worst, or more likely in the mistaken application of old law.[4] These two stray incidents fail to suggest to us that Texas would revert to applying H.B. 89's requirements to sole proprietors if this suit were dismissed. To the point: the voluntary cessation exception to mootness does not apply in this case.

Consequently, this appeal is moot and no longer presents a case or controversy required by Article III as a condition of remaining before us. *See Yarls v. Bunton*, 905 F.3d 905, 911–12 (5th Cir. 2018). We thus VACATE the preliminary injunction and REMAND this case to the district court to enter an appropriate judgment dismissing the complaints. To be clear, this opinion leaves only attorney's fees to be decided on remand.[5]

---

[4] Our review of the current policies on the websites of the school districts discussed in these declarations as well as the websites of the school districts that the plaintiffs have named as defendants indicate that these school districts now recognize that H.B. 89 no longer applies to sole proprietors. *See* Lamar Consolidated Independent School District, *Purchasing and Acquisition*, https://pol.tasb.org/Policy/Download/481?filename=CH(Legal).pdf (last visited April 21, 2020); Katy Independent School District, *Purchasing and Acquisition*, https://pol.tasb.org/Policy/Download/594?filename=CH(LEGAL).pdf (last visited Apr. 21, 2020); Klein Independent School District, *Purchasing and Acquisition*, https://pol.tasb.org/Policy/Download/595?filename=CH(LEGAL).pdf (last visited Apr. 21, 2020); Lewisville Independent School District, *Purchasing and Acquisition*, https://pol.tasb.org/Policy/Download/384?filename=CH(LEGAL).pdf (last visited Apr. 21, 2020).

[5] Because we have concluded that this appeal is moot, it has become unnecessary to address other questions of standing and sovereign immunity raised by several of the

No. 19-50384

VACATED and REMANDED.

---

defendants. *See McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004). That is not to say, however, that these matters are precluded from the district court's consideration when it determines the matter of attorney's fees.

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 19-50384

D.C. Docket No. 1:18-CV-1091
D.C. Docket No. 1:18-CV-1100

United States Court of Appeals
Fifth Circuit
**FILED**
April 27, 2020
Lyle W. Cayce
Clerk

BAHIA AMAWI

      Plaintiff - Appellee

v.

KEN PAXTON, in his official capacity as Attorney General of Texas,

      Defendants - Appellants

-----------------------------------------------------------------------------------------------

JOHN PLUECKER; OBINNA DENNAR; ZACHARY ABDELHADI;
GEORGE HALE;

      Plaintiffs - Appellees

v.

BOARD OF REGENTS OF THE UNIVERSITY OF HOUSTON SYSTEM;
TRUSTEES OF THE KLEIN INDEPENDENT SCHOOL DISTRICT;
TRUSTEES OF THE LEWISVILLE INDEPENDENT SCHOOL DISTRICT;
BOARD OF REGENTS OF THE TEXAS A&M UNIVERSITY SYSTEM,

      Defendants – Appellants

Appeals from the United States District Court for the
Western District of Texas

Before JOLLY, JONES, and ENGELHARDT, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is vacated, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.



**Certified as a true copy and issued
as the mandate on May 19, 2020**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**