IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Amawi, et al. | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No.: 1:18-CV-1091-RP |
| | § | |
| Pflugerville I.S.D., et al. | § | |
|     *Defendants.* | § | |

### *PLUECKER* PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES PURUSANT TO 42 U.S.C. § 1988

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................................. 1

**FACTS AND PROCEDURAL HISTORY** ................................................................................... 1

**ARGUMENT** ................................................................................................................................... 2

    I.    The *Pluecker* Plaintiffs are prevailing parties, entitled to fees and costs. .......................... 2

    II.   *Pluecker* Plaintiffs' attorneys' fees are reasonable. ............................................................ 4

        A.   The lodestar calculation determines Plaintiffs' reasonable fees. ................................... 5

        B.   The *Johnson* Factors support the reasonableness of the fees. ........................................ 7

**CONCLUSION** ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES**

*Amawi v. Pflugerville Indep. Sch. Dist.*,
  373 F. Supp. 3d 717 (W.D. Tex. 2019) .................................................................................. 1

*Arkansas Times LP v. Waldrip*,
  362 F. Supp. 3d 617 (E.D. Ark. 2019) ................................................................................... 8

*Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Bd.*,
  919 F.2d 374 (5th Cir. 1990) .................................................................................................. 7

*Blum v. Stenson*,
  465 U.S. 886 (1984) ..................................................................................................... 4, 6, 9

*Brantley v. Surles*,
  804 F.2d 321 (5th Cir. 1986) .................................................................................................. 7

*Cruz v. Hauck,*
  762 F.2d 1230 (5th Cir. 1985) ................................................................................................ 3

*Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*,
  526 F.2d 865 (5th Cir. 1976) .................................................................................................. 5

*Dearmore v. City of Garland*,
  519 F.3d 517 (5th Cir. 2008) .................................................................................................. 3

*Doe v. Marshall,*
  622 F.2d 118 (5th Cir. 1980) .................................................................................................. 4

*Harman v. Lyphomed, Inc.*,
  945 F.2d 969 (7th Cir. 1991) ................................................................................................ 10

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ..................................................................................................... 4, 5, 9

*In re Terra-Drill P'ships Sec. Litig.*,
  733 F. Supp. 1127 (S.D. Tex. 1990) ...................................................................................... 9

*Iranian Students Ass'n v. Sawyer*,
   639 F.2d 1160 (5th Cir. 1981) ............................................................................................... 3

*Johnson v. Ga. Highway Express, Inc.*,
   488 F.2d 714 (5th Cir. 1974) ............................................................................................ 4, 7

*Johnson v. Sw. Research Inst.*,
   No. CV 5:15-297, 2019 WL 4003106 (W.D. Tex. Aug. 23, 2019) ........................................ 7

*McClain v. Lufkin Indus., Inc.*,
   649 F.3d 374 (5th Cir. 2011) ................................................................................................ 6

*MidCap Media Fin., LLC v. Pathway Data, Inc.*,
   No. 1-15-CV-00060 AWA, 2018 WL 7890668 (W.D. Tex. Dec. 19, 2018) ........................... 6

*Murphy v. Fort Worth Indep. Sch. Dist.*,
   334 F.3d 470 (5th Cir. 2003) ................................................................................................ 3

*N.A.A.C.P. v. Claiborne Hardware Co.*,
   458 U.S. 886 (1982) ............................................................................................................ 8

*Perdue v. Kenny A., ex rel. Winn*,
   559 U.S. 542 (2010) ............................................................................................................ 9

*Richardson v. Tex-Tube Co.*,
   843 F. Supp. 2d 699 (S.D. Tex. 2012) ................................................................................. 6

*Sanchez v. City of Austin*,
   774 F.3d 873 (5th Cir. 2014) ................................................................................................ 3

*Staley v. Harris Cty., Tex.*,
   485 F.3d 305 (5th Cir. 2007) ................................................................................................ 4

*Walker v. U.S. Dept. of Housing and Urban Development*,
   99 F.3d 761 (1996) .............................................................................................................. 6

**STATUTES**

42 U.S.C. § 1988 ........................................................................................................................ 4

## INTRODUCTION

Plaintiffs Pluecker, Dennar, Hale, and Abdelhadi (the "*Pluecker* Plaintiffs") brought this suit to enjoin State entities from requiring them to certify that they have not and would not participate in boycotts of Israel for the life of the contract, pursuant to H.B. 89 (the "Act").

