IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Amawi, et al. | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.: 1:18-CV-1091-RP |
| | § | |
| Pflugerville I.S.D., et al. | § | |
| Defendants. | § | |

_____

**DECLARATION OF EDGAR SALDIVAR IN SUPPORT OF *PLUECKER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

I, Edgar Saldivar, am counsel of record for the *Pluecker* Plaintiffs in the above-captioned case. I make the following declaration based upon my personal knowledge, except where indicated:

1.     This declaration is submitted in support of Plaintiffs' Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 1988.

2.     I am licensed to practice law in the State of Texas and am a Senior Staff Attorney with the ACLU Foundation of Texas ("ACLU of Texas"). I have represented the *Pluecker* Plaintiffs in this case since its inception in December 2018 to the present time. I am familiar with the entire course of the litigation, as well as with the work performed by attorneys affiliated with the ACLU of Texas, ACLU Foundation, and Alexander Dubose & Jefferson, throughout the litigation of this case.

**Background on the ACLU of Texas, ACLU Foundation, and its Affiliated Counsel**

3.     Founded in 1938, the ACLU of Texas is a nonprofit, nonpartisan organization that works to defend and expand the individual liberties of all Texans guaranteed by the Constitution, the Bill of Rights, and civil rights laws. The ACLU of Texas is an affiliate of the American Civil

Liberties Union ("ACLU").

4.      The ACLU of Texas attorneys mentioned in this Declaration are based in the organization's Houston office and all worked on behalf of the *Pluecker* Plaintiffs in the instant case and contributed significantly to this litigation.

5.      The ACLU is a nationwide, nonprofit, nonpartisan organization with nearly 2 million members dedicated to defending the principles embodied in the Constitution and our nation's civil rights laws. The ACLU Foundation is a national nonprofit organization under section 501(c)(3) of the Internal Revenue Code. The ACLU Foundation educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

6.      The ACLU Foundation attorneys mentioned in this Declaration are based in the organization's New York office and all worked on behalf of the *Pluecker* Plaintiffs in the instant case and contributed significantly to this litigation.

7.      Kevin Dubose is a named partner of Alexander Dubose & Jefferson. Mr. Dubose worked on behalf of the *Pluecker* Plaintiffs in the instant case and contributed significantly to this litigation.

**Qualifications and Special Expertise of the *Pluecker* Plaintiffs' Attorneys**

8.      I have more than 16 years of experience litigating complex, multi-party cases in state and federal courts in Texas, including more than 4 years litigating civil rights and civil liberties cases in federal courts. I have served as co-lead counsel in this matter from the filing of the litigation in 2018 until the present. I have participated substantially in all aspects of the litigation.

9.      As described in my resume, I am a 2002 graduate of the University of Houston Law

Center. After law school, I entered private practice and worked for two litigation firms in Houston specializing in complex commercial litigation: Franklin, Cardwell & Jones from 2003-2010 and BoyarMiller from 2010-2015. Since 2016, I have been a member of the ACLU of Texas's permanent staff, as a Senior Staff Attorney.

10.     I am admitted to practice in the U.S. Court of Appeals for the Fifth Circuit and the U.S. District Courts for the Eastern, Northern, Southern, and Western Districts of Texas.

11.     My work consists primarily of federal civil litigation in cases involving First Amendment rights, immigrants' rights, and voting rights. I have litigated numerous federal cases involving issues of first impression in state and federal courts. I have also first-chaired 2 jury trials and second-chaired 4 jury trials leading to 6 jury verdicts in state courts. I have been recognized for my work by leading national publications and bar associations, including *Martindale-Hubbell* (AV® Preeminent™ Peer Review Rated) and National Hispanic Bar Association (Top Lawyers Under 40 Award).

12.     In addition to my litigation work, I engage in policy advocacy and public education work. I have presented on First Amendment issues, immigrants' rights issues, and voting rights at Harvard Law School, Duke University School of Law, Rice University, the University of Texas, and the University of Houston Law Center, among other institutions. My resume is attached as Exhibit 1.

13.     Andre Segura is the Legal Director of the ACLU of Texas. Mr. Segura has played a pivotal role in this litigation and similarly brings extensive expertise in the legal issues involved here.

14.     Mr. Segura received his J.D., *cum laude*, from the New York University School of Law in 2006, and received a B.S. in Chemical Engineering with highest honors from the University of Texas at Austin in 2002. Following a year-long clerkship with the late Honorable Napoleon A. Jones,

Jr. of the U.S. District Court for the Southern District of California, he was a Marvin M. Karpatkin legal fellow with the national ACLU's Racial Justice Program and a legal fellow with the ACLU of Northern California. He was an attorney with the ACLU-Immigrants' Rights Project from 2009 to 2017.

15.    Mr. Segura is admitted to the state bars of New York, California, and Texas, as well as the bars for the Supreme Court of the United States and the U.S. Court of Appeals for the Fourth, Fifth, Ninth, and Eleventh Circuits.  He has also been admitted *pro hac vice* in numerous other U.S. District Courts.

16.    Mr. Segura also has particular expertise in the legal issues involved in this case. His practice at ACLU-IRP centered on constitutional and statutory issues arising from immigration enforcement practices by federal, state, and local law enforcement agencies. At the ACLU of Texas, Mr. Segura has expanded his repertoire of expertise to various other constitutional and statutory issues, including those in the context of criminal justice, reproductive rights, LGBT rights, and voting rights. In addition to his own docket, he has frequently provided consultation and advice to lawyers throughout the country engaging in litigation relating to constitutional issues. He also teaches CLE classes related to civil rights and is an adjunct lecturer at the University of Houston Law Center where he teaches a course on civil rights and impact litigation. His resume is attached as Exhibit 2.

17.    Thomas Buser-Clancy is currently a Senior Staff Attorney at the ACLU of Texas based in Houston, Texas. Mr. Buser-Clancy serves as co-lead counsel on this case and has participated substantially in all aspects of this litigation, including presenting oral argument at the preliminary injunction hearing.  At the ACLU of Texas, Mr. Buser-Clancy focuses on issues related to free speech, voting rights, and Immigrants' Rights.  During the time period in which

the preliminary injunction was litigated, Mr. Buser-Clancy was a staff attorney.

18.     Mr. Buser-Clancy is a 2011 graduate of Yale Law School and a 2006 graduate of the University of Texas, where he received a B.A. in Plan II Honors, Russian, and English. After graduating law school, Mr. Buser-Clancy worked at the commercial law firm Jackson Walker LLP in Austin, Texas from 2011-2013.  He then worked at the commercial law firm Munger, Tolles & Olson LLP in Los Angeles, California from 2013-2018. While in private practice, Mr. Buser-Clancy was the lead associate on numerous complex class action matters and argued numerous dispositive motions across a range of matters.  In private practice, Mr. Buser-Clancy also had an extensive pro bono practice including acting as lead associate in bringing a successful motion for a preliminary injunction in the United States District Court for the Eastern District of Missouri challenging on First Amendment grounds an unconstitutional policy that prohibited Ferguson protesters from standing still; successfully enjoining a Nevada law that sought to establish most expansive voucher program in the nation; and successfully settling a lawsuit related to treatment of mentally ill homeless individuals in Los Angeles County jails.

19.     Mr. Buser-Clancy is licensed to practice in the State of Texas and the State of California (inactive status), and admitted to practice in the Supreme Court of the United States, the Fifth and Ninth Circuits, the Western District of Texas, the Southern District of Texas, the Southern District of California, the Central District of California, and the Northern District of California. His resume is attached as Exhibit 3.

20.     Brian Hauss is a Staff Attorney with the ACLU Foundation in New York, New York. Mr. Hauss has participated substantially in all aspects of the litigation.

21.     Mr. Hauss is a 2011 graduate of Harvard Law School, where he graduated *magna cum laude*. After law school, he clerked for Judge Marsha S. Berzon of the U.S. Court of Appeals

for the Ninth Circuit from 2011–2012. From 2012–2014, he served as the ACLU Foundation's William J. Brennan First Amendment Fellow. Since 2014, he has been a member of the ACLU Foundation's permanent staff, as a Staff Attorney.

22.     Mr. Hauss is licensed to practice in the state of New York and admitted to practice in the U.S. Supreme Court as well as the U.S. Courts of Appeals for the Third, Fifth, Eighth, and Ninth Circuits; and the U.S. District Courts for the Southern District of New York, Northern District of California, Eastern District of Michigan, Northern District of Texas, and the District of North Dakota. He is also on inactive status in the state of California.

23.     His work consists primarily of federal civil litigation in cases involving First Amendment rights. He has litigated numerous federal cases involving issues of first impression the district and circuit courts. He has presented two arguments in courts of appeals in cases involving First Amendment rights, and eight arguments at the district or trial court level on major motions (motions to dismiss, motions for summary judgment, motions to intervene, or motions for preliminary injunction). He has served as lead or co-lead counsel in multiple First Amendment cases, and have briefed numerous cases at all levels of the federal courts, including the U.S. Supreme Court.

24.     Mr. Hauss has particular expertise in several of the issue areas raised in this case. He was lead counsel in the first case establishing that Israel anti-boycott laws like the one at issue here violate the First Amendment. *Koontz v. Watson*, 283 F. Supp. 3d 1007 (D. Kan. 2018) (preliminary injunction granted). In addition to the present case, he has also served as counsel or lead counsel in two similar challenges: *Jordahl v. Brnovich*, 336 F. Supp. 3d 1016 (D. Ariz. 2018); *Arkansas Times v. Waldrip*, 362 F. Supp. 3d 617 (E.D. Ark. 2019) (preliminary injunction denied, motion to dismiss granted). Through these cases and other cases on his docket, he has come to have distinctive

knowledge and specialized skill in the area of First Amendment litigation in the federal courts.

25.     In addition to his litigation work, Mr. Hauss engages in policy advocacy and public education work. He has presented on First Amendment challenges to Israel anti-boycott laws at Harvard Law School, Columbia Law School, University of Pennsylvania Law School, and the Carnegie Endowment for International Peace, among other institutions. His resume is attached as Exhibit 4.

26.     Vera Eidelman is currently a Staff Attorney at the ACLU Foundation based in New York, New York. Ms. Eidelman has participated substantially in all aspects of this litigation.

27.     Ms. Eidelman focuses on litigation and advocacy to protect free speech online; the right to protest; and public access to secret algorithms used in criminal trials. Ms. Eidelman was previously a William J. Brennan Fellow with the Speech, Privacy & Technology Project of the ACLU Foundation. She is a graduate of Stanford University and Yale Law School. During law school, she worked in Yale's Media Freedom and Information Access Clinic and interned with the Electronic Frontier Foundation. Before joining the ACLU Foundation, she served as a law clerk to the Hon. Beth Labson Freeman of the U.S. District Court for the Northern District of California. Her resume is attached as Exhibit 5.

