IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Amawi, et al. | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No.: 1:18-CV-1091-RP |
| | § | |
| Pflugerville I.S.D., et al. | § | |
|     *Defendants.* | § | |

**DECLARATION OF KEVIN DUBOSE IN SUPPORT OF *PLUECKER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

  I, Kevin Dubose, represent the *Pluecker* Plaintiffs in the above-captioned case. I make the following declaration based upon my personal knowledge, except where indicated:

  1. This declaration is submitted in support of Plaintiffs' Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 1988.

  2. I am licensed to practice law in the State of Texas and am a partner and founding member of Alexander Dubose & Jefferson LLP ("ADJ"). ADJ is an appellate law firm with 17 experienced and accomplished appellate specialists working in offices in Austin, Dallas and Houston. Our firm includes former chief justices of appellate courts, former chairs of the State Bar Appellate section, and the recipients of numerous Outstanding Appellate Lawyer Awards. We are widely regarded as the premier appellate firm in Texas. Although our practice is focused on handling appeals, we frequently become involved in trial court proceedings to advise and consult lead trial lawyers, to assist with preserving error, to handle charge conferences, and to draft and argue dispositive motions.

  3. I have been practicing law for 41 years, and for the last 35 years have specialized in handling appellate matters in state and federal courts in Texas. My practice has been limited to civil matters, but within

that spectrum has included a broad range of practice areas. The highest concentration has been in personal injury and commercial litigation.

4. I graduated from Rice University in 1976, and received my JD degree from The University of Texas Law School in 1979. I was a trial lawyer with a small insurance defense litigation boutique from 1979-85, trying approximately 25 jury trials. I was a solo appellate practitioner from 1985-87. I was an appellate specialist with a plaintiffs' personal injury firm from 1987-94, and since 1994 I have practiced in two appellate boutiques. I also served as an Adjunct Professor of Legal Writing at the University of Houston Law Center from 1983-87, and became Director of Legal Research and Writing from 1987-91. I served as Director of Appellate Advocacy at UH Law from 1990-94. I then served as an Adjunct Professor of Appellate Advocacy from 2005-11.

5. I was part of the first class of Texas lawyers to become Board Certified in Appellate Law by the Texas Board of Legal Specialization in 1987, and have maintained that certification. I was the second person elected to serve as Chair of the Houston Bar Association Appellate Section in 1991-92, and was elected chair of the State Bar of Texas Appellate Section for 1995-96. I was elected as a Fellow of the American Academy of Appellate Lawyers (AAAL) in 2006, elected to the Board of Directors of the AAAL in 2015, and will become Chair of the Board in 2021.

6. The year I was Chair of the State Bar Appellate Section I started a Pro Bono Committee that matched clients needing pro bono representation with attorneys interested in doing pro bono appellate work. Throughout my career I have looked for opportunities to provide pro bono representation, sometimes through institutional appointments, and sometimes by running across clients in my practice who require appellate assistance but cannot afford it. I am currently assisting one of my partners with the pro bono representation of a client on Death Row who was unjustly convicted. I have worked with the ACLU of Texas in four pro bono matters in the last two years.

7. I also have taken a particularly active role in the advancement of legal ethics, professionalism, and civility. I have been a frequent author and speaker in this area, and have served on the board of the Texas

Center for Legal Ethics (TCLE) since 2016, currently serving as Chair of the Board for TCLE. Since 2017 I have presented over 30 CLE presentations on behalf of the TCLE. In 2012, I was awarded the Chief Justice Jack Pope Professionalism Award—the third attorney in the state to receive that award. In 2020 I received the Lola Wright Foundation Award from the Texas Bar Foundation for contributions to the advancement and enhancement of legal ethics in Texas.

8. I have represented the *Pluecker* Plaintiffs in this case since its inception in December 2018 to the present time. I am familiar with the entire course of the litigation, as well as with the work performed by attorneys affiliated with the ACLU of Texas and ACLU Foundation throughout the litigation of this case.

9. As explained in the Plaintiffs' Motion for Attorneys' Fees, this case involves complex constitutional issues and has been highly resource-intensive to litigate. As a result, the legal expertise and resources contributed by ACLU of Texas, ACLU Foundation, and my firm, Alexander Dubose & Jefferson, were much needed. Accordingly, I believe that *Pluecker* Plaintiffs are entitled to an hourly rate for attorneys consistent with the market in which they practice and in the location of this court in the Austin area.

10. My co-counsel and I brought this matter because of our special expertise on the legal issues in this case—including the First Amendment and federal court litigation.

11. *Pluecker* Plaintiffs' requested hourly rates for their attorneys and paralegal are reflected in the table below:

| Time Keeper | Years of Experience | Law School or University | Hourly Rate |
| --- | --- | --- | --- |
| Edgar Saldivar | 16 | University of Houston Law Center | $550 |
| Thomas Buser-Clancy | 9 | Yale Law School | $450 |
| Andre Segura | 14 | NYU School of Law | $550 |
| Brian Hauss | 9 | Harvard Law School | $450 |
| Vera Eidelman | 5 | Yale Law School | $450 |
| Kevin Dubose | 41 | University of Texas School of Law | $650 |
| Christopher Clay[1] | 14 | University of Houston | $150 |

---

[1] Mr. Clay is the sole paralegal on this case. He is certified through the Center for Legal Studies and is a member of the State Bar of Texas – Paralegal Division.

3

12. Based on my experience, I believe that the requested rates are fair and reasonable, and in fact are below the prevailing community rate in Austin for federal court litigators of comparable skill and experience. Although I practice in my firm's Houston office, our biggest office is in Austin, where we have 11 lawyers, and I am very familiar with billing rates in the Austin area.

13. Fee awards are almost always determined based on current prevailing rates, at the time a motion for fees is made. This is a common and accepted practice to compensate attorneys for the delay in being paid. In my experience, for lawyers of the caliber of the lawyers in this case who have more than 25 years of experience, hourly rates of $700-1,000 are typical. In my experience, for lawyers of the caliber of the lawyers in this case who have 15-25 years of experience, hourly rates of $500-700 are typical. In my experience, for lawyers of the caliber of the lawyers in this case who have 5-15 years of experience, hourly rates of $400-600 are typical. In my experience, for paralegals of the caliber of paralegals in this case with 10-15 years of experience, hourly rates of $125-250 are typical. Thus, I believe the prevailing market rates for attorneys and paralegals with the skill and expertise of the attorneys and paralegals in this case are likely higher than the requested rates.

14. I am also aware that my co-counsel and I have exercised billing judgment by writing down or writing off over 160 hours and $82,141.00 of legal services (at lodestar rates) for items performed in handling of this case. The reasonableness of counsel's time also is shown by the fact that co-counsel and I have limited our requested fees to a total of 456.03 hours of time billed to successfully obtain a preliminary injunction. The time spent by *Pluecker* Plaintiffs' counsel appears to be appropriate to the novel and complex issues presented, to the stakes involved, to the excellent reputation of attorneys affiliated with the ACLU of Texas and the ACLU Foundation, to the high quality of the work product produced, to the well-prepared oral argument presented during the preliminary injunction hearing, and to the results obtained.

15. For each of these reasons, and based on my experience of over 40 years litigating similar complex cases, in my opinion, at the requested lodestar hourly rates listed above, the number of hours spent by

*Pluecker* Plaintiffs' counsel would have constituted a reasonable amount to bill to a fee-paying client and represent a reasonable number of hours for litigating this matter through the preliminary injunction stage.

I declare that the foregoing is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746. Executed at Houston, Texas, this 6th day of July, 2020.

_____
Kevin Dubose