UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BAHIA AMAWI** <br><br> Plaintiff, <br><br> vs. <br><br> **PFLUGERVILLE INDEPENDENT SCHOOL DISTRICT**; and <br><br> **KEN PAXTON**, in his official capacity as Attorney General of Texas, <br><br> Defendants. | Case No. 1:18-cv-01091-RP |

## DECLARATION OF CAROLYN HOMER

I, Carolyn Homer, swear under the penalty of perjury that the following facts are true to the best of my knowledge, information, and belief:

1. I have personal knowledge of the facts set forth below.  If I were called as a witness, I could competently testify about what I have written in this declaration.

2. I am currently a member in good standing with the District of Columbia and California bars.

3. I graduated from the George Washington University Law School in 2012. From September 2012 to January 2018 I was a full-time intellectual property litigation associate at Quinn Emanuel Urquhart & Sullivan LLP.

4. From February 2018 to December 2019, I worked full time as a trial attorney with the Council on American-Islamic Relations Foundation, Inc.  My litigation work was on behalf of the CAIR Legal Defense Fund ("CAIR").

1

5. In December 2019, I left CAIR to work as a Senior Associate at the law firm of Latham & Watkins LLP. I began that job in January 2020 and still work there.

6. I was an attorney of record for Bahia Amawi in this case from December 2018 through December 2019, including conducting her direct examination at the preliminary injunction hearing on March 30, 2019. I am admitted to practice in the Western District of Texas.

7. I had more than 6 years of legal experience when I began working on Ms. Amawi's case in November of 2018. I had more than 7 years of experience of legal experience when I withdrew from her case.

8. During the course of my litigation practice at both Quinn Emanuel and the Council on American-Islamic Relations, I worked on multiple First Amendment matters of significance. My experience includes trial and Ninth Circuit appeal work on the donor-disclosure case *Americans for Prosperity Found. v. Harris*, 182 F. Supp. 3d 1049 (C.D. Cal. 2016), *rev'd*, 903 F.3d 1000 (9th Cir. 2018), for which a petition for certiorari is pending and the Supreme Court has called for the views of the Solicitor General. My experience also includes an internet law case regarding the U.S. enforceability of foreign courts ordering the worldwide takedown of content. *Google LLC v. Equustek Sols. Inc.*, No. 5:17-cv-04207, 2017 WL 5000834, at *1 (N.D. Cal. Nov. 2, 2017). I have also litigated a number of cases invoking the First Amendment's religion clauses, and prepared amicus briefs regarding the First Amendment filed with multiple U.S. Courts of Appeals and the U.S. Supreme Court.

9. During the course of CAIR Legal Defense Fund's representation of Bahia Amawi on this matter, I recorded the time I spent performing legal services in this case. I recorded a description of my legal services together with the precise time, to .1 of an hour,

spent performing such legal services each day.  Prior to leaving CAIR in December 2019, I reviewed this time for accuracy and chose to only seek fees for major projects and not minor administrative or coordination tasks that took less than one half of an hour on any given day. A true and correct copy of the spreadsheet recording that time is attached as Exhibit A.

10. I have reviewed the timesheet and it accurately describes the time I worked on this case.

11. The total amount of hours I expended in this action is 128.5 hours. Of that time, 122.7 hours were spent on litigating this case in federal district court prior to May 7, 2019, the date Texas amended the Anti-BDS law at issue in this case, 1.1 hours were spent litigating this case in federal district court after that date, and 4.7 hours were spent litigating this case on appeal in the Fifth Circuit.

12. I certify that the hours expended were actually expended on the topics stated in my time sheet.

13. I certify that the hours expended were reasonable.

14. When I left Quinn Emanuel Urquhart & Sullivan in January 2018 as a sixth-year associate, my standard intellectual property litigation billing rate was $835 an hour. Notably, at the time I left Quinn Emanuel, I had a defense-side *pro bono* defamation case pending in D.C. Superior Court.  My former colleagues later substantially prevailed on an anti-SLAPP motion to dismiss, and the Court awarded the firm my fees at a rate of $387.20 per hour, based on a 10% upward adjustment of the D.C. *Laffey* matrix.  *See Audu v. Igwe-Odunze*, Civil Case No. 2017 CA 006915 B (Sept. 10, 2018 Order).

15. The current U.S. Attorneys Office *Laffey* matrix for the District of Columbia uses a $352 hourly rate for an attorney with my experience in 2018, a $358 hourly rate for an

attorney with my experience in 2019, and a $372 hourly rate for an attorney with my experience in 2020.  See https://www.justice.gov/usao-dc/page/file/1189846/download.

16. I certify that a rate of $450 per hour for my work on Ms. Amawi's matter is reasonable.

17. I swear under the penalty of perjury that the foregoing is true and correct.

*Carolyn Homer*
Carolyn Homer

DATE: July 2, 2020

**Exhibit A - Homer Hours**

| Day | Hours | Description |
|---|---|---|
| 12/12/2018 | 8.7 | Review factual materials and continued draft complaint |
| 12/13/2018 | 10.1 | Continued draft complaint |
| 12/16/2018 | 0.7 | Finalize and file complaint |
| 12/18/2018 | 8.5 | Prepare draft preliminary injunction motion |
| 12/19/2018 | 9 | Prepare draft preliminary injunction motion; prepare declarations in support of preliminary injunction motion |
| 12/21/2018 | 9.3 | Revise, finalize and file preliminary injunction papers; initiate waiver and scheduling communications with counsel for the attorney general |
| 1/8/2019 | 1.3 | Worked with co-counsel and G. Abbas in preparing and filing conditional stipulation with Pflugerville Independent School District |
| 1/22/2019 | 8.4 | Prepare outline for reply in support of preliminary injunction |
| 1/24/2019 | 9.7 | Prepare draft of reply in support of preliminary injunction |
| 1/25/2019 | 4.1 | Prepare supporting declaration and revise reply in support of preliminary injunction |
| 1/29/2019 | 12.2 | Revise, finalize and file reply in support of preliminary injunction |
| 3/5/2019 | 3.3 | Finalize and file opposition to Paxton's motion to dismiss |
| 3/26/2019 | 0.7 | Meet and confer with counsel regarding time allocation for hearing |
| 3/27/2019 | 7.3 | Prepare direct examination outline; conduct moot on legal arguments; travel to Texas |
| 3/28/2019 | 10.5 | Prepare witness and other materials for hearing |
| 3/29/2019 | 15.6 | Present evidence at preliminary injunction hearing; travel back to Washington, D.C. |
| 4/25/2019 | 2.4 | Inform client of court victory, evaluate opinion |
| 5/7/2019 | 0.9 | Negotiate new contract and stipulated dismissal with PFISD counsel |
| 5/15/2019 | 1.1 | File notice of voluntary dismissal of PFISD |
| 11/26/2019 | 4.7 | Revise, finalize, and file appellate brief |
| TOTAL | 128.5 | |