


United States Court of Appeals
for the Fifth Circuit

**Certified as a true copy and issued as the mandate on Sep 29, 2022**

**Attest:**
**Clerk, U.S. Court of Appeals, Fifth Circuit**

FILED
September 29, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____JMV_____
                     DEPUTY

No. 21-50360

United States Court of Appeals
Fifth Circuit
**FILED**
September 7, 2022
Lyle W. Cayce
Clerk

BAHIA AMAWI

*Plaintiff— Appellee/Cross-Appellant*,

versus

KEN PAXTON, *in his official capacity as Attorney General of Texas*,

*Defendant— Appellant/Cross-Appellee*,

_____

JOHN PLUECKER; OBINNA DENNAR; ZACHARY ABDELHADI; GEORGE HALE;

*Plaintiffs—Appellees*,

versus

BOARD OF REGENTS OF THE UNIVERSITY OF HOUSTON SYSTEM; TRUSTEES OF THE KLEIN INDEPENDENT SCHOOL DISTRICT; TRUSTEES OF THE LEWISVILLE INDEPENDENT SCHOOL DISTRICT; BOARD OF REGENTS OF THE TEXAS A&M UNIVERSITY SYSTEM,

*Defendants*.

No. 21-50360

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-1091
USDC No. 1:18-CV-1100

_____

Before KING, JONES, and DUNCAN, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is REVERSED, and the cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that Appellees pay to Appellant the costs on appeal to be taxed by the Clerk of this Court.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2022

Lyle W. Cayce
Clerk

No. 21-50360

_____

Bahia Amawi

                      *Plaintiff— Appellee/Cross-Appellant*,

versus

Ken Paxton, in his official capacity as Attorney General of Texas,

                      *Defendant— Appellant/Cross-Appellee*,

_____

John Pluecker; Obinna Dennar; Zachary Abdelhadi; George Hale;

                      *Plaintiffs—Appellees*,

versus

Board of Regents of the University of Houston System; Trustees of the Klein Independent School District; Trustees of the Lewisville Independent School District; Board of Regents of the Texas A&M University System,

                      *Defendants*.

Case 1:18-cv-01091-RP   Document 150   Filed 09/29/22   Page 4 of 12

No. 21-50360

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 1:18-CV-1091, 1:18-CV-1100

Before KING, JONES, and DUNCAN, *Circuit Judges*.

EDITH H. JONES, *Circuit Judge*:

Plaintiffs brought suit challenging a Texas law, which was later amended so as to moot their claims before the merits were adjudicated. Nevertheless, the district court determined that their fleeting success in obtaining a preliminary injunction rendered them "prevailing parties" under 42 U.S.C. § 1988. We disagree, and accordingly REVERSE and REMAND the judgment.

## BACKGROUND

Plaintiffs are five sole proprietors who filed suit to overturn Texas's House Bill 89 (H.B. 89), which prohibited state governmental entities from contracting with companies that "boycott Israel." TEX. GOV'T CODE ANN. § 2270.001, *et seq*. These proprietors had either lost contract opportunities or, in one case, signed a "No Boycott of Israel" verification "against his conscience" because of H.B. 89. Plaintiffs sought a preliminary injunction against the statute's enforcement. Before the district court held a hearing on the motion, Texas legislators voted out of committee a new bill, House Bill 793 (H.B. 793), that would make H.B. 89 inapplicable to sole proprietorships. Despite this development, the district court granted Plaintiffs' preliminary injunction. *Amawi v. Pflugerville Indep. Sch. Dist. (Amawi I)*, 373 F. Supp. 3d 717 (W.D. Tex. 2019). In its opinion, the court determined that Plaintiffs demonstrated a likelihood of success in showing that H.B. 89 is unconstitutional. *Id.* at 742–58.

Only twelve days later, Texas Governor Greg Abbott signed H.B. 793 into law after it had passed in the legislature by a veto-proof majority. The Attorney General moved this court to stay the preliminary injunction pending appeal, arguing that Plaintiffs' claims were moot. This court agreed and granted the stay. A merits panel later "vacate[d] the preliminary injunction and remand[ed] th[e] case to the district court to enter an appropriate judgment dismissing the complaints[,] . . . leav[ing] only attorney's fees to be decided on remand." *Amawi v. Paxton (Amawi II)*, 956 F.3d 816, 822 (5th Cir. 2020).