The State vigorously disputed the *Pluecker* Plaintiffs' standing, the merits of their claims, and the propriety of injunctive relief. After finding that the *Pluecker* Plaintiffs were likely to succeed on the merits, the Court enjoined the Act. Accordingly, the *Pluecker* Plaintiffs are prevailing parties in this litigation and entitled to reasonable fees and costs. The *Pluecker* Plaintiffs seek these fees and costs against only the State Defendant, the Attorney General.

## FACTS AND PROCEDURAL HISTORY

State entities denied Plaintiffs Pluecker, Dennar, and Abdelhadi work or payment because they could not sign the "No Boycott of Israel" certification. Dkt. No. 14-6 at ¶ 10-17; Dkt. No. 14-3 at ¶¶ 9-12, Dkt. No. 14-4 at ¶¶ 6-8. Plaintiff Hale continued his work after being forced to sign such a certification over his objection. Doc. No. 14-5 at ¶¶ 11-18.  In December 2018, Plaintiffs filed their complaint requesting that this Court enjoin the enforcement of the Act because it violates the First and Fourteenth Amendments. Dkt. No. 1.

The *Pluecker* Plaintiffs moved for a preliminary injunction, arguing that the Act is unconstitutional because it: (1) forces those contracting with the State to sacrifice their right to engage in political boycotts of Israel; (2) suppresses political expression based on content and viewpoint; (3) compels speech by forcing contractors to publicly disavow boycott participation; and (4) is so vague that an ordinary person cannot ascertain what the law prohibits or allows. The *Pluecker* suit was subsequently consolidated with a related case, *Amawi v. Pflugerville Indep. Sch. Dist.*, 373 F. Supp. 3d 717 (W.D. Tex. 2019).

The State contested Plaintiffs' standing, the scope of injunctive relief, Plaintiffs' likelihood of success on the merits, and whether Plaintiffs had demonstrated entitlement to relief under the equitable factors. *See* Dkt. No. 25. The State also filed a Motion to Dismiss, Dkt. No. 55.

In March 2019, the Court heard argument on the Plaintiffs' preliminary injunction, the State's Motion to Dismiss, and the other motions before the court.

In April 2019, this Court granted the *Pluecker* Plaintiffs' motion for a preliminary injunction and denied all motions to dismiss. The Court held that Plaintiffs were likely to prevail on the merits because: (1) the First Amendment protects political consumer boycotts, Dkt. No. 82, 23-26; (2) the Act is viewpoint- and content-discriminatory and is not narrowly tailored to serve a legitimate government interest, *id.* at 29-37; (3) the Act unconstitutionally conditions government contracts on the sacrifice of First Amendment rights, *id.* at 38-40; (4) the Act unconstitutionally compels speech, Dkt. No 82, 41-43; and (5) the Act is unconstitutionally vague, *id.* at 43-46. The Court held that Plaintiffs also met their burden of showing the remaining preliminary injunction factors, *id.* at 46-48, and enjoined further enforcement of the Act, *id.* at 56.

After this Court's preliminary injunction, the Legislature amended the Act to exclude sole proprietors, including Plaintiffs, through H.B. 793 (the "Amendment"). Dkt. No 89-1. On appeal, the Fifth Circuit did not reach the merits of this Court's preliminary injunction, instead holding that the Amendment had mooted the preliminary injunction and the case. Accordingly, the Fifth Circuit remanded the case to this Court to enter a judgment dismissing the case, and expressly left open the question of attorneys' fees.