28.     Kevin Dubose is a partner and founding member of Alexander Dubose & Jefferson LLP ("ADJ"). ADJ is an appellate law firm with 17 experienced and accomplished appellate specialists working in offices in Austin, Dallas and Houston.  The firm includes former chief justices of appellate courts, former chairs of the State Bar Appellate section, and the recipients of numerous Outstanding Appellate Lawyer Awards. ADJ is widely regarded as the premier appellate firm in Texas. Although its practice is focused on handling appeals, ADJ frequently becomes involved in trial court proceedings to advise and consult lead trial lawyers, to assist with preserving

error, to handle charge conferences, and to draft and argue dispositive motions.

29.     Mr. Dubose has been practicing law for 41 years, and for the last 35 years has specialized in handling appellate matters in state and federal courts in Texas. His practice has been limited to civil matters, but within that spectrum has included a broad range of practice areas. The highest concentration has been in personal injury and commercial litigation. His resume is attached as Exhibit 6.

30.     Mr. Dubose graduated from Rice University in 1976, and received his JD degree from The University of Texas Law School in 1979. He was a trial lawyer with a small insurance defense litigation boutique from 1979-85, trying approximately 25 jury trials. He was a solo appellate practitioner from 1985-87. He was an appellate specialist with a plaintiffs' personal injury firm from 1987-94, and since 1994 he has practiced in two appellate boutiques. He also served as an Adjunct Professor of Legal Writing at the University of Houston Law Center from 1983-87, and became Director of Legal Research and Writing from 1987-91. He served as Director of Appellate Advocacy at UH Law from 1990-94. He then served as an Adjunct Professor of Appellate Advocacy from 2005-11.

31.     He was part of the first class of Texas lawyers to become Board Certified in Appellate Law by the Texas Board of Legal Specialization in 1987, and has maintained that certification. He was the second person elected to serve as Chair of the Houston Bar Association Appellate Section in 1991-92, was elected chair of the State Bar of Texas Appellate Section for 1995-96. He was elected as a Fellow of the American Academy of Appellate Lawyers (AAAL) in 2006, elected to the Board of Directors of the AAAL in 2015, will become Chair of the Board in 2021.

32.     The year he was Chair of the State Bar Appellate Section he started a Pro Bono

Committee that matched clients needing pro bono representation with attorneys interested in doing pro bono appellate work. He has worked with the ACLU of Texas in four pro bono matters in the last two years.

### Summary of Compensable Time and Costs Expended by *Pluecker* Plaintiffs' Counsel

33.     This case was filed in December 2018 and proceeded on an expedited basis due to the urgency of Plaintiffs' civil rights injuries, namely, the Plaintiffs were forced to choose between earning a livelihood by contracting with the State or sacrificing their First Amendment rights by signing a "No Boycott of Israel" certification. At every stage, this case consumed the significant attention of co-lead counsel, Thomas Buser-Clancy and me, and we sought the guidance and support of our co-counsel to discuss strategy and review filings. During the preparation of the complaint and application for a preliminary injunction, at least six attorneys devoted themselves to the litigation, which included briefing, interviewing individual Plaintiffs, reviewing and securing declarations from clients to support the application for a preliminary injunction, and reviewing all pleadings. Moreover, Mr. Buser-Clancy and I spent considerable effort and time meeting with our clients and ensuring they were comfortable proceeding with a politically sensitive and risky case that could affect their work opportunities and expose them to closer scrutiny in light of their claims against the State. This included working over the winter holidays and New Year to ensure we timely filed the application for preliminary injunction and client declarations. We also briefed the remainder of the case on a tight schedule through this Court's order granting the preliminary injunction.

34.     Plaintiffs seek fees only for the time expended through the preliminary injunction hearing, and then the fees incurred in moving for attorneys' fees. Plaintiffs seek an award of $224,266.50 for their attorneys' fees. Plaintiffs seek an award of $1,220.10 for their costs associated with the litigation of this case. Attached as Exhibit 7 are true and correct copies of detailed costs.

35.     The ACLU of Texas and ACLU Foundation lawyers are salaried employees of their respective organizations. The national ACLU and its affiliates do not ever charge our clients for our legal counsel and representation, and we have not done so in this case.

36.     Because there are many more potential clients who need our services than we are able to represent, and because we do not charge our clients, there is no economic incentive for lawyers affiliated with the ACLU to do any more work on this (or any) case than is necessary to serve the interest of our clients.

37.     All of my time entries as reflected in this Declaration and supporting documentation were made contemporaneously, most often using a computer-based system, but on occasion entered manually on a daily basis, or within a day or two of the activity. It is the regular practice of attorneys at the ACLU of Texas, the ACLU Foundation, and Alexander Dubose & Jefferson to maintain contemporaneous time records for all cases that are potentially fee-generating using a computer-based system.

38.     My co-counsel and I have taken special care to avoid overlap in our work on this matter and have divided tasks and issues to the maximum extent possible. Notably, we did not over-staff the case. For example, rather than assigning multiple staff attorneys at the ACLU of Texas and ACLU Foundation or associates of Alexander Dubose & Jefferson to work on this case, we designated one senior staff attorney, namely myself, and one staff attorney, Mr. Buser-Clancy (who would be promoted to Senior Staff Attorney during the course of this litigation) to co-lead the litigation and handle the day-to-day litigation tasks, including extensive motion practice, correspondence with all parties, and preparation and presentation of oral argument, all in an expedited manner. *Id*. Although my other team members on this case contributed substantially with their respective expertise to this litigation, my co-lead counsel and I handled the bulk of the work without

relying on less experienced staff, with the goal running the litigation efficiently at all times, given our organizations' limited capacity. Further, the time spent by my co-counsel and I on this case was at the expense of time that we could have devoted to other pressing civil rights matters.

39.     I have reviewed each of my co-counsel's time sheets and believe that the hours we billed are fair and reasonable and were necessarily incurred in the successful prosecution of this case. I have substantially reduced our request for reimbursement of fees and costs in the exercise of billing judgment, including by: (1) reducing certain hours that may have appeared excessive; (2) omitting multiple compensable time entries for meetings with co-counsel, even though some of those meeting served the purpose of coordinating work and avoiding duplication of efforts; where multiple attorneys participated in the same call, meeting, or hearing, the time sheets reflect that Plaintiffs generally have not billed for multiple attorneys for each event; (3) reducing or omitting time entries for tasks such as reading and responding to correspondence; (4) omitting all time entries for some ACLU of Texas personnel who also worked on the instant case, including legal consultant Matthew McCarthy and law student interns; and (5) omitting all time entries for briefing the mootness issue before the Fifth Circuit. For all attorneys, I have also excluded all hours for time spent traveling to and from court appearances or other relevant litigation events, including client meetings, and I have excluded all hours for time spent on media-related tasks and public education, as well as Westlaw legal research costs. Further, I have applied an across the board 10% reduction in time to account for the potential that work was duplicative of work done by CAIR, who represent Plaintiff Amawi, or that the work was necessitated by an argument made by a party not subject to this fees motion (though *Pluecker* Plaintiffs have been careful to exclude any time dedicated solely to handling issues raised by the other parties).  Additionally, Plaintiffs have excluded any time billed for correspondence or meetings with counsel affiliated with CAIR attorneys, as well as reduced by 50%

any time billed for oral argument at the preliminary injunction hearing to account for any possible duplication of time. In the exercise of substantial billing judgment, Plaintiffs have written off 160.71 hours for which they might otherwise be entitled to bill.

40.     Excluding the time written off, my co-counsel and I spent a total of 456.03 hours in the instant matter, through June 26, 2020, for which our respective organizations are seeking compensation. Our detailed timesheets are attached as Exhibit 8.

**Hourly Rates and Relevant Market**

41.     As explained in *Pluecker* Plaintiffs' Motion for Attorneys' Fees, this case involves complex constitutional issues and has been highly resource-intensive to litigate. As a result, this case could not have been brought without the legal expertise and resources contributed by ACLU of Texas, ACLU Foundation, and Alexander Dubose & Jefferson. *Pluecker* Plaintiffs are entitled to an hourly rate for attorneys consistent with the market in which they practice and where this court is located, namely, the Austin area.

42.     My co-counsel and I brought this matter because of our special expertise on the legal issues in this case—including the First Amendment and federal court litigation.

43.     *Pluecker* Plaintiffs' requested hourly rates for their attorneys and paralegal are reflected in the table below:

| Time Keeper | Years of Experience | Law School or University | Hourly Rate |
|---|---|---|---|
| Edgar Saldivar | 16 | University of Houston Law Center | $550 |
| Thomas Buser-Clancy | 9 | Yale Law School | $450 |
| Andre Segura | 14 | NYU School of Law | $550 |
| Brian Hauss | 9 | Harvard Law School | $450 |
| Vera Eidelman | 5 | Yale Law School | $450 |
| Kevin Dubose | 41 | University of Texas School of Law | $650 |

| Christopher Clay[1] | 14 | University of Houston | $150 |
|---|---|---|---|

44.    For all attorneys, *Pluecker* Plaintiffs are seeking Austin rates. Based on information provided to me by Mr. Dubose and my own private practice experience, I believe that the requested rates are fair and reasonable, and below the prevailing Austin rates for federal court litigators of comparable skill and experience. I also believe that the requested hourly rates are within the range of what federal courts in the Western District have determined to be reasonable for similarly complex cases. Although I believe the prevailing market rates at the level of ACLU attorneys are higher than the requested rates, and that ACLU attorneys may be entitled to prevailing market rates in New York or other jurisdictions, *Pluecker* Plaintiffs are requesting these rates in the interest of avoiding any dispute regarding this fee request.

I hereby declare that the foregoing is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746. Executed at Houston, Texas, this 6th day of July, 2020.

/s/ Edgar Saldivar
Edgar Saldivar

---

[1] Mr. Clay is the sole paralegal on this case. He is certified through the Center for Legal Studies and is a member of the State Bar of Texas – Paralegal Division.

# EXHIBIT 1

**EDGAR  SALDIVAR**

---

## EDUCATION

HARVARD UNIVERSITY,  Cambridge, Massachusetts      A.B. (Philosophy) *Cum Laude*, 1999
- Dean's List; Harvard College Scholar; Harvard-Radcliffe Faculty of Arts and Sciences Scholar; Mellon Fellowship Scholar; courses in modern moral philosophy, political philosophy, American literature, African-American studies, and Latin American history.

UNIVERSITY OF HOUSTON LAW CENTER,  Houston, Texas                     J.D., 2002
- Member of Student Bar Association; Delta Theta Phi; Hispanic Law Students Association.

RICE UNIVERSITY,  Houston, Texas                                           2007-08
- Completed courses at Rice's Susan M. Glasscock School of Continuing Studies in French Levels I, II, and III, and Existential Psychology in non-degree programs.

## PROFESSIONAL EXPERIENCE

ACLU of Texas      Houston, Texas                                  Jan 2016 – Present
  Senior Staff Attorney
- Civil rights legal practice focused on immigrants' rights, voting rights, and free speech. Other responsibilities include public speaking and media, managing litigation teams and strategy groups, and supervising attorneys.