On remand, Plaintiffs moved for approximately $850,000 in attorneys' fees and costs under 42 U.S.C. § 1988 against the Attorney General. The Attorney General countered that Plaintiffs were not "prevailing parties" within the meaning of § 1988 and, thus, were not entitled to attorneys' fees. The district court held, however, that Plaintiffs were "prevailing parties," but it reduced the requested amount in certain respects. *Amawi v. Pflugerville Indep. Sch. Dist. (Amawi III)*, No. 1:18-CV-1091-RP, 2021 WL 1226569, at *2–6, *7–10 (W.D. Tex. Mar. 31, 2021). The parties filed a joint proposed order, which calculated the attorneys' fees in accordance with the court-ordered reductions. The Attorney General then noticed an appeal. The next day, the district court entered the proposed order without change, awarding $341,515 in attorneys' fees and costs.

## STANDARD OF REVIEW

This court reviews an award of attorneys' fees for abuse of discretion, reviewing factual findings for clear error and legal questions *de novo*. *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs*, 703 F.3d 835, 846 (5th Cir. 2013) (citation omitted). "[T]he characterization of prevailing party status for awards under fee-shifting statutes such as § 1988 is a legal question subject to *de novo* review." *Romain v. Walters*, 856 F.3d 402, 405–06 (5th Cir. 2017)

3

(citation omitted). The fee applicant bears the burden of establishing entitlement to an award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983).

## DISCUSSION[1]

In any action under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93, 109 S. Ct. 1486, 1494 (1989). "Such a material alteration must have the 'necessary judicial *imprimatur*.'" *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (emphasis in original) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 1840 (2001)). In other words, there must be a "judicially sanctioned

---

[1] We briefly address a jurisdictional argument raised by one Plaintiff, who contends that the order from which the Attorney General appeals—the order granting in part and denying in part Plaintiffs' fee motions—is not a final decision under 28 U.S.C. § 1291 because "the District Court had not yet decided on the final amount of recoverable attorneys' fees." We disagree.

In assessing finality, "we examine the language and nature of an order, along with the district court's intent." *Sw. Elec. Power Co. v. Certain Underwriters at Lloyd's of London*, 772 F.3d 384, 387 (5th Cir. 2014) (collecting cases). We "look not to terminology, but to the substantial effect of the order." *Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 742 n.7 (5th Cir. 2020) (quoting *McCoy v. La. State Bd. of Educ.*, 345 F.2d 720, 721 (5th Cir. 1965) (per curiam)). The district court's order finding Plaintiffs to be "prevailing parties" effectively ended the litigation. Additionally, though it left the precise amount to be calculated by the parties "[t]o ensure accuracy," the court reduced the award to a "sum certain" by providing an exact formula. *Amawi III*, 2021 WL 1226569, at *7–10. Whatever task remained after the district court's order was purely ministerial, and the court entered the joint proposed order without change. Accordingly, the order was final and there is no jurisdictional barrier here.

4

change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605, 121 S. Ct. at 1840.

The Supreme Court holds that "[p]revailing party status . . . does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." *Sole v. Wyner*, 551 U.S. 74, 83, 127 S. Ct. 2188, 2195 (2007). But the Court reserved the question presented in this case—"whether, in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may sometimes warrant an award of counsel fees." *Id.* at 86, 127 S. Ct. at 2196. This circuit has answered that question in two cases that recognize a narrow basis for attorneys' fees arising from the Supreme Court's hypothetical. As will be explained, our cases do not ultimately support these Plaintiffs' request.