## ARGUMENT

**I.       The *Pluecker* Plaintiffs are prevailing parties, entitled to fees and costs.**

Section 1988 makes attorneys' fees and costs available to parties who prevail in Section

1983 actions concerning violations of First Amendment rights. *Iranian Students Ass'n v. Sawyer*, 639 F.2d 1160, 1163 (5th Cir. 1981). "[A]bsent special circumstances, a prevailing plaintiff should be awarded section 1988 fees as a matter of course." *Sanchez v. City of Austin*, 774 F.3d 873, 880 (5th Cir. 2014) (citing *Cruz v. Hauck,* 762 F.2d 1230, 1233 (5th Cir. 1985)).

Here, the *Pluecker* Plaintiffs prevailed on their First Amendment and Fourteenth Amendment claims and are entitled to attorneys' fees. *See Dearmore v. City of Garland*, 519 F.3d 517 (5th Cir. 2008). In *Dearmore*, the district court held that a city ordinance violated the Fourth Amendment and preliminarily enjoined the ordinance. *Id.* at 519. When the City subsequently amended the ordinance, the court dismissed the case as moot. *Id.* at 520. On appeal, the Fifth Circuit held that the "preliminary injunction, coupled with the City's subsequent mooting of the case, is sufficient to establish prevailing party status." *Id.* at 524.

Here, as in *Dearmore*, this Court's preliminary injunction order was an "unambiguous indication of probable success on the merits of the plaintiff's claims." *Id.* In a 56-page opinion, this Court found in unequivocal terms that plaintiffs were likely to succeed on the merits. Dkt. No. 82 at 46. Further, the Legislature's amendment of H.B. 89 limited the scope of the law so it no longer applies to these Plaintiffs. Because Plaintiffs no longer can be forced to sign "No Boycott of Israel" certifications, they obtained the end result they sought in the litigation. As in *Dearmore*, "this is not a case in which the [defendant] voluntarily changed its position before judicial action was taken." *Dearmore*, 519 F.3d at 525.

Other Fifth Circuit cases similarly hold that a plaintiff is a prevailing party after subsequent events render their claims moot. For instance, in *Murphy v. Fort Worth Indep. Sch. Dist.*, 334 F.3d 470, 471 (5th Cir. 2003), after a student won an injunction requiring that he be permitted to return to his home high school, he graduated while that decision was on appeal, mooting the case. Despite the fact that the case became moot, the Court held that "[t]he plaintiff is clearly the prevailing party

3

and is entitled under 42 U.S.C. § 1988 (2000) to a reasonable attorney's fee." *Id.*

In *Staley v. Harris Cty., Tex.*, 485 F.3d 305 (5th Cir. 2007), the plaintiff obtained a district court order requiring that a bible be removed from a monument at a county courthouse. While the case was on appeal, Harris County removed the entire monument. *Id.* at 307. Although the case was moot, the Fifth Circuit held that because the plaintiff "ha[d] obtained the primary relief she sought," the plaintiff "therefore remains the prevailing party." *Id.* at 314; *see also Doe v. Marshall,* 622 F.2d 118, 120 (5th Cir. 1980) ("Even preliminary relief may serve to make a plaintiff a "prevailing party" under the statute; the lawsuit need not proceed to completion."). Accordingly, the Court should find that Plaintiffs are prevailing parties and award attorneys' fees.

## II.    *Pluecker* Plaintiffs' attorneys' fees are reasonable.

The starting point in determining a fee award in a Section 1983 case is applying the "lodestar" formula: multiplying hours reasonably spent by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The lodestar formula provides an objective, initial value of the attorney's services and is presumed to be reasonable under Section 1988. *Hensley*, 461 U.S. at 433. Next, the court considers whether to modify the lodestar based on the twelve factors set out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Based on a lodestar calculation and informed by the *Johnson* factors, the *Pluecker* Plaintiffs request attorneys' fees of $224,267.00 based on 456.03 hours reasonably spent by their attorneys and paralegal in pursuing the preliminary injunction and moving for their fees.[1] Plaintiffs also seek reasonable expenses of $1,220.10.

---

[1] As set forth below, the *Johnson* factors favor the Plaintiffs, and the Court therefore may choose to award a multiplier to the fee award at its discretion.