BoyarMiller      Houston, Texas                              Dec 2010 – Dec 2015
  Senior Associate
- Private sector legal practice focused on complex commercial litigation, including contractual disputes and business torts, representing companies in both state and federal courts, and advising foreign entities in doing business in Texas. Other responsibilities: managing litigation teams, recruiting, and international business development.

Franklin, Cardwell & Jones, P.C.      Houston, Texas              June 2002 – Nov 2010
  Associate
- Private sector legal practice focused on contractual disputes, business torts, oil and gas litigation, property damage, labor and employment, mass toxic torts, Foreign Corrupt Practices Act, international sanctions compliance relating to Cuban Embargo. First chaired 2 trials and second-chaired 4 trials leading to 6 jury verdicts. Completed trial skills program at the National Institute for Trial Advocacy.

## LEADERSHIP EXPERIENCE

- Justice for Our Neighbors-Houston: Board of Directors (2018-2020). JFON is a nonprofit organization focused on direct legal services for immigrants; previously served on its Advisory Board (2015-17).
- Hispanic Bar Association of Houston: President-Elect (2015-16). HisBA is the state's largest Hispanic legal bar association; currently serve on Advisory Board (2017-present); served as Director (2010-15).

- HYLA Leadership Academy: completed Houston Young Lawyers Association's Leadership Academy (2011-12).
- Obama 2008 Presidential Campaign: served as Precinct Delegate and an alternate State Delegate (2008).
- National Latino March, Washington, D.C.: organized Harvard's participation in the largest Latino civil rights march in American history (October 1996).

## **HONORS**

- Martindale-Hubbell AV® Preeminent™: peer review rated for highest level of professional excellence and high ethical standing in the legal profession (2013-present)
- Top Lawyers Under 40 Award, Hispanic National Bar Association (2017)
- 40 Under 40, *Houston Business Journal* (Class of 2012)
- Houston's Top 25 Leaders of the Future, *Latino Leaders Magazine*, a national publication (2011)
- Senior Marshal at Harvard Commencement, Harvard Alumni Association (2014 & 2019)
- Men of Strength Award, Wiley College recognition for commitment to civil rights and public interest service (2015)

# EXHIBIT 2

# ANDRÉ IVAN SEGURA

2348 Dryden Rd., Houston, TX 77030 · 917.415.6068 · aseguratx@gmail.com

## EXPERIENCE

**ACLU OF TEXAS**, Houston, TX                                                                July 2017 – Present
*Legal Director*. Direct and supervise staff attorneys, legal fellows, and support staff. Litigate cases and engage in advocacy to challenge the most pressing threats to civil rights in Texas with a strategic focus on criminal justice reform, immigrants' rights, LGBT rights, and reproductive freedom. Meet with congressional staff and federal agencies on civil rights issues. Frequently present at law schools, conferences, and continuing legal education classes. Comment regularly on constitutional issues in both English and Spanish media outlets, including CNN, MSNBC, Univision, Telemundo, and The New York Times.

**ACLU NATIONAL IMMIGRANTS' RIGHTS PROJECT**, New York, NY                      November 2009 – July 2017
*Senior Staff Attorney* and *Director of Diversity Recruitment*. Litigated cases nationwide to protect the civil rights of immigrant communities, including challenges to President Trump's executive orders establishing a Muslim ban and attacking sanctuary jurisdictions. Focused on addressing unlawful practices by federal, state, and local law enforcement agencies. Coordinated a nationwide rapid response network with over 50 law firms to address increased immigration enforcement. Notable cases include a class action demonstrating at trial that Sheriff Arpaio maintained a pattern and practice of racial profiling; 21-day civil contempt proceedings against Arpaio for intentionally violating court orders (which led to Arpaio being found guilty of criminal contempt and ultimately the subject of President Trump's first pardon); challenges to anti-immigrant laws in 6 states (served as lead attorney in challenge to South Carolina's 2011 law); a damages action on behalf of 14 individuals unlawfully detained during a residential raid by federal and local officials; and a lawsuit on behalf of mothers and children held at the Artesia, New Mexico detention facility challenging unconstitutional policies that denied a fair asylum process. Advised ACLU state offices on litigation, policy advocacy, and pending legislation. Directed diversity recruitment efforts of the ACLU's National Legal Department.

**HILLARY FOR AMERICA CAMPAIGN**, Brooklyn, NY                                   January – November 2016
*Criminal Justice Policy Working Group Coordinator*. Managed more than 40 working group members to develop policy papers and state briefings, provided rapid response assistance on policy developments, coordinated subgroups, set agenda for monthly meetings, and served as liaison on criminal justice policy between the group and the campaign team.

**ACLU OF NORTHERN CALIFORNIA**, San Francisco, CA                          September 2008 – November 2009
*Legal Fellow*. Litigated and developed civil rights cases in the areas of racial justice, immigrants' rights, and students' rights. Engaged in advocacy to address police misconduct and issues faced by the immigrant community.

**ACLU RACIAL JUSTICE PROGRAM**, New York, NY                             September 2007 – September 2008
*Marvin M. Karpatkin Fellow*. Litigated a racial profiling and First Amendment case against a major airline and the Transportation Security Administration, resulting in a landmark settlement for the client. Developed cases challenging the school-to-prison pipeline and filed challenges to anti-affirmative action ballot initiatives. Participated in fact-finding trips to South Texas to document civil rights violations faced by the Latino and immigrant communities.

**THE HONORABLE NAPOLEON A. JONES, JR.**                                        August 2006 – August 2007
**U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
*Judicial Law Clerk*. Drafted court orders for civil and criminal dockets.

## EDUCATION

**NEW YORK UNIVERSITY SCHOOL OF LAW**
J.D., *cum laude*, May 2006
Honors:           Dean's Scholarship Recipient – *full-tuition scholarship based on academic merit*
                  Robert McKay Scholar – *awarded to the top 25% of students after four semesters*
                  Convocation Awards:  John Perry Civil Rights Award; BLAPA Public Service Award
                  Teaching assistant to Professor Derrick A. Bell (constitutional law)
Journal:          *Review of Law & Social Change*, Staff Editor (2004–2005), Colloquium Editor (2005–2006)
Activities:       The Bronx Defenders – Legal Intern; Election Protection Volunteer (Philadelphia 2004)

**THE UNIVERSITY OF TEXAS AT AUSTIN**
B.S. in Chemical Engineering Honors Program, Environmental Concentration, *Highest Honors*, December 2002
Honors:           Graduated first in class; Outstanding Scholar Leader Convocation Award; National Hispanic Scholar Finalist

## ADDITIONAL INFORMATION

Fluent in Spanish.
Admitted to practice in Texas, New York, and California.

# EXHIBIT 3

# THOMAS BUSER-CLANCY

2909 Preston St. Houston, TX ♦ (512) 589-5988 ♦ tpaulclancy@gmail.com

## EDUCATION

**Yale Law School,** New Haven, CT
    J.D. May 2011

|  | |
|---|---|
| Activities: | Education Adequacy Project (2009-2011)—Co-Director 2010-2011 |
| | Capital Punishment Clinic (2009-2011) |
| | Teaching Assistant for Sterling Professor of Law Owen Fiss (Fall 2009) |
| | *Yale Journal of International Law*, Board Member-Articles Editor (2009-2010) |

**University of Texas at Austin,** Austin, TX
    B.A. in Plan II Honors, English, and Russian Language May 2006
    GPA: 3.9

|  | |
|---|---|
| Honors: | University and Special Honors in Plan II |
| | Endowed Presidential Scholarship in English |

## LEGAL EXPERIENCE

**ACLU of Texas,** Houston, Texas                               *Staff Attorney,* April 2018-Present

Significant experiences include: enjoining policy of Attorney General that made it much more difficult for victims of domestic violence and gang violence to seek asylum; successfully challenging attempted purge for naturalized citizens from Texas's voter rolls; representation of individual convicted of "illegal voting" for casting a provisional ballot that was not counted; moving to block a Texas law that requires all contractors to certify that they will not boycott Israel; providing support and coordination efforts in challenge to policy of separating immigrant parents from their children at the border; conducting investigations into conditions of confinement for immigrants held in detention centers.

**Munger, Tolles & Olson LLP,** Los Angeles, California          *Associate* October 2013-March 2018

Significant experiences include: brought successful motion for a preliminary injunction in the United States District Court for the Eastern District of Missouri challenging unconstitutional policy that prohibited Ferguson protesters from standing still; successfully enjoined Nevada law that sought to establish most expansive voucher program in the nation; drafted amicus briefs to the Fourth Circuit and the D.C. District Court on behalf of nationally prominent civil rights organizations challenging executive order that banned immigration from six majority-Muslim countries; representation of juvenile immigrants with Special Immigrant Juvenile Status in opposing appeal of termination of removal proceedings; represented mentally ill homeless individuals in successful settlement that changed the discharge policies of Los Angeles Country jail; current representation of plaintiffs in voting rights challenge to redistricting in Georgia; successful appeal to the California Court of Appeal concerning trial court's reversal of university finding that student committed sexual misconduct; successful representation of university in upholding expulsion of doctoral student for sexual misconduct; achieved full dismissal of claims in arbitration concerning legal malpractice; successful representation of law firm in legal malpractice claims brought across multiple jurisdictions; senior associate in high value environmental class action and related proceedings; successful appeal to the California Court of Appeal concerning trial court's erroneous review of arbitration award.

**Jackson Walker L.L.P.,** Austin, Texas                    *Associate* September 2011-May 2013
                                                            *Summer Associate*, June-July 2010

Primary or sole associate on a variety of high stakes matters including: federal national class action related to data breach allegations; Arkansas class action related to alleged insurance conspiracy; *amicus curiae* brief to the Supreme Court of the United States related to CAFA jurisdictional amount; representation of plaintiffs in Section 1983 claim in the Southern District of Texas concerning race-based discrimination. Pro bono work included: divorce representation, non-profit structuring, and risk mitigation. Designated speaker at in-house CLE credited litigation section presentations regarding updates in local and national procedural rules and trends.

# EXHIBIT 4

# BRIAN HAUSS

## EDUCATION

**HARVARD LAW SCHOOL,** Cambridge, MA
*Juris Doctor, magna cum laude*, May 2011
Honors:          Dean's Scholar Prizes in Constitutional Law: Separation of Powers, Federalism, and Fourteenth
                      Amendment; Constitutional Law: First Amendment; Torts; and Legal Research and Writing

**YALE UNIVERSITY,** New Haven, CT
*Bachelor of Arts, magna cum laude*, with Distinction in Ethics, Politics, and Economics, May 2008
Honors:          Light Fellowship for Summer Language Study in East Asia
                      Meeker Prize for Freshman English Composition
                      National Merit Scholar

## EXPERIENCE

**SPEECH, PRIVACY & TECHNOLOGY PROJECT,** ACLU Foundation, New York, NY
*Staff Attorney*, Spring 2017 – Present

Initiate and conduct litigation focusing on free speech issues. Lead counsel in *Koontz v. Watson* and *Jordahl v. Brnovich*, the first two cases holding that laws requiring government contractors to certify that they are not boycotting Israel violate the First Amendment. Lead counsel in *Turtle Island Foods v. Soman*, the first case holding that laws prohibiting the commercial use of terms like "veggie burger" violate the First Amendment. Lead counsel in lawsuits challenging the constitutionality of criminalizing "fake news," defamation, and courthouse protests. Counsel in *Mckesson v. Doe*, petitioning for certiorari on behalf of DeRay Mckesson in a lawsuit seeking to hold him liable for the actions of a fellow protestor. Counsel in cases challenging the constitutionality of municipal transportation system advertising bans and restrictions on labor union advocacy. Supervise one of the Speech, Privacy & Technology Project's two William J. Brennan fellows.