Before the Supreme Court's seminal opinion in *Buckhannon*, the Fifth Circuit recognized what was known as the "catalyst theory" for discerning "prevailing parties." *See, e.g., Foreman v. Dallas County*, 193 F.3d 314, 319-20 (5th Cir. 1999). Under that theory, a plaintiff was a "prevailing party" if he proved "(1) that the relief sought by plaintiff was in fact obtained, and (2) that the suit itself caused the defendant to alter its conduct." *Id.* at 320 (citing *Pembroke v. Wood County*, 981 F.2d 225, 230 (5th Cir. 1993)). Long before that, this court had concluded that mootness does not alter "prevailing party" status because "[a]ll that is required is that the plaintiff obtain the primary relief sought." *Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir. 1980). In *Doe,* the only relief plaintiff obtained before mootness was a preliminary injunction. *Id. See also Staley v. Harris Cnty., Tex.*, 485 F.3d 305, 314 (5th Cir. 2007) (*en banc*). Plaintiffs contend that the *Doe* standard applies, and the preliminary injunction here conferred "prevailing party" status because they ultimately obtained the primary relief sought. But Plaintiffs' position ignores important developments succeeding *Doe*.

No. 21-50360

In *Buckhannon*, the Supreme Court rejected the "catalyst theory" because "[i]t allow[ed] an award where there is no judicially sanctioned change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605, 121 S. Ct. at 1840. Instead, "prevailing party" status requires "a corresponding alteration in the legal relationship of the parties." *Id.* A defendant's voluntary change "lacks the necessary judicial *imprimatur* on the change," even if the plaintiff ultimately received its desired outcome. *Id.* To conform with *Buckhannon*, the Fifth Circuit replaced the "catalyst theory" with a three-part test. Thus, to be a "prevailing party," the plaintiff now must "(1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 482 (5th Cir. 2006).

While *Buckhannon* did not define the exact parameters of judicially sanctioned relief, it clarified that enforceable judgments on the merits and consent decrees are sufficient. 532 U.S. at 604, 121 S. Ct. at 1840. On the other hand, the Court later held that preliminary injunctions that are "reversed, dissolved, or otherwise undone by the final decision" will not confer "prevailing party" status. *Sole*, 551 U.S. at 83, 127 S. Ct. at 2195. The Supreme Court left it up to the circuits to apply *Buckhannon* and *Sole* to more ambiguous judicial actions, including preliminary injunctions that are *not* "reversed, dissolved, or otherwise undone by the final decision"—*e.g.*, those that are terminated by mootness. The Fifth Circuit carefully canvassed circuit court decisions in *Dearmore* and ultimately noted that *Buckhannon* did not foreclose prevailing party status in the narrow circumstances where defendants voluntarily mooted a case after an adverse preliminary injunction

6

No. 21-50360

precisely to avoid paying attorneys' fees. In *Dearmore,* the narrow circumstances entailed that the plaintiff[2]

> (1) must win a preliminary injunction, (2) based upon an unambiguous indication of probable success on the merits of the plaintiff's claims as opposed to a mere balancing of the equities in favor of the plaintiff, (3) that causes the defendant to moot the action, which prevents the plaintiff from obtaining final relief on the merits.

*Dearmore*, 519 F.3d at 524; *see also id.* ("Such a test satisfies *Buckhannon*, because it requires that a party obtain a judicial ruling which results in a material change in the legal relationship between the parties."); *Davis v. Abbott*, 781 F.3d 207, 217–18 (5th Cir. 2015) (acknowledging the *Dearmore* test as "persuasive guidance" in reviewing district court orders that were "functionally similar to preliminary injunctions"). Importantly, the third factor is only satisfied "when the defendant moots the plaintiff's action in response to a court order, not just in response to the filing of a lawsuit," thus distinguishing it from the "catalyst theory."[3] *Dearmore*, 519 F.3d at 524. *Dearmore* holds that the mooting of the case *must* be caused by the preliminary injunction, *i.e.*, a judicially sanctioned order. 519 F.3d at 524 ("The City, however, mooted the case *after* and *in direct response* to the district court's preliminary injunction order." (emphasis in original)).

---

[2] The court clarified the narrowness of this exception by emphasizing that this test "is only applicable in the limited factual circumstances" where "a plaintiff obtains a preliminary injunction based on an unambiguous indication of probable success on the merits, which causes the defendant to moot the action, thereby preventing the plaintiff from obtaining final relief on the merits." *Dearmore*, 519 F.3d at 526 n.4.

[3] In *Buckhannon,* in contrast, the defendant changed its conduct to moot the case immediately after the complaint was filed. The Supreme Court deemed this conduct voluntary because it was not caused by any judicially sanctioned order. *Buckhannon*, 532 U.S. at 600-01, 121 S. Ct. at 1838, 1840.