### A. The lodestar calculation determines Plaintiffs' reasonable fees.

To establish that the amount of time expended in this litigation is reasonable, the *Pluecker* Plaintiffs have produced "billing time records . . . that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. A court may also use its own expertise and judgment to make an independent determination of the value of an attorney's services. *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 526 F.2d 865, 868 (5th Cir. 1976).

The *Pluecker* Plaintiffs have submitted detailed billing records that are sufficient to allow this Court to determine that the hours billed were reasonable. *See* Declaration of Edgar Saldivar ("Saldivar Decl.") at ¶¶ 34, 40 & Ex. 8. Plaintiffs have sought fees only for the time they expended through the preliminary injunction hearing and in bringing this motion. Plaintiffs also used billing judgment to write off any time entries that may be perceived to be unproductive, excessive, or redundant. This includes time of attorneys who attended but did not lead internal strategy meetings, as well as travel time. Saldivar Decl. at ¶ 39. In this exercise of billing judgment, Plaintiffs have written off 160.71 hours of billed time to which they might otherwise be entitled. *Id*.

In addition, Plaintiffs have applied an across the board 10% reduction in fees to account for the possibilities that their attorneys' work duplicated work done by Amawi's counsel or that the work was necessitated by any defendant other than the State, from whom Plaintiffs are not seeking fees.[2] Additionally, Plaintiffs have written off time billed for correspondence or meetings with Amawi's counsel, as well as reduced by 50% any time billed for oral argument at the preliminary injunction hearing to account for any possible duplication of time. *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761, 768 (1996). Further, Plaintiffs have written off all time expended by their legal consultant and interns who also assisted with various litigation tasks. *Id.*

---

[2] *Pluecker* Plaintiffs have also been careful to exclude any time dedicated solely to handling issues raised by the other parties and include this cut as an additional precaution.

Excluding the time written off, the *Pluecker* Plaintiffs seek the following attorneys' fees: 182.88 hours for attorney time of Thomas Buser-Clancy, 168.84 hours for attorney time of Edgar Saldivar, 13.32 hours for attorney time of Andre Segura, 23.49 hours for attorney time of Brian Hauss, 10.44 hours for attorney time of Vera Eidelman, 35.91 hours for attorney time of Kevin Dubose, and 21.15 hours for paralegal time of Christopher Clay. Saldivar Decl. at Ex. 8. In total, this amounts to 434.88 hours of attorney work and 21.15 hours of paralegal work. *Id*.

After determining the hours "reasonably expended," a court calculating a lodestar must determine a "reasonable hourly rate." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). Such rates "are to be calculated according to the prevailing market rates in the relevant community," *Blum,* 465 U.S. at 895, which would be the Western District of Texas-Austin Division. The court utilizes the same method for determining the reasonable hourly rate of a paralegal. *Richardson v. Tex-Tube Co*., 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012). Plaintiffs request hourly rates in the range of $450 to $650 for attorney work and an hourly rate of $150 for paralegal work. *See* Saldivar Decl. at ¶ 43. Plaintiffs have submitted extensive evidence regarding the reasonableness of their requested rate. *See, e.g.*, Declaration of Kevin Dubose ("Dubose Decl.") at ¶ 13-15 (establishing prevailing market rates for Plaintiffs' attorneys and stating that hourly rates for similar attorney work in the Austin area vary between $400 and $1,000 varying by experience); Saldivar Decl. at ¶¶ 8-32 (attesting to Plaintiffs' counsel's levels of experience and skill).[3] Thus, Plaintiffs' counsel's requested hourly rates are reasonable and proper in the range of $450 to $650, and $150 for paralegal work.

---

[3] This evidence is supported by recent rulings in this district establishing rates for attorney work. *See, e.g. MidCap Media Fin., LLC v. Pathway Data, Inc.*, No. 1-15-CV-00060 AWA, 2018 WL 7890668, at *3 (W.D. Tex. Dec. 19, 2018) (finding hourly rates between $325 and $755 for attorney work to be reasonable); *Johnson v. Sw. Research Inst.*, No. CV 5:15-297, 2019 WL 4003106, at *7 (W.D. Tex. Aug. 23, 2019) (finding reasonable attorneys' fee rates up to $585).