**CENTER FOR LIBERTY,** ACLU Foundation, New York, NY
*Staff Attorney*, Fall 2014 – Spring 2017

Initiated and conducted litigation focusing on religious refusals to comply with anti-discrimination and healthcare laws. Participate as either direct counsel or *amicus* counsel in cases involving anti-LGBT discrimination by employers and businesses, refusals to provide reproductive healthcare – including emergency care – at Catholic hospitals, and religious restrictions on access to reproductive healthcare in government-funded programs for vulnerable populations.

**SPEECH, PRIVACY & TECHNOLOGY PROJECT,** ACLU Foundation, New York, NY
*William J. Brennan First Amendment Fellow*, Fall 2012 – Fall 2014

Participated as either direct counsel or *amicus* counsel in cases touching on a wide variety of free expression and digital privacy issues, including: government location-tracking measures, the "true threat" doctrine, searches of electronic devices at the international border, government employee speech protections, and campaign speech laws. Drafted an *amicus* brief on compelled technical assistance in government investigations, which was nominated for the Green Bag Award for exemplary legal writing. Hired and supervised summer legal interns.

**THE HONORABLE MARSHA S. BERZON,** U.S. Court of Appeals for the Ninth Circuit, San Francisco, CA
*Law Clerk*, Spring 2011 – Spring 2012

**PROFESSOR WILLIAM RUBENSTEIN,** Harvard Law School, Cambridge, MA
*Research Assistant*, Fall 2009 – Spring 2011

**IRELL & MANELLA LLP,** Los Angeles, CA
*Summer Associate*, Summer 2010

# EXHIBIT 5

# VERA EIDELMAN

539A Monroe St. | Brooklyn, NY 11221 | (410) 707-3733 | vera.eidelman@gmail.com

## EDUCATION

**YALE LAW SCHOOL**, New Haven, CT
J.D., 2015
Activities: Research Assistant, Professor Lucas Guttentag & Professor Michael Wishnie
Fellow and Research Assistant, Information Society Project (First Amendment law)
Teaching Fellow, Yale College, *Control, Privacy, and Technology* Seminar

**STANFORD UNIVERSITY**, Stanford, CA
B.A. with distinction, Economics and Sociology, 2009
Honors*:*    Hoefer Prize for Excellence in Undergraduate Writing in Economics
Dornbusch Award for Outstanding Undergraduate Sociology Major and Graduation Speaker

## EXPERIENCE

**AMERICAN CIVIL LIBERTIES UNION**, New York, NY
*Staff Attorney, Speech, Privacy & Technology Project*                    Sept. 2018–present
*William J. Brennan First Amendment Fellow, Speech, Privacy & Technology Project* Sept. 2016–Sept. 2018
Litigate free speech and anti-surveillance cases at the trial and appellate level. Draft amicus briefs concerning speech, privacy, and technology-related rights, including protesters' rights, student speech, and genetic privacy. Assess First Amendment concerns with anti-protest bills; communicate with the media about national trends. Generate Know Your Rights materials, including online training on walkouts for students and in-person training on protest.

**HON. BETH LABSON FREEMAN, N.D. CAL.**, San Jose, CA                    Sept. 2015–Aug. 2016
*Law Clerk.*

**MEDIA FREEDOM AND INFORMATION ACCESS CLINIC**, New Haven, CT          Jan. 2014–May 2015
*Student Director and Law Student Intern*: Generated ideas for access claims to the Foreign Intelligence Surveillance Court. Defended workers against defamation claim; argued motion to dismiss in New York state court. Litigated state and federal freedom of information requests. Drafted white paper regarding public access to police body camera footage and amicus brief challenging NYPD practices regarding FOI requests.

**SAN FRANCISCO AFFIRMATIVE LITIGATION PROJECT**, New Haven, CT          Sept. 2013–May 2015
*Law Student Intern*: Developed claims related to online privacy. Drafted complaints and amicus briefs.

**ELECTRONIC FRONTIER FOUNDATION**, San Francisco, CA                    Summer 2014
*Summer Intern:* Researched issues for active litigation. Researched and blogged about First Amendment questions, including right of access to court documents on PACER.

**CALIFORNIA DEPARTMENT OF JUSTICE**, San Francisco, CA                  Summer 2013
*Intern, Executive Unit*: Identified litigation and policy ideas for online privacy issues. Drafted speeches.

**GOOGLE INC.**, Mountain View, CA                                        Aug. 2011–June 2012
*Legal Assistant, Google+ Team*: Created and enforced guidelines for contests on Google+. Investigated the legality of public materials, with a focus on IP issues. Drafted contract used for all Google+ sponsorships.

**CARNEGIE ENDOWMENT FOR INTERNATIONAL PEACE**, Washington, D.C.          Sept. 2009–Aug. 2011
*Managing Editor & Economist*: Assigned, edited, and released 104 articles for the *International Economic Bulletin*, the program's weekly publication. Co-authored *Currency Wars* and *Paradigm Lost: The Euro in Crisis*, Carnegie Reports on currency tensions. Edited *Juggernaut*, a book on the rise of developing countries.

## PUBLICATIONS

*The First Amendment Case for Public Access to Secret Algorithms Used in Criminal Trials*, 34 Ga. St. U. L. Rev. (2018).

# EXHIBIT 6

**Kevin Dubose**
ALEXANDER DUBOSE & JEFFERSON LLP
1844 Harvard Street
Houston, Texas 77008-4342
(713) 523-0667
kdubose@adjtlaw.com

### EDUCATION

Rice University (BA English, 1976)
University of Texas School of Law (JD 1979)

### EMPLOYMENT

Alexander Dubose Jones & Townsend; Alexander Dubose & Townsend; Alexander Dubose Jefferson & Townsend; Alexander Dubose & Jefferson (2003-present)

Holman & Hogan; Holman Hogan Dubose & Townsend; Hogan Dubose & Townsend, L.L.P. (1994-2003)

Perdue, Turner & Berry; Perdue & Todesco; Jim Perdue & Associates (of counsel 1987–1994)

Solo Practitioner (1985–1987)

Ryan & Marshall (partner 1984–1985; associate 1979–1984)

University of Houston Law Center
Director of Appellate Advocacy (1990–1994)
Adjunct Professor of Appellate Advocacy (2005-10)
Director of Legal Research and Writing (1987–1991)
Adjunct Professor of Legal Writing (1982, 1983, 1986, 1987)

### PROFESSIONAL ACTIVITIES AND HONORS

Lola Wright Foundation Award (for advancing and enhancing legal ethics in Texas) – Texas Bar Foundation (2020)

Chief Justice Jack Pope Professionalism Award – Texas Center for Legal Ethics (2012)

Fellow, American Academy of Appellate Lawyers (inducted 2006)

*Texas Super Lawyers*: Top 100 Lawyers in Texas (2007, 2009-11); Top 100 Lawyers in Houston(2006-present); Civil Appellate Law (2003-present)

Listed in *Best Lawyers in America*, in Appellate Law (2004-present); Houston Appellate Lawyer of the Year 2013

Listed in *Chambers USA Client's Guide*, in Appellate Law (2005-present)

Chair, Appellate Practice and Advocacy Section, State Bar of Texas (1995-96)

Chair, Appellate Practice Section, Houston Bar Association (1992-93)

Board Certified in Civil Appellate Law and Personal Injury Trial Law

### BAR ACTIVITIES AND LEADERSHIP POSITIONS

State Bar of Texas
Appellate Practice and Advocacy Section
Council member and officer 1989–98
Chair 1995-96

State Appellate Practice Committee 1989–91
Continuing Legal Education Committee, Chair 1988–89
Professionalism Committee Chair 2003-05
Annual Meeting Committee Co-Chair 2005-06
By-Law Committee Co-Chair 2011-12
Plain Language Committee 1989–93
Houston Bar Association
Appellate Practice and Advocacy Section
Chair 1992–1993
Founding Committee and Officer 1990–99
Newsletter Editor 1996–97
Professionalism Committee
Co-chair 1993–94
Appellate Judiciary Committee 1990–91
Texas Center for Legal Ethics
Board of Directors (2015-present)
Secretary (2018-19)
Chair-elect (2019-20)
Chair (2020-21)
American Academy of Appellate Lawyers
Board of Directors (2015-present)
Secretary (2018)
Treasurer (2019)
President-elect (2020)

## PUBLICATIONS AND SPEECHES
### Books
*Oral Argument*, TEXAS APPELLATE PRACTICE MANUAL, Chapter 16 (2d ed. 1993)
*Legal Writing*, LEGAL NURSE CONSULTING PRINCIPLES AND PRACTICE, Chapter 14 (1998)
*Writing a Persuasive Supreme Court Brief*, TEXAS SUPREME COURT PRACTICE MANUAL 2005, Chapter 6 (2005)
*Preserving Issues for Appeal*, PRACTITIONER'S GUIDE TO CIVIL APPEALS IN TEXAS, Chapter 1 (2014)
*Appellate Ethics*, PRACTITIONER'S GUIDE TO CIVIL APPEALS IN TEXAS, Chapter 17 (2014)

### *Articles*
*The Power of Professionalism*: *Civility as a Strategy for Effective Advocacy*, 79 TEX. BAR J. 432 (2016)
*Standards for Appellate Conduct Adopted in Texas*, 2 J. APPELLATE PRACTICE & PROCESS 191 (2000) *Standards of Appellate Conduct: Insight into Their Creation and Purpose*, 62 TEX. BAR J. 558 (1999) *The Court Has Ruled*, THE SECOND DRAFT, NEWSLETTER OF THE LEGAL WRITING INSTITUTE (1992)

### *Continuing Legal Education Programs*
*Civility as a Strategy for Effective Advocacy, STATE BAR OF TEXAS ADVANCED INSURANCE LAW (2020)*
*Why Does Conduct Matter? Why the Standards for Appellate Conduct Came Into Being 25 Years Ago and Remain Vital Today, University of Texas Law School Conference on State and federal Appeals (2020)*

*Legal Writing for the Rewired Brain, State Bar of Texas, Legal Writing to Win: Know Your Writes (2020)*