7

No. 21-50360

Although *Dearmore* failed to acknowledge *Doe* expressly, the later court evidently was intending to conform prevailing party analysis with *Buckhannon* and *Sole*, while also preventing defendants from voluntarily mooting a case following an adverse preliminary injunction to avoid the statutory attorneys' fee obligation. *Dearmore,* in practice, strikes a balance between *Buckhannon* and *Doe*. In light of the subsequent authorities from the Supreme Court and this court, we decline Plaintiffs' request to apply *Doe*'s outdated holding.[4] Where a plaintiff's sought-for preliminary injunction has been granted and the case is thereafter mooted before a final adjudication on the merits, *Dearmore* applies.

The first two *Dearmore* factors are uncontested: Plaintiffs received a preliminary injunction based on the district court's unambiguous indication of the probable success on their claim. But Plaintiffs have failed to satisfy the final requirement by showing that H.B. 793 was passed *in direct response* to the district court's preliminary injunction. In fact, that almost certainly was not precipitated by the court's decree. The deadline to introduce new bills for the 2019 legislative session was in March, while the district court issued the preliminary injunction at the end of April. The legislature passed the bill with a veto-proof majority shortly thereafter, but Plaintiffs provided nothing to the district court or this court evincing that the legislature had the preliminary injunction in mind when it completed passage of H.B. 793. And "[t]he mere fact that a legislature has enacted legislation that moots an [action], without more, provides no grounds for assuming that the legislature was motivated by" the "unfavorable precedent." *Am. Bar Ass'n v. FTC*,

---

[4] "It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by . . . the Supreme Court . . . ." *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

8

636 F.3d 641, 649 (D.C. Cir. 2011) (quoting *Nat'l Black Police Ass'n v. District of Columbi*a, 108 F.3d 346, 352 (D.C. Cir. 1997)).

We emphasize that *Dearmore* does not require inquiry into the subjective intent of the legislators.[5] Rather, such a showing could be accomplished in reference to purely objective metrics, for example, by establishing a compelling timeline, an outright admission, or the statutory language itself. *See Dearmore*, 519 F.3d at 520 (noting that the defendant's counsel *admitted* to plaintiff's counsel that the city planned to amend the enjoined ordinance "to address the district court's order"); *Davis*, 781 F.3d at 217 (Texas repealed the original plan and then "adopted the district court's interim plan . . . without change," thus illustrating that the district court's enjoining orders caused Texas to moot the case). *Cf. id.* (acknowledging legislative history insofar as it "confirms" the objective indicators of causation). The introduction of the ameliorative statute here, however, predated the district court's action, and given the bill's speedy passage through both houses and overwhelming legislative support, there is no basis to infer that the Texas legislature was motivated by a desire to preclude attorneys' fees.

## CONCLUSION

We REVERSE the judgment for attorneys' fees, and the motion to dismiss for lack of jurisdiction is DENIED.

---

[5] When judicial inquiry of legislative motivation "seeks to go behind objective manifestations it becomes a dubious affair indeed." *Flemming v. Nestor*, 363 U.S. 603, 617, 80 S. Ct. 1367, 1376 (1960); *see also McQueary v. Conway*, 614 F.3d 591, 598 (6th Cir. 2010).

# United States Court of Appeals

**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

September 29, 2022

Mr. Philip Devlin
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 21-50360   Amawi v. Paxton
                           USDC No. 1:18-CV-1091
                           USDC No. 1:18-CV-1100

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                      Sincerely,

                                      LYLE W. CAYCE, Clerk

                                      */s/ Melissa Mattingly*
                                      By: _____
                                      Melissa V. Mattingly, Deputy Clerk
                                      504-310-7719

cc:
      Mr. Gadeir Ibrahim Abbas
      Mr. Michael Abrams
      Mr. Thomas Paul Buser-Clancy
      Mr. Kevin Hampton Dubose
      Mr. John Thomas Floyd III
      Ms. Taylor K. Gifford
      Mr. Brian Matthew Hauss
      Ms. Lena F. Masri
      Ms. Lanora Christine Pettit
      Ms. Adriana Cecilia Pinon
      Mr. Justin Sadowsky
      Mr. Edgar Saldivar