As prevailing parties, the *Pluecker* Plaintiffs are also entitled to their reasonable costs in the amount of $1,220.10. *See* Saldivar Decl. ¶ 34; *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 380 (5th Cir. 1990).

## B. The *Johnson* Factors support the reasonableness of the fees.

While the lodestar calculation is appropriate to determine Plaintiffs' counsel's fees, application of the *Johnson* factors confirms that the requested fees are fair and reasonable.[4] The Fifth Circuit leaves application of the *Johnson* factors to the district court's discretion. *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986). Here, all twelve support Plaintiffs' request.

### a. The case required extensive time and labor.

The extensive effort required to secure a preliminary injunction from this Court in a tight time frame is detailed in the attached declarations and the supporting documents attached to them. The case proceeded on an expedited basis due to the urgency of Plaintiffs' civil rights injuries. Saldivar Decl. at ¶ 33. At every stage, this case consumed the significant attention of at least two staff attorneys at the ACLU of Texas. *Id*. During the preparation of the complaint and Plaintiffs' application for a preliminary injunction, six lawyers devoted themselves to the effort, which also included interviewing individual Plaintiffs and securing declarations from them to support the *Pluecker* Plaintiffs' application for a preliminary injunction. *Id*. Plaintiffs' lawyers and support staff spent over 456 hours successfully prosecuting the case through the preliminary injunction stage before this Court. Saldivar Decl. at ¶ 40.

---

[4] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

7

### b. The issues were novel and complex.

Plaintiffs' counsel briefed various novel or complex issues, including whether Plaintiffs had standing to sue the Texas Attorney General and whether decisions in other jurisdictions on nearly identical constitutional issues affected Plaintiffs' claims before this court. For example, during this litigation, a federal district court issued an opinion regarding an almost identical statute. *See Arkansas Times LP v. Waldrip*, 362 F. Supp. 3d 617 (E.D. Ark. 2019) (calling into question the applicability of *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886 (1982) to the complex constitutional questions in this case). These issues were heavily contested by Defendants in motions to dismiss and oral arguments before this Court.

### c. The case required significant skill.

This case required the ability to develop facts from four different individual Plaintiffs and fashion legal theories that applied to all of them, as well as the skill to respond to a host of legal and factual defenses. Mr. Buser-Clancy and Mr. Saldivar, who co-led the case and each have significant litigation experience to handle all stages of a trial, also relied on the expertise of their team members (e.g., Mr. Segura, Mr. Hauss, Ms. Eidelman, and Mr. Dubose) to review pleadings, advise on litigation strategy, consider clients, and moot arguments. Saldivar Decl. at ¶¶ 13, 20, 24, 26, 28 & Ex. 8. Specifically, they relied on the civil rights expertise of Mr. Segura, the extensive legal expertise of Mr. Dubose, and the First Amendment expertise of Mr. Hauss and Ms. Eidelman to advance their arguments and presentation of the case and secure a preliminary injunction. Saldivar Decl. at ¶¶ 16, 23, 27, 29.

### d. Litigating the case precluded other employment.

The time spent by Plaintiffs' counsel on this case was at the expense of time that counsel could have devoted to other pressing civil rights matters during this time. Saldivar Decl. at ¶ 38. Two ACLU of Texas staff attorneys devoted significant time to handling the day-to-day litigation

8

of the case to the exclusion of other civil rights work. *Id*.

### e. The customary fee supports Plaintiffs' fees.

The "customary" fee in actions concerning violations of First Amendment rights is presumptively equivalent to the lodestar "reasonable hourly rate" *Blum*, 465 U.S. at 897; *Perdue v. Kenny A., ex rel. Winn*, 559 U.S. 542, 552 (2010). That fee is presumed to be reasonable and contemplated by Section 1988. *Id*.

### f. There were significant time limitations imposed.

Shortly after filing their Original Complaint in December 2018, Plaintiffs diligently prepared their application for a preliminary injunction due to the irreparable harm that the plaintiffs were facing. This included working over the winter holidays and New Year to ensure they timely filed their application for preliminary injunction. Further, Plaintiffs' counsel briefed the remainder of the case through the District Court's granting of the preliminary injunction (as well as Defendants' subsequent motions to dismiss and stay the injunctions in the District Court) on a tight schedule.