*Your Brain on Ethics: How That Thing Between Your Ears Can lead You Astray*, a panel presentation presented at the following CLE events:

- TEXAS CENTER FOR LEGAL ETHICS GUIDE TO ETHICS & PROFESSIONALISM IN TEXAS (Dallas, Fall 2017, Spring 2018, Fall 2018, Spring 2019, Fall 2019; Austin, Fall 2017, Spring 2018, Fall 2018, Spring 2019, Fall 2019, Spring 2020; Houston, Fall 2017, Fall 2018, Spring 2019, Fall 2019)
- SMITH COUNTY BAR ASSOCIATION (2019)
- TARRANT COUNTY PROBATE BAR ASSOCIATION (2019)
- HOUSTON BAR APPELLATE SECTION (2019)
- AUSTIN BAR ASSOCIATION HOLIDAY ETHICS (2017, 2018)
- STATE BAR OF TEXAS HEALTH LAW CONFERENCE (2018, 2019)
- STATE BAR OF TEXAS ADVANCED CONSUMER LAW CONFERENCE (2018)
- STATE BAR ANNUAL MEETING (2017, 2018)
- TEXAS OIL & GAS ASSOCIATION CONFERENCE (2018)
- TEXAS ATTORNEY GENERAL'S OFFICE IN-HOUSE CLE (2017)
- AUSTIN BAR ASSOCIATION MONTHLY CLE (2017)
- MEXICAN AMERICAN BAR ASSOCIATION OF HOUSTON (2017)

*Day of Civility: Panel on Sources and Philosophy of Civility in Litigation,* HOUSTON BAR ASSOCIATION (2019)

*How to Review Work Drafted by A Managing Partner, Paralegal, and Opposing Counsel*, STATE BAR OF TEXAS, DRAFTING FOR NEW LAWYERS (2019)

*Briefing Outside the Rules: Sur-Reply Briefs, Letters of Supplemental Authority, and Post-Submission Briefs*, STATE BAR OF TEXAS ADVANCED APPELLATE COURSE (2019); HOUSTON BAR APPELLATE SECTION (2018)

*Appellate Marketing Panel*, HOUSTON BAR ASSOCIATION APPELLATE SECTION LUNCHEON (2018)

*Appellate Ethics: An Integrated Look at the Standards for Appellate Conduct and Disciplinary Rules*, STATE BAR OF TEXAS ADVANCED APPELLATE COURSE (2017)

*Practicing Professionally is Not Just About Being Nice – It's A Winning Strategy*, HOUSTON BAR ASSOCIATION MENTORING PROGRAM KICK-OFF (2016)

*Evolving Brief-Writing Techniques for the 21st Century: Re-Thinking What You May Have Been Taught in Law School About Effective Written Advocacy*, HARRIS COUNTY ATTORNEY'S OFFICE IN-HOUSE CLE (2015); UT SCHOOL OF LAW CONFERENCE ON CRIMINAL APPEALS (2015)

*Toward A Kinder and Gentler (and More Effective) Advocacy Style*, THE APPELLATE ADVOCATE (2015)

*Successful Legal Writing Strategies for Today's Readers*, STATE BAR OF TEXAS, SUCCESS STRATEGIES AND KEY LESSONS FOR YOUNG LAWYERS (2014)

*How the Paperless World is Changing Reading and Comprehension, and How Appellate Brief Writers Can and Should Adapt*, AMERICAN ACADEMY OF APPELLATE LAWYERS SEMI-ANNUAL MEETING (2014)

*Drafting Unambiguous Appellate Court Judgments*, STATE BAR OF TEXAS, ADVANCED APPELLATE PRACTICE COURSE (2013)

*The Importance of Legal Traditions in Maintaining Decorum and Civility in an Adversarial Process*, HOUSTON BAR ASSOCIATION APPELLATE SECTION LUNCHEON (2013)

*The Development of Judicial Ethics in Texas*, HARRIS COUNTY CIVIL JUDICIAL EDUCATION CONFERENCE (2013)

*Tools for Clear and Persuasive Legal Writing*, STATE BAR OF TEXAS, IN-HOUSE COUNSEL 101 (2013) *Help! In Am Not an Appellate Expert, How Do I Preserve Error?!*, HARRIS COUNTY BENCH BAR CONFERENCE (2013)

*The Development of Judicial Ethics in Texas*, STATE BAR OF TEXAS, HISTORY OF TEXAS SUPREME COURT JURISPRUDENCE (2013)

*Logic, Rhetoric and Ethics in Appellate Advocacy*, STATE BAR OF TEXAS, ADVANCED APPELLATE PRACTICE COURSE (2012)

*Appellate Issues in Family Law*, STATE BAR OF TEXAS, ADVANCED FAMILY LAW (2012) *Legal Writing for the Real World of Computer Readers*, STATE BAR OF TEXAS, SUCCESS STRATEGIES AND KEY LESSON FOR YOUNG LAWYERS (2012)

*Logic, Rhetoric and Ethics: Getting it Right in the Age of Spin*, HOUSTON BAR ASSOCIATION APPELLATE SECTION LUNCHEON (2011)

*Balanced Life and Law Practice*, STATE BAR OF TEXAS ANNUAL MEETING (2011)

*Legal Writing***,** STATE BAR OF TEXAS, SUING, DEFENDING AND NEGOTIATING WITH FINANCIAL INSTITUTIONS, (2011)

*10 Tools to Make Your Writing Clearer and More Persuasive,* STATE BAR OF TEXAS WEBCAST (2011)

*Legal Writing in the Real World*, STATE BAR OF TEXAS, SUCCESS STRATEGIES AND KEY LESSON FOR YOUNG LAWYERS (2010)

*Practicing Law and Wellness: Modern Strategies for Lawyers Dealing With Anxiety, Addiction, and Depression*, STATE BAR OF TEXAS, ESTATE PLANNING AND PROBATE DRAFTING COURSE (2010)

*Appellate Jeopardy*, STATE BAR OF TEXAS, ADVANCED APPELLATE PRACTICE COURSE (2010)

*The Appellate Lawyer and a Meaningful Existence*, AMERICAN ACADEMY OF APPELLATE LAWYERS SPRING MEETING (2010)

*Mandamus Vignettes*, STATE BAR OF TEXAS, ADVANCED APPELLATE PRACTICE COURSE (2009)

*Differences in Judicial preparation for Oral Argument, Conferences and Assignments: Does It Make a Difference in Quality?,* AMERICAN ACADEMY OF APPELLATE LAWYERS SPRING MEETING (2009)

*Using Daubert in Medical Malpractice Cases*, STATE BAR OF TEXAS, ADVANCED MEDICAL MALPRACTICE COURSE (2009)

*A Court-Centered Approach to Appellate Advocacy*, STATE BAR OF TEXAS, ADVANCED APPELLATE PRACTICE COURSE (2008)

*Fitness to Practice Law: Balancing Life and Livelihood*, STATE BAR OF TEXAS WEBCAST (2007)

*Improving the Work Product of Appellate Courts and Advocates: A Frank Critique*, HOUSTON BAR ASS'N, APPELLATE SECTION LUNCHEON (2007)

*Care and Feeding of Your Appellate Clients*, STATE BAR OF TEXAS, ADVANCED CIVIL APPELLATE PRACTICE COURSE (2007)

*Privileges*, STATE BAR OF TEXAS, ADVANCED EVIDENCE & DISCOVERY (2007)

*Mandamus: Perspectives of Court and Counsel*, HOUSTON BAR ASS'N., CIVIL TRIAL AND APPELLATE BENCH BAR CONFERENCE (2007)

*Fitness to Practice Appellate Law: Improving Physical, Mental, and Emotional Health **and** Enhancing Your Law Practice by Integrating Spiritual Awareness and Balance Into Your Life and Law Practice,* STATE BAR OF TEX., ADVANCED CIVIL APPELLATE PRACTICE COURSE (2006)

*Be Careful What You Ask For: Changing Strategies to Adapt to the Changes in the Personal Injury Litigation Environment*, STATE BAR OF TEX., ADVANCED PERSONAL INJURY PRACTICE COURSE (2006)

*Things Appellate Judges Do That Appellate Lawyers Don't Like*, TEXAS JUDICIAL SECTION ANNUAL CONFERENCE (2005)

*Waiving Your Appeal Good-Bye*, STATE BAR OF TEX., ADVANCED CIVIL APPELLATE PRACTICE COURSE (2005)

*Exploring Opportunities for Exemplary Damages*, STATE BAR OF TEX., ADVANCED MEDICAL MALPRACTICE COURSE (2005)

*Oral Argument Demonstration Critique,* State Bar of Tex., Advanced Civil Appellate Practice Course (2004)

*Briefwriting: Giving Your Audience What It Needs*, STATE BAR OF TEX., ADVANCED CIVIL APPELLATE PRACTICE COURSE (2003)

*Tips on Avoiding Appellate Traps*, SOUTH TEX. COLLEGE OF LAW, CIVIL APPEALS FOR TRIAL LAWYERS (2003)

*Critique of Live Oral Argument,* STATE BAR OF TEX., ADVANCED CIVIL TRIAL COURSE (2002)

*Appellate Marketing*, STATE BAR OF TEX., ADVANCED CIVIL APPELLATE COURSE (2002)

*Ethical Appellate Advocacy*, SOUTH TEX. COLLEGE OF LAW, CIVIL APPEALS FOR TRIAL LAWYERS (2001)

*Appellately Incorrect,* STATE BAR OF TEX., ADVANCED CIVIL APPELLATE PRACTICE COURSE (2001)

*Top Ten Reasons for Hiring an Appellate Specialist in the Trial Court*, AMERICAN BAR ASSOCIATION CONVENTION, ABA TORT AND INSURANCE PRACTICE SECTION (2001)

*Doing the Right Thing: Ethics and Professionalism in the Appellate Practice*, UNIV. TEX., CONFERENCE ON STATE AND FEDERAL APPEALS (2001)

*What Not to Say in Oral Argument*, SOUTH TEX. COLLEGE OF LAW, FEAR AND LOATHING ON APPEAL (1999)

*What to do When the Verdict Comes In*, STATE BAR OF TEX., ADVANCED CIVIL TRIAL COURSE (1999)

*New Standards of Appellate Conduct: Talking the Talk and Walking the Walk*, STATE BAR OF TEX., ADVANCED CIVIL APPELLATE COURSE (1999)

*Brief Writing and Oral Argument*, STATE BAR OF TEX., APPELLATE PRACTICE INSTITUTE (1998)

*A Personal Look at the Standards of Appellate Conduct*, HOUSTON BAR ASSOC., APPELLATE/BENCH BAR CONFERENCE (1997)

*Post-Trial Motions*, State Bar of Tex., 20TH ANNUAL ADVANCED CIVIL TRIAL COURSE (1997)

*Course Director*, STATE BAR OF TEX., 11TH ANNUAL ADVANCED CIVIL APPELLATE PRACTICE COURSE (1997)

*Legal Aspects of Voir Dire*, HOUSTON BAR ASSOCIATION (1997)