### g. The litigation was successful.

The results achieved is entitled to particular weight when counsels' efforts were instrumental in realizing a significant victory on behalf of plaintiffs. *See In re Terra-Drill P'ships Sec. Litig.*, 733 F. Supp. 1127, 1129 (S.D. Tex. 1990) ("[t]he factors enumerated by *Johnson* . . . emphasize 'the results obtained'"). In *Hensley*, the Court recognized that in making a fee award the "*most critical factor is the degree of success obtained*." 461 U.S. at 436. Here, the preliminary injunction provided broad relief from constitutional violations to all entities who contracted with the State. Dkt. No. 82. Plaintiffs succeeded on every claim and defeated every defense. By any measure, the injunction represented a significant civil rights victory for the *Pluecker* Plaintiffs.

> **h.     The attorneys' experience supports the fee request.**

The experience of *Pluecker* Plaintiffs' counsel is set forth in the attached declarations of counsel. Saldivar Decl. at ¶ 43 & Ex. 1-6; Dubose Decl. at ¶ 11.

> **i.     This was a politically sensitive case.**

The issues presented involved a politically sensitive debate touching on the Israeli-Palestinian conflict. State leaders touted the anti-BDS law, H.B. 89, as a pro-American, pro-Israeli law. Thus, challengers to the law faced a risk of being perceived as anti-Semitic and un-American. This was a politically sensitive, and potentially unpopular case from the outset. From this perspective, this case satisfies this factor. *See, e.g.*, *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 974 (7th Cir. 1991) (the riskiness of a case must be judged *ex ante* not *ex post*).

> **j.     The case required a close relationship with clients.**

Plaintiffs' counsel spent considerable time meeting with clients and ensuring they were comfortable proceeding with a case that could affect their work opportunities and expose them to closer scrutiny in light of their claims against the State. Saldivar Decl. at ¶ 33. The extra attention that Plaintiffs' counsel provided each of the *Pluecker* Plaintiffs satisfies this factor.

> **k.     Similar fees have been awarded in similar cases.**

As noted above, Plaintiffs' requested fees are based on hourly rates consistent with or less than rates that have been awarded by courts in this District for the experience and skill Plaintiffs' counsel brought to this case and the complexity of the issues involved. *See* Saldivar Decl. at ¶ 44.

## CONCLUSION

*Pluecker* Plaintiffs request that they be awarded the requested reasonable fees and costs.

Respectfully submitted,

*/s/ Edgar Saldivar*
Edgar Saldivar, TX Bar No. 24038188
Thomas Buser-Clancy, TX Bar No. 24078344
Andre Segura, TX Bar No. 24107112**
ACLU Foundation of Texas, Inc.
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 325-7011
Fax: (713) 942-8966
esaldivar@aclutx.org
tbuser-clancy@aclutx.org
asegura@aclutx.org

Brian Hauss**
Vera Eidelman**
American Civil Liberties Union Foundation
Speech, Privacy & Technology Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Fax: (212) 549-2654
bhauss@aclu.org
veidelman@aclu.org

Kevin Dubose**
Alexander, Dubose, Jefferson & Townsend
1844 Harvard Street
Houston, TX 77008
Telephone: (713) 522-2358
Fax: (713) 522-4553
kdubose@adjtlaw.com

ATTORNEYS FOR *PLUECKER* PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

I certify that on June 17, 2020, I conferred with counsel for the Paxton Defendants regarding the relief requested in *Pluecker* Plaintiffs' Motion for Attorneys' Fees and counsel for Paxton Defendants indicated their opposition.

*/s/ Edgar Saldivar*
Edgar Saldivar

**CERTIFICATE OF SERVICE**

I certify that this Memorandum in Support of *Pluecker* Plaintiffs' Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 1988 was served upon counsel of record through the Court's electronic filing system on July 6, 2020.

*/s/ Edgar Saldivar*
Edgar Saldivar