*Briefs to the Court of Appeals,* STATE BAR OF TEX., Practicing Under the New Texas Appellate Rules (1997)

*Post-Verdict Strategies,* UNIV. OF HOUSTON, LITIGATION AND TRIAL TACTICS SEMINAR (1997)

*How to Conduct a Robinson/Daubert Hearing*, UNIV. TEX., EVIDENCE AND DISCOVERY SYMPOSIUM (1997)

*Preservation of Error Prior to Verdict,* STATE BAR OF TEX., 19TH ANNUAL ADVANCED CIVIL TRIAL COURSE (1996)

*Motions for Rehearing: Snatching Victory from the Jaws of Defeat,* STATE BAR OF TEX., 10TH ANNUAL ADVANCED CIVIL APPELLATE PRACTICE COURSE (1996)

*The Appellate Lawyer and its Trial Consultant*, UNIV. TEX., 6TH ANNUAL CONFERENCE ON STATE AND FEDERAL APPEALS (1996)

*The Jury Charge and Appellate Considerations*, SOUTH TEX. COLLEGE OF LAW, 9TH ANNUAL ADVANCED PERSONAL INJURY LAW SEMINAR (1996)

*How to Avoid Losing Your Case in Oral Argument*, TARRANT COUNTY BAR ASSOCIATION, KEYS TO UNLOCKING THE MYSTERY OF APPELLATE PRACTICE (1996)

*Oral Argument*, HOUSTON BAR ASSOCIATION, APPELLATE PRACTICE INSTITUTE (1996)

*Oral Argument: Handling and Mishandling Questions of the Court*, UNIV. TEX., 6TH ANNUAL CONFERENCE ON TECHNIQUES FOR HANDLING CIVIL APPEALS IN STATE AND FEDERAL COURT (1996)

*Publish or Perish in the Courts of Appeal*, UNIV. TEX., 5TH ANNUAL CONFERENCE ON TECHNIQUES FOR HANDLING CIVIL APPEALS IN STATE AND FEDERAL COURT (1995)

*Briefwriting: The Good, The Bad and the Ugly*, STATE BAR OF TEX., APPELLATE PRACTICE INSTITUTE (1995)

*Briefwriting, Part One: Points of Error, Statement of Facts, Etc.*, UNIV. OF HOUSTON LAW CENTER, APPELLATE PRACTICE SEMINAR (1994)

*Oral Argument Can Hurt You*, STATE BAR OF TEX., ADVANCED CIVIL APPELLATE COURSE (1994)

*Oral Argument: Learning from the Masters,* UNIV. TEX., 4TH ANNUAL CONFERENCE ON TECHNIQUES FOR HANDLING CIVIL APPEALS IN STATE AND FEDERAL COURT (1994)

*Ten Suggestions for a More Civilized Appellate Bar*, STATE BAR OF TEX., ADVANCED CIVIL APPELLATE PRACTICE COURSE (1993)

*Oral Argument: Persuasion, Performance and Perspective*, UNIV. TEX., 3RD ANNUAL CONFERENCE ON TECHNIQUES FOR HANDLING CIVIL APPEALS IN STATE AND FEDERAL COURT (1993)

*Oral Argument: Survey of Texas Appellate Judiciary*, UNIV. TEX., 3RD ANNUAL CONFERENCE ON TECHNIQUES FOR HANDLING CIVIL APPEALS IN STATE AND FEDERAL COURT (1993)

*Briefwriting, Part One: Points of Error, Statement of Facts, Etc.*, UNIV. OF HOUSTON APPELLATE PRACTICE SEMINAR (1993)

*Clear and Concise Drafting of Pleadings*, STATE BAR OF TEX., CIVIL TRIAL MINI COURSE (1992)

*Theories of Appellate Oral Argument: Point/Counterpoint*, STATE BAR OF TEX., ADVANCED CIVIL APPELLATE COURSE (1992)

*Preservation of Error and Avoidance of Waiver in Post-trial Motions*, UNIV. TEX., 2ND ANNUAL CONFERENCE ON TECHNIQUES FOR HANDLING CIVIL APPEALS IN STATE AND FEDERAL COURT (1992)

*Preserving Error at Trial, Excluding the Charge Conference*, STATE BAR OF TEX., LITIGATION STRATEGIES FROM THE EXPERTS (1992)

*Clear and Effective Communication About Legal Matters*, HOUSTON ASSOC. OF LEGAL ASSISTANTS SEMINAR (1992)

*Clear and Effective Communication About Legal Matters*, DALLAS ASSOC. OF LEGAL ASSISTANTS SEMINAR, KEYNOTE SPEECH (1992)

*Appellate Oral Argument: Mistakes Commonly Made by Even Good Advocates*, STATE BAR OF TEX., ADVANCED CIVIL APPELLATE PRACTICE COURSE (1991)

*Preservation of Error at Trial*, STATE BAR OF TEX., ADVANCED CIVIL TRIAL COURSE (1991)

*Appellate Briefs for Texas Courts*, UNIV. TEX., 1ST ANNUAL CONFERENCE ON TECHNIQUES FOR HANDLING APPEALS IN STATE AND FEDERAL COURT (1991)

*Post-Trial Motions*, SOUTH TEX. COLLEGE OF LAW, MOTION ADVOCACY: TACTICS AND TECHNIQUES

*The Law of Appellate Advocacy*, NATIONAL INSTITUTE OF TRIAL ADVOCACY, APPELLATE ADVOCACY COURSE (1991)

*Clear, Concise Drafting of Pleadings*, STATE BAR OF TEX., LITIGATION, ET. SEQ. (1990)

*Ostensible Agency and Agency by Estoppel in Houston-Based Medical Malpractice Cases*, SOUTH TEX. COLLEGE OF LAW, MEDICAL MALPRACTICE CONFERENCE (1990)

*Preservation of Error: Post-trial*, STATE BAR OF TEX., ADVANCED APPELLATE
    PRACTICE COURSE (1990)
*Writing Effective Appellate Briefs for Texas Courts*, TEXAS TRIAL LAWYERS
    ASSOCIATION, WINNING ON APPEAL SEMINAR (1989) (speaker & author)
*Post-trial Motions*, SOUTH TEX. COLLEGE OF LAW, ADVANCED CIVIL LITIGATION
    INSTITUTE (1989)
*Writing Appellate Briefs: Format, Style and Process*, STATE BAR OF TEX.,
    ADVANCED APPELLATE PRACTICE COURSE (1989)
*Texas Appellate Brief Format: An Analysis of a Non-random Sample of Briefs by
    Texas Lawyers*, STATE BAR OF TEX., ADVANCED APPELLATE PRACTICE COURSE
    (1989)
*Fifth Circuit Judicial Survey on Appellate Briefs*, FIFTH CIRCUIT APPELLATE
    PRACTICE AND ADVOCACY SEMINAR (1988)

## COMMUNITY SERVICE
Board of Directors, Books for Development (f/k/a Good Steward Global
    Initiative), 2016-present, four trips to Uganda to set up libraries and train
    librarians)
Board of Directors, Main Street Theater, 2008-15; President 2011-13
Board of Directors, Houston Urban Debate League, 2008-16; President-elect
    2013-15 President, Carnegie Vanguard High School PTO, 2003-05
Assistant Scoutmaster, Boy Scout Troop 924, 1998-2006
Numerous leadership positions, St. Mark's United Methodist Church, 1990-
    present

## FAMILY
Married to Glenda Owen, DDS, since 1981
Two sons, Travis & Ryan, born in 1985 and 1988, respectively

## HOBBIES AND INTERESTS
Running, cycling, theater, cinema, live music, foodie pursuits, craft beer, wine

# EXHIBIT 7

| Effective Date | Debit | Transaction Description |
|---|---|---|
| 1/22/2019 | 400.00 | Complaint Filing Fee |
| 1/22/2019 | 100.00 | PHV Andre Segura |
| 1/22/2019 | 100.00 | PHV Vera Eidelman |
| 1/22/2019 | 100.00 | PHV Brian Hauss |
| 3/31/2019 | 157.96 | Enterprise Rental for PI hearing |
| 4/22/2019 | 262.14 | Hotel for PI Hearing |
| 4/22/2019 | 100.00 | PHV Kevin Dubose |
| Total: | 1,220.10 | |

# EXHIBIT 8

Edgar Saldivar Statement of Fees

Pluecker Matter

| Date | Timekeeper | Hours | Narrative |
|---|---|---|---|
| 04/11/2018 | ES | 1.0 | Communications in office regarding legal issues re State's anti-BDS law. |
| 04/26/2018 | ES | 1.2 | Review of legal memo re anti-BDS law; communications to set up client meeting. |
| 04/27/2018 | ES | 1.0 | Review and develop file. Communications with prospective client re anti-BDS contract. |
| 04/30/2018 | ES | 1.0 | Communications with legal team regarding legal issues and client meetings. |
| 05/01/2018 | ES | 2.0 | Preparation for client meeting and review of file. Meet with K. Dubose, T. Buser-Clancy, and client J. Pluecker. |
| 05/09/2018 | ES | 1.0 | Review and edit litigation memo. |
| 05/10/2018 | ES | 2.0 | Review and edit litigation memo; review litigation file. |
| 05/17/2018 | ES | 1.5 | Conference call with A. Segura, K. Dubose, A. Pinon, and T. Buser-Clancy about status of case; review of file. |
| 05/21/2018 | ES | 2.0 | Communications with K. Dubose; review client documents; discuss call with possible new client Abdelhadi. |
| 05/22/2018 | ES | 1.0 | Communications with possible new client. Review and assess legal strategy. Review of client documents. |
| 05/23/2018 | ES | 0.5 | Review of correspondence with clients and legal team. |
| 05/29/2018 | ES | 1.0 | Review and assess legal strategy and next steps. |
| 05/30/2018 | ES | 2.0 | Communications with legal team about strategy and research tasks; review of research files. |
| 06/27/2018 | ES | 1.0 | Review and edit elements of proof outline and corresponding research. |
| 07/27/2018 | ES | 1.5 | Conference with prospective client (Hale); correspondence with legal team re same; review of and assess legal issues relating to new client. |
| 08/23/2018 | ES | 1.5 | Correspondence with prospective new client (Dennar); conference in office re same; review of legal issues pertaining to new client. |
| 09/17/2018 | ES | 1.5 | Review correspondence with prospective client Dennar; conference in office re legal issues. |
| 09/24/2018 | ES | 1.0 | Conference with clients re legal issues and strategy. |
| 10/02/2018 | ES | 1.5 | Review of AZ and KS anti-BDS law challenges and differences in pertinent state laws. |
| 10/22/2018 | ES | 1.5 | Review correspondence from clients re anti-BDS contracts; review of pertinent documents; conference in office with legal team re next steps for filing. |
| 10/28/2018 | ES | 3.8 | Preparation of draft original complaint. Discuss preliminary injunction motion and legal issues with team. |
| 10/29/2018 | ES | 2.5 | Work on complaint. Review of strategy on draft preliminary injunction motion. |
| 10/30/2018 | ES | 5.2 | Correspondence with clients re facts and declarations in preparation of complaint. Draft, review and revise complaint. |
| 10/31/2018 | ES | 3.1 | Correspondence with clients re facts and declarations in preparation of complaint and motion for preliminary injunction. Draft, review and revise complaint. |
| 11/01/2018 | ES | 4.0 | Correspondence with clients about status of case and draft complaint; work on complaint; work on draft preliminary injunction motion. |
| 11/07/2018 | ES | 2.5 | Work on complaint; review and revise draft PI motion. |
| 11/08/2018 | ES | 1.0 | Draft, review and revise complaint and PI. |
| 11/12/2018 | ES | 1.2 | Review and revision of draft of complaint; exchange e-mails with legal team about timing of edits and arranging conference call. |
| 11/13/2018 | ES | 2.8 | Conference call with legal team; review and revise complaint. Conference with clients re retainer agreements. |
| 11/14/2018 | ES | 2.0 | Conference with clients re facts for complaint; develop and review same. |
| 11/19/2018 | ES | 2.0 | Draft, review and revise complaint and PI. |
| 11/21/2018 | ES | 2.0 | Draft, review and revise PI. Conference with clients re complaint. Review and edit same. |
| 11/27/2018 | ES | 2.0 | Draft, review and revise complaint and PI. |
| 12/04/2018 | ES | 1.2 | Review and revise latest draft of Original Complaint; conference in office about draft and legal strategy. |
| 12/08/2018 | ES | 2.0 | Conference with clients re complaint; review of client declarations. |
| 12/10/2018 | ES | 3.0 | Review and revise Original Complaint; conference in office about legal strategy. |
| 12/11/2018 | ES | 1.5 | Conference with clients re factual allegations and status of complaint; review of current drafts of complaint and PI. |
| 12/13/2018 | ES | 2.5 | Work on draft of Original Complaint; conference in office about PI and legal strategy. |

Edgar Saldivar Statement of Fees

Pluecker Matter

| Date | Timekeeper | Hours | Narrative |
|---|---|---|---|
| 12/14/2018 | ES | 1.5 | Review and revise latest draft of Original Complaint. Conference with clients re same. |
| 12/16/2018 | ES | 1.8 | Review and edit revisions from co-counsel to complaint; review of latest draft of PI. |
| 12/17/2018 | ES | 6.4 | Conference with team re strategy; work on finalizing complaint; correspondence with clients re status and filing plan for complaint and preliminary injunction. |
| 12/18/2018 | ES | 5.8 | Prepare and finalize Original Complaint for filing; communications with team about Complaint. Review and assess strategy on PI. |
| 12/19/2018 | ES | 6.2 | Review and edit draft Motion for Preliminary Injunction; conference call with legal team to discuss timing of filing of motion for permanent injunction; review and assess legal strategy. |
| 12/20/2018 | ES | 3.4 | Review of draft memorandum in support of PI; correspondence with team re same; correspondence with clients re updates on case. |
| 12/21/2018 | ES | 3.0 | Work on draft motion for preliminary injunction; communications with team re same. |
| 12/22/2018 | ES | 3.0 | Review latest draft of client declarations; conference with clients re same; review of draft motion for PI. |
| 12/23/2018 | ES | 4.8 | Conference with clients re legal issues; work on draft Memo in support of preliminary injunction. |
| 12/27/2018 | ES | 2.0 | Work on preparation of PI motion and pertinent declarations. |
| 01/02/2019 | ES | 2.2 | Review and edit revised draft of motion for preliminary injunction. |
| 01/03/2019 | ES | 3.8 | Review plaintiff declarations and comments with clients re same. Work on finalizing same. Review and analyze legal strategy on PI. |
| 01/16/2019 | ES | 2.0 | Correspondence with team re reply to Defendant's briefs; conference call with team about Defendants' filings and strategy for responding. |
| 01/24/2019 | ES | 0.8 | Conference with clients re status and legal issues. Review and discuss strategy on reply to Defendants' responses to PI. |
| 01/25/2019 | ES | 4.0 | Review and revise Response to State's Motion to Dismiss. |
| 01/26/2019 | ES | 2.0 | Review and revise latest draft of Response to Motion to Dismiss. |
| 01/27/2019 | ES | 5.0 | Review and revise latest draft of Response to Motion to Dismiss; correspondence with team re legal issues. |
| 01/28/2019 | ES | 0.5 | Conference call with legal team about draft of Response to State Motion to Dismiss. |
| 01/29/2019 | ES | 3.5 | Review and edit current draft of Response to State's Motion to Dismiss. |
| 02/04/2019 | ES | 0.8 | Correspondence re the scheduling of a hearing on motion for preliminary injunction; in office discussion re strategy on hearing. |
| 03/01/2019 | ES | 1.0 | Review and revise draft of Response to Motion to Dismiss by State. |
| 03/02/2019 | ES | 4.0 | Work on draft of Response to Motion to Dismiss by State. |
| 03/04/2019 | ES | 2.5 | Review and revise draft of Response to State's Motion to Dismiss; conference in office re same. |
| 03/18/2019 | ES | 2.0 | Correspondence in office re legal strategy for hearing on State's MTD and PI motion. Review of file. |
| 03/21/2019 | ES | 1.8 | Work on draft response to motion to continue hearing on State's motions to dismiss and for preliminary injunction; correspondence with team re same. |
| 03/22/2019 | ES | 2.2 | Review of State's motion to dismiss and response and replies to same. Strategy meeting in office re same. |
| 03/25/2019 | ES | 2.4 | Review of pleadings and entire file in preparation for moot court. |
| 03/26/2019 | ES | 4.5 | Complete review of materials to prepare for moot court; attend and participate in moot court re preliminary injunction. |
| 03/29/2019 | ES | 1.0 | Attend and participate in hearing on motion for preliminary injunction; discuss strategy and debrief with T. Buser-Clancy, K. Dubose, B. Hauss. |
| 04/25/2019 | ES | 2.5 | Review of Court order granting PI. Conference in office re legal strategy and next steps. |
| 6/15/2020 | ES | 3.5 | Review research on Motion for Attorneys' Fees; research Fifth Circuit case law on same. |
| 6/16/2020 | ES | 2.0 | Research on attorneys' fees under 42 U.S.C. 1988. |
| 6/17/2020 | ES | 1.5 | Research for Motion for Attorneys' Fees. |
| 6/18/2020 | ES | 1.0 | Review of legal issues and strategy re Motion for Attorneys' Fees. |
| 6/22/2020 | ES | 4.5 | Work on drafting and editing Motion for Attorneys' Fees and corresponding declarations. |
| 6/23/2020 | ES | 5.2 | Work on Motion for Attorneys' Fees; review research re same; review and develop declaration supporting. attorneys' fees. |
| 6/24/2020 | ES | 6.5 | Review and revise Motion for Attorneys' Fees and attorney declaration supporting same. |

Edgar Saldivar Statement of Fees

Pluecker Matter

| 6/25/2020 | ES | 6.0 | Review time sheets supporting Motion for Attorneys' Fees; review of declarations supporting fees; correspondence. with co-counsel re strategy. |
|---|---|---|---|
| **TOTAL** | | 187.6 | |
| **10% Reduction** | | 168.84 | |
| **Multiplied By Rate ($550)** | | $92,862 | |

Thomas Buser-Clancy Statement of Fees
Pluecker Matter

| Date | Timekeeper | Hours | Narrative |
|---|---|---|---|
| 5/18/2018 | TBC | 1 | Research standing issues for complaint. |
| 5/21/2018 | TBC | 0.3 | Research standing issues for complaint. |
| 5/22/2018 | TBC | 0.5 | Conference call with co-counsel concerning litigation strategy. |
| 5/22/2018 | TBC | 0.2 | Conference with client concerning litigation. |
| 5/30/2018 | TBC | 2.1 | Conference with client concerning litigation. |
| 6/5/2018 | TBC | 1 | Draft email memo concerning HB 89. |
| 8/13/2018 | TBC | 1.2 | Research standing and First Amendment issues for complaint. |
| 8/14/2018 | TBC | 1.9 | Research standing and First Amendment issues for complaint. |
| 8/16/2018 | TBC | 0.4 | Conference with co-counsel regarding complaint. |
| 8/16/2018 | TBC | 2 | Research First and Fourteenth Amendment claims for complaint. |
| 9/10/2018 | TBC | 0.8 | Research and draft preliminary injunction motion. |
| 9/12/2018 | TBC | 2.2 | Research for and draft preliminary injunction motion. |
| 9/13/2018 | TBC | 1 | Research question of venue for complaint. |
| 9/24/2018 | TBC | 2.2 | Research for and draft merits section of preliminary injunction motion. |
| 10/4/2018 | TBC | 1.7 | Research for and draft merits section of preliminary injunction motion. |
| 10/5/2018 | TBC | 6.4 | Research for and draft merits section of preliminary injunction motion. |
| 10/22/2018 | TBC | 3.7 | Draft fact and equities section of preliminary injunction motion. |
| 10/23/2018 | TBC | 5.5 | Research for and draft sections of preliminary injunction motion. |
| 10/24/2018 | TBC | 3 | Draft sections of preliminary injunction motion. |
| 10/25/2018 | TBC | 6.8 | Research for and draft preliminary injunction motion. |
| 10/29/2018 | TBC | 3.7 | Review and revise complaint. |

Thomas Buser-Clancy Statement of Fees

Pluecker Matter

| Date | Timekeeper | Hours | Narrative |
|---|---|---|---|
| 11/7/2018 | TBC | 1.5 | Review and revise complaint. |
| 11/13/2018 | TBC | 1.2 | Review and revise complaint. |
| 11/21/2018 | TBC | 3.2 | Review and revise complaint. |
| 11/26/2018 | TBC | 2.6 | Review and revise latest draft of complaint. |
| 12/10/2018 | TBC | 2.5 | Review and revise latest draft of complaint. |
| 12/17/2018 | TBC | 3 | Review and revise latest draft complaint. |
| 12/18/2018 | TBC | 2.5 | Finalize and file complaint. |
| 12/19/2018 | TBC | 3.8 | Research for and draft preliminary injunction motion. |
| 12/19/2018 | TBC | .5 | Conference call with legal team regarding strategy. |
| 12/20/2018 | TBC | 3.4 | Revise preliminary injunction motion. |
| 12/21/2018 | TBC | 3.3 | Revise preliminary injunction motion. |
| 12/28/2018 | TBC | 1.9 | Review and revise latest draft of preliminary injunction motion. |
| 12/29/2018 | TBC | 3.2 | Review and revise latest draft of preliminary injunction motion. |
| 1/2/2019 | TBC | 3.7 | Review and revise latest draft of preliminary injunction. |
| 1/3/2019 | TBC | 3.4 | Finalize preliminary injunction and component parts. |
| 1/4/2019 | TBC | 3.3 | Prepare preliminary injunction and component parts for filing. |
| 1/7/2019 | TBC | .2 | Internal conference regarding litigation strategy. |
| 1/7/2019 | TBC | .3 | Correspondence regarding deadline for state's response to application for preliminary injunction. |
| 1/10/2019 | TBC | .1 | Conference with counsel for Attorney General regarding consolidation and briefing schedule relating to preliminary injunction. |
| 1/17/2019 | TBC | 5.5 | Research for and draft reply in support of preliminary injunction. |
| 1/18/2019 | TBC | 4.8 | Review response to preliminary injunction; research for and draft reply in support of preliminary injunction. |
| 1/21/2019 | TBC | 4 | Research for and draft reply in support of preliminary injunction. |
| 1/22/2019 | TBC | 6.7 | Research for and draft reply in support of preliminary injunction. |
| 1/23/2019 | TBC | 3.5 | Draft reply in support of preliminary injunction. |
| 1/24/2019 | TBC | 7.8 | Draft reply in support of preliminary injunction. |
| 1/29/2019 | TBC | 4.5 | Finalize and file reply in support of preliminary injunction. |

Thomas Buser-Clancy Statement of Fees

Pluecker Matter

| Date | Timekeeper | Hours | Narrative |
|------|-----------|-------|-----------|
| 3/2/2019 | TBC | 3.5 | Revise response to State's Motion to Dismiss. |
| 3/3/2019 | TBC | 1.4 | Revise response to State's Motion to Dismiss. |
| 3/5/2019 | TBC | 2.9 | Finalize and file response to State's Motion to Dismiss. |
| 3/19/2019 | TBC | 5.8 | Prepare for moot argument on preliminary injunction. |
| 3/22/2019 | TBC | 7.4 | Prepare for moot argument on preliminary injunction; moot argument; and review arguments following moot. |
| 3/23/2019 | TBC | 5.5 | Prepare for moot argument on preliminary injunction. |
| 3/24/2019 | TBC | 4.9 | Prepare for moot argument on preliminary injunction. |
| 3/25/2019 | TBC | 7 | Prepare for moot argument on preliminary injunction. |
| 3/26/2019 | TBC | 4.8 | Moot preliminary injunction and review arguments following therefrom. |
| 3/27/2019 | TBC | 6.7 | Prepare for oral argument on preliminary injunction. |
| 3/28/2019 | TBC | 5.7 | Prepare for oral argument on preliminary injunction. |
| 3/29/2019 | TBC | 1.0 | Participate in Oral Argument and strategize with litigation team on same. |
| 6/15/2020 | TBC | 4.3 | Research for Motion on Attorney's Fees. |
| 6/16/2020 | TBC | 2.2 | Research for Motion on Attorney's Fees. |
| 6/18/2020 | TBC | 4.5 | Research for and draft Motion on Attorney's Fees. |
| 6/22/2020 | TBC | 5.1 | Draft Motion on Attorneys' Fees. |
| 6/23/2020 | TBC | 1.8 | Revise Motion on Attorneys' Fees and declarations in support thereof. |
| 6/24/2020 | TBC | .2 | Correspondence concerning extension for motion for attorneys' fees. |
| 6/24/2020 | TBC | .5 | Review declarations in support of motion for attorneys' fees. |
| **TOTAL** | | 203.2 | |
| **10% Discount** | | 182.88 | |
| **Multiplied by Rate ($450)** | | $82,296 | |

Andre Segura Statement of Fees

Pluecker Matter

| Date | Timekeeper | Hours | Narrative |
|---|---|---|---|
| 4/9/2018 | AIS | 0.2 | Email co-counsel re: potential plaintiff. |
| 4/27/2018 | AIS | 1.3 | Review prior litigation briefing on challenges to similar legislation. |
| 11/7/2018 | AIS | 3.2 | Edit and draft complaint. |
| 12/16/2018 | AIS | 1.0 | Edit and draft complaint. |
| 12/17/2018 | AIS | 1.4 | Edit and draft complaint. |
| 12/18/2018 | AIS | 2.3 | Edit memo in support of preliminary injunction and email team. |
| 1/24/2019 | AIS | 1.7 | Review and edit reply in support of preliminary injunction. |
| 3/22/2019 | AIS | 3.7 | Review briefing, research cases, legislation, participate in moot. |
| **TOTAL** | | 14.8 | |
| **10% Discount** | | 13.32 | |
| **Multiplied by Rate ($550)** | | 7,326 | |

1

Brian Hauss Statement of Fees

Pluecker Matter

| Date | Timekeeper | Hours | Narrative |
|---|---|---|---|
| 12/17/2018 | BH | 3.5 | Review and revise original complaint. |
| 12/23/2018 | BH | 1.4 | Review memo in support of preliminary injunction. |
| 1/16/2019 | BH | 4.8 | Editing memo in support of preliminary injunction. |
| 1/28/2019 | BH | 0.5 | Call to discuss reply brief in support of application for preliminary injunction. |
| 1/29/2019 | BH | 4.3 | Editing reply memo in support of application for preliminary injunction. |
| 2/8/2019 | BH | 2.1 | Editing reply memo in support of application for preliminary injunction. |
| 3/4/2019 | BH | 1.3 | Editing brief in opposition to state's motion to dismiss. |
| 3/26/2019 | BH | 5.2 | Editing brief in opposition to state's motion to dismiss. |
| 3/28/2019 | BH | 2 | Participated in moot in preparation for hearing on preliminary injunction. |
| 3/29/2019 | BH | 1 | Attend hearing on preliminary injunction and help with strategy on oral arguments. |
| **TOTAL** | | 26.1 | |
| **10% Discount** | | 23.49 | |
| **Multiplied by Rate ($450)** | | 10,570.5 | |

Vera Eidelman Statement of Fees

Pluecker Matter

| Date | Timekeeper | Hours | Narrative |
|---|---|---|---|
| 11/19/2018 | VE | 1 | Review and revision of complaint. |
| 12/13/2018 | VE | 1.5 | Review and revision of complaint. |
| 12/17/2018 | VE | 0.5 | Review and revision of complaint. |
| 12/19/2018 | VE | 1.5 | Review and revision of preliminary injunction brief. |
| 01/03/2019 | VE | 3.5 | Review and revision of preliminary injunction brief. |
| 01/27/2019 | VE | 2 | Review and revision of Reply in support of preliminary injunction. |
| 03/26/2019 | VE | 1 | Participation in moot on hearing for preliminary injunction. |
| 06/26/2020 | VE | .6 | Review and revision of motion for attorneys' fees. |
| **TOTAL** | | 11.6 | |
| **10% Discount** | | 10.44 | |
| **Multiplied by Rate ($450)** | | $4,698 | |

1

Kevin Dubose Statement of Fees
Pluecker Matter

| Date | Timekeeper | Hours | Narrative |
|---|---|---|---|
| 11/12/2018 | KHD | 1.2 | Begin review and revision of draft of Complaint; exchange e-mails with E. Saldivar about timing of edits and arranging conference call. |
| 11/13/2018 | KHD | 1.8 | Complete review and revision of Complaint; prepare redline version and send to E. Saldivar with some explanation. |
| 12/14/2018 | KHD | 1.2 | Review and revise latest draft of Original Complaint. |
| 12/17/2018 | KHD | 0.8 | Review and edit latest draft of Original Complaint. |
| 12/18/2018 | KHD | 0.3 | Prepare red-lined document reflecting final edits to Original Complaint. |
| 12/19/2018 | KHD | 2.5 | Review edits to Motion for Preliminary Injunction. |
| 12/20/2018 | KHD | 2.4 | Draft a red-line version of the Motion for Preliminary injunction with proposed edits; draft e-mail with substantive and formatting suggestions for draft of Motion for Preliminary Injunction. |
| 01/02/2019 | KHD | 1.2 | Review and edit revised draft of motion for preliminary injunction. |
| 01/25/2019 | KHD | 4.6 | Review and revise Response to State's Motion to Dismiss. |
| 01/26/2019 | KHD | 2 | Review and revise new draft of Response to Motion to Dismiss. |
| 01/27/2019 | KHD | 2.8 | Review and revise latest draft of Response to Motion to Dismiss. |
| 01/29/2019 | KHD | 2.2 | Review and edit latest draft of Response to State Defendants' Motion to Dismiss. |
| 03/01/2019 | KHD | 0.4 | Begin reviewing and revising draft of Response to Motion to Dismiss by Paxton. |
| 03/04/2019 | KHD | 1.0 | Review and revise draft of Response to Motion to Dismiss filed by Paxton. |
| 03/22/2019 | KHD | 0.4 | Review draft of motion to continue hearing on motion to dismiss and motion for preliminary injunction. |
| 03/25/2019 | KHD | 4.3 | Review motion to dismiss, response, and reply; review motion for preliminary injunction, response and reply, all in preparation for moot court; contemplate and draft questions for moot court. |
| 03/26/2019 | KHD | 3.5 | Complete review of materials to prep for moot court; attend and participate in moot court. |
| 06/22/2020 | KHD | .2 | Communications with E. Saldivar about declaration on reasonableness of attorney's fees. |
| 06/24/2020 | KHD | 1.1 | Review declaration of E. Saldivar; begin reviewing and editing Dubose declaration. |
| 06/25/2020 | KHD | 2.9 | Complete revision of Dubose declaration on attorney's fees; review and revise draft of motion for attorney's fees; review and edit revised version of Dubose declaration; communications with ACLU team re same. |
| 06/26/2020 | KHD | 2.9 | Review and revise motion for attorney's fees; communications among team re same. |
| 06/30/2020 | KHD | .2 | Communications with T. Buser-Clancy about modifications to Declaration on Attorney's Fees. |
| **Total** | | 39.9 | |
| **10% Discount** | | 35.91 | |
| **Multiplied by rate ($650)** | | $23,341.5 | |

1

Christopher Clay Statement of Fees

Pluecker Matter

| Date | Timekeeper | Hours | Narrative |
|------|-----------|-------|-----------|
| 12/18/2018 | CC | 4.0 | Complaint and summons review, edit, and filing. |
| 12/21/2018 | CC | .5 | Review and filing of Notice of Related Case. |
| 01/03/2019 | CC | 4.0 | Drafting declaration and document collection in support of preliminary injunction. |
| 01/04/2019 | CC | 4.0 | Preliminary Injunction review, edit, and filing. |
| 01/17/2019 | CC | 1.0 | Review, edit, and filing of motion for extension of time. |
| 01/29/2019 | CC | 2.0 | Review, edit, and filing of reply to response to Def. Paxton preliminary injunction. |
| 03/05/2019 | CC | 2.0 | Review, edit, and filing of response to Def. Paxton motion to dismiss. |
| 03/22/2019 | CC | 6.0 | Preparation of trial notebooks and exhibit preparation for preliminary injunction hearing. |
| **TOTAL** | | 23.5 | |
| **10% Discount** | | 21.15 | |
| **Multiplied by Rate ($150)** | | 3,172.5 